

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

May 24, 2024

**Via Electronic Filing and E-Mail**
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
<chambersnysdseibel@nysd.uscourts.gov>

> Re:   *Project Veritas, et al. v. James O'Keefe, et al.*, No. 7:23-cv-04533
> Plaintiffs' Position Letter as to Defendants' Motion to Compel

Dear Judge Seibel,

I am writing with respect to Defendant James O'Keefe and Transparency 1, LLC's ("Defendants") motion to compel arbitration (ECF No. 40), which Your Honor has deemed a pre-motion letter (ECF No. 42). Plaintiffs Project Veritas and Project Veritas Action Fund oppose the motion to compel. Plaintiffs also oppose staying action on any non-arbitrable claims pending any such arbitration. Defendants have engaged in tactics designed to delay proceedings and it is imperative that this matter proceed now, in this Court.

As set forth in the First Amended Complaint ("FAC"), Plaintiffs bring the following claims against Defendants: 1) Breach of Contract vs. O'Keefe; 2) Violation of Defend Trade Secrets Act vs. O'Keefe; 3) Breach of Fiduciary Duty vs. O'Keefe; 4) Breach of Duty of Loyalty vs. O'Keefe; 5) Conversion vs. O'Keefe; 6) Replevin vs. O'Keefe; 7) Indemnification vs. O'Keefe; 8) Tortious Interference vs. OMG (re: O'Keefe); 11) Tortious Interference vs OMG (re: Iatropoulous); 12) Tortious Interference vs. OMG (re: Maxwell); 13) Declaration of Ownership of Copyright vs. O'Keefe. (ECF No. 16). Arbitration cannot be compelled as to any of the claims.

### 1.0   Plaintiffs are Not a Party to an Arbitration Agreement with OMG

Defendants agree that Transparency 1 d/b/a O'Keefe Media Group ("OMG) is not a party to any agreement with Plaintiffs. Rather, they rely on the "estoppel theory," based on the jurisprudence of *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999), which relied on a "presumption of arbitrability." Such a presumption no longer appears to be good law; as the Supreme Court subsequently held, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 288 (2010) (emphasis in original). "Under *Granite Rock*, the presumption of arbitrability is a court's last, rather than first, resort." *Local Union 97, IBEW v. Niagara*



*Mohawk Power Corp.,* 67 F.4th 107, 114 (2d Cir. 2023).  Plaintiffs did not agree to arbitrate any dispute with OMG.  Moreover, estoppel would not apply—OMG meets none of the relationship types identified in *Doe v. Trump Corp.*, 6 F.4th 400, 413-14 (2d Cir. 2021).

### 2.0   The Arbitration Clause Itself Exempts this Matter from Arbitration

This matter is "is exempt from arbitration, as this is an action to seek preliminary and final injunctive relief to enforce the restrictions and obligations of the Employment Agreement and to restrain actual breach of those restricts and obligations, and it may, therefore, pursue in this Court 'any and all additional remedies available at law,' notwithstanding the arbitration provisions of the Employment Agreement." (ECF No. 16 at ¶ 10).  This is because the Employment Agreement (ECF No. 16-1) at ¶ 23(B) explicitly states:

> Employee recognizes that the actual or threatened breach of Employee's restrictions and obligations contained herein will result in irreparable harm to Project Veritas and that, notwithstanding anything herein to the contrary, Project Veritas may seek a preliminary and/or final injunction, either in court or from the AAA to enforce those restrictions and obligations or to restrain any actual or threatened breach of those restrictions and obligations, in addition to any and all additional remedies available at law.

While Defendants purport that this exemption does not apply, they cannot handwave it away.  Courts recognize that arbitration clauses may be limited where parties "have done so explicitly." *Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812, Int'l Bhd. of Teamsters*, 242 F.3d 52, 57 (2d Cir. 2001).  That is precisely what has happened here.  Plaintiffs seek a permanent injunction as part of the relief.  And, they will be filing a motion for preliminary injunction imminently.[1]

Mr. O'Keefe is not some low-level employee who had this agreement thrust upon him— he was the founder and Chief Executive Officer.  The agreement was executed for Project Veritas by John Sullivan, the General Counsel, over whom Mr. O'Keefe had authority.  He had a full and fair opportunity to negotiate and direct its terms.  Buyer's remorse is not an excuse to ignore the express terms of the agreement.

Defendants offer no plausible reason why, once Plaintiffs seek injunctive relief here, that "all additional remedies available at law," being the remaining claims against Defendants, they are not exempt from arbitration except that they don't like it and appeal to a

---

[1] As the Court is aware, much of the time since the litigation was filed has been spent in efforts to serve all Defendants and to attempt to reach an amicable resolution.  Such good faith efforts should not prejudice the right to seek a preliminary injunction.

Randazza Legal Group
Page 3 of 3



"surplusage" argument. There is no surplusage—while Plaintiffs need not oppose arbitration, the agreement makes it voluntary once this Court's equity powers are invoked.

### 3.0    Plaintiffs' Equitable Claims Arise under the Contract

On the one hand, Defendants argue that counts 2-7 & 13 are arbitrable under the contract, while on the other hand, they argue that Plaintiffs' invocation of this Court's equity powers related to those counts must be ignored. This makes little sense.

Plaintiffs' desire for injunctive relief stems directly from the contract. Counts 3, 4, 7 and 13 directly arise from O'Keefe's Employment Agreement—the duties and allocation of property are explicit terms or otherwise arise from implicit duties at law. Count 2 specifically arises because the misappropriation occurred on the job, as do Counts 5 & 6. And, Count 1 is expressly a contract claim.

It is illogical to suggest that the injunctive relief sought does not seek to enforce or restrain actual breaches—Mr. O'Keefe stole the donor lists and the injury is ongoing—he has not returned them and he is likely still using them. And the argument that Mr. O'Keefe can get away with it now because more than 12 months expired is frivolous—the Court can enjoin him from continuing to enjoy the fruits of his past violations. Nor has he surrendered the copyrights to the books authored by Project Veritas that bear his name—property that must be returned to Project Veritas.

Nor is a stay appropriate as to non-arbitrable claims, should the Court otherwise agree with any part of Defendants' motion. Plaintiffs are entitled to a prompt resolution of their claims. As the Court is aware, an injunction necessarily requires a finding of irreparable harm, and the Court should not back-burner harms that are ongoing and irreparable. Moreover, issues decided by this Court as to non-arbitrable matters may help the arbitrator, if any. The motion, therefore, should be denied.

Respectfully submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman

cc:    Counsel of Record via ECF