# **Exhibit 3**

Employment Agreement
ECF 16-1

# Exhibit A

Employment Agreement



# AT-WILL EMPLOYMENT AGREEMENT
[ ☒ AMENDED 09/20/2022 (Orig. Agreement Date: **6/22/2010**)]

**Employee Name (Hereafter referred to as "Employee"):** James O'Keefe

**Employee Address:** 151 Fenimore Road, Apt A-35, Mamaroneck, NY 10543

**Employee Phone No.:** ▇▇▇▇▇▇

**Employee Email Address:** ▇▇▇▇▇▇

**POSITION:** CEO

**COMPENSATION:** $430,920.00

**EMPLOYMENT START DATE:** 6/22/2010

This At-Will Employment Agreement (the "Agreement") is entered into as of the date all parties have signed it and is between Employee and Project Veritas ("Project Veritas"), with an address of 1214 West Boston Post Road No 148, Mamaroneck, NY 10543.

In exchange for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Employee and Project Veritas agree as follows:

**1.    RESPONSIBILITIES AND PERFORMANCE.** Project Veritas hereby engages Employee's services in connection with the production of investigative news stories ("News Stories") and Employee hereby agrees to perform the duties and meet the responsibilities, duties, and obligations defined in this Agreement.

   **A.** Employee's job duties, responsibilities, and expectations are more fully described in the position job description and employee handbook which may change from time to time. The services to be rendered by Employee shall include all services usually and customarily rendered by and required of persons employed in this capacity, and such other services as may be required of Employee by Project Veritas from time to time.

   **B.** Employee shall devote Employee's full working time and attention and best efforts to the performance of Employee's job. Services shall be rendered, either alone or in collaboration with others designated by Project Veritas, as, when and wherever required by Project Veritas. Services shall be performed in an artistic, conscientious, efficient and punctual manner with full regard to the careful, efficient, economical and expeditious production of the News Stories within the budget and shooting schedule established by Project Veritas.

   **C.** Project Veritas shall have the complete, final and unfettered control and approval of all business, financial and creative aspects of, and decisions with respect to, the News Stories.

**2.    EMPLOYEE'S WARRANTIES:** Employee warrants that**:**

   **A.** By entering into this Agreement, Employee will not be in breach of or subject to any express or implied terms of any contract with or other obligation to any third-party binding on Employee, including, without limitation, any notice period or the provisions of any restrictive covenants or confidentiality obligations arising out of any employment with any other employer or former employer;

   B.  Employee has not brought and will not bring or use any confidential documentation or information from any other employer or former employer;

   C.  All of the information Employee has provided to Project Veritas and any third party acting on behalf of it prior to the commencement of the Employment is to Employee's knowledge complete, true and up-to-date and no relevant information has been deliberately omitted; and

   D.  Employee has the right to work in the United States. Employment is conditioned the ability to provide satisfactory proof of eligibility to work in the United States within three days of employment commencement.

3. **COMPENSATION.**

   A.  In exchange for performance of all of Employee's obligations and job duties, Project Veritas agrees to pay Employee and Employee agrees to accept as full compensation for all services and obligations agreed to herein, and for all rights granted hereunder, compensation in the amount defined above ("Employee's salary") Employee's salary will be paid in accordance with Project Veritas's payroll policies and procedures as in effect from time to time.

   B.  Project Veritas may deduct and withhold from all compensation payable to Employee hereunder all amounts required to be deducted or withheld pursuant to any law, statute, ordinance, order, judgment or decree now or hereafter in effect.

   C.  Employee will be classified as **EXEMPT** for purposes of the Fair Labor Standards Act and comparable state laws.

   D.  Nothing herein creates, nor shall it be construed to create any specific period of employment or to entitle Employee to employment for any specific period of time.

4. **AT-WILL EMPLOYMENT.**  The term of employment hereunder shall commence on or about the start date defined above as Project Veritas may elect, in Project Veritas's sole discretion, and shall continue thereafter until terminated by Employee or Project Veritas.  Notwithstanding anything contained herein to the contrary, Employee shall be an at-will employee in all respects. Project Veritas or Employee may terminate Employee's employment at any time, for any reason, or for no reason, with or without notice.

5. **CO-EMPLOYMENT ARRANGEMENT WITH ENGAGE PEO.**  Employee acknowledges and agrees that Project Veritas has established a co-employment arrangement with S2 HR Solutions 1A, LLC, known as Engage PEO ("Engage"), through which Engage provides certain payroll, human resource, tax, administrative and benefit-related services to Project Veritas and its employees, including making payroll payments directly to employees on behalf of Project Veritas.  Employee agrees to provide cooperation to Engage when required to allow Engage to provide such services.  However, unless specifically informed and/or instructed to the contrary by Project Veritas, Employee's duty to perform Employee's obligations under this Agreement shall be to Project Veritas, and Project Veritas shall have the right to direct, control, receive and retain all benefits of Employee's work.

6. **TRAVEL AND EXPENSE REIMBURSEMENT.**  Employee is solely responsible for all costs related to the Employee's commute to/from Employee's assigned Project Veritas office location, including lodging and meals while at that office location.  Expenses incurred relating to approved travel to other offices or other approved work-related travel will be paid or reimbursed in accordance with Project Veritas's policies in effect from time to time (as set forth in Project Veritas's Employee Handbook).

7. **PAID TIME OFF.**

   A.  **Paid Sick Leave:** Employee is entitled to take up to 40 hours of paid sick leave under the Paid

Sick Leave laws for the purposes more fully defined by law as specified in Project Veritas' handbook.  Paid sick leave is earned at the rate of 1 hour for every 30 hours worked and is capped at 40 hours per year. Unused sick leave may carry over into the following year, but Employee may not take more than 40 hours of leave in any calendar year pursuant to this provision, and it is not paid out on termination. An employee may not be retaliated against for taking this leave.  Paid sick leave must be taken in increments of four (4) hours or more in any single day. For purposes of determining the "year" that applies, the year is calculated by using the calendar year.

   B.  **Additional paid leave:**  In accordance with Project Veritas's policies in effect from time to time (as more fully set forth in Project Veritas's Employee Handbook), provided Employee consistently works thirty (30) or more hours a week, unlimited paid time off will be available to full time employees commencing on the Employee's thirty-first day of employment with Project Veritas.  Requests to use PTO are subject to management approval and may be denied for any reason or no reason at all.  Employee will not accrue PTO, and Project Veritas will owe Employee no compensation at any time for any unused PTO unless such unused PTO was accrued prior to May 31, 2020.  In the event of an illness or other leave which falls within Paid Sick Leave laws, Employee must first use all available Paid Sick Leave before using this additional paid leave.

**8.    HEALTH INSURANCE.** Project Veritas currently provides health insurance to employees who consistently work 30 or more hours a week and will continue to provide insurance in accordance with Project Veritas's policies in effect at the time (as set forth in Project Veritas's Employee Handbook).  Project Veritas reserves the right to amend or terminate the Health Insurance Policy at its sole discretion.

**9.    NO OBLIGATION TO UTILIZE SERVICES**.  Although Project Veritas shall have the option to utilize Employee's services and to advertise and promote the services, Project Veritas shall have no obligation to produce, release or distribute any News Story, or to continue the release and distribution of any News Story if released.  How Project Veritas chooses to utilize the services is and will remain at its option in its sole discretion.

**10.    INTELLECTUAL PROPERTY, OWNERSHIP AND FULL AND COMPLETE GRANT OF RIGHT TO PROJECT VERITAS.**

   A.  Project Veritas shall be the sole owner of any and all rights in and to the results and proceeds of Employee's services to Project Veritas, and it shall have the sole right to use, exploit, advertise and exhibit the foregoing in any and all media, whether now known or hereafter devised throughout the world, in all languages, as Project Veritas in its sole and unfettered discretion shall determine.  Employee agrees that anything created by Employee in connection with the services Employee provides to Project Veritas shall belong exclusively to Project Veritas, and not to Employee, including, but not limited to, any and all video, film, photographs, negatives, video footage, images, renderings, audio video works, audio, recordings, multimedia works, music, reproductions, performances, digital media works, still images and/or other images or footage, documents, papers, writings (both published and unpublished), written work product (including drafts), designs, inventions, patents, trademarks, copyrightable materials, ideas, intellectual property, trade secrets, creative concepts, including all compilations, collections, or other work product created within the scope of or in the course of Employee's employment with Project Veritas and Employee's performance pursuant to this Agreement, and derivatives thereof, and the like ("Work(s)").  Employee further hereby expressly agrees that any and all Work(s) that are created in connection with the services Employee provides to Project Veritas are specially commissioned and are and shall be deemed Work(s) Made for Hire as that term is understood and enforceable under Copyright law.  Employee hereby expressly waives and hereby irrevocably transfers and assigns to Project Veritas all rights in the Work(s), including but not limited to all rights under Section 203 of the Copyright Act together with any "artist's rights" and/or "moral rights" that Employee might otherwise have in the Work(s).  To the extent that a question arises about whether Project Veritas owns in its

DocuSign Envelope ID: 0E4FBF8C-4173-4934-BA10-49529041E40A

entirety any Work(s) (including whether the Work(s) are Made for Hire), Employee hereby expressly and irrevocably sells, transfers, and assigns to Project Veritas, all right, title, and interest in and to such Work(s) in consideration for the consideration paid to Employee hereunder. Employee further expressly and irrevocably grants to Project Veritas a worldwide, perpetual, exclusive license for the Work(s) from now until the end of time to use, print, reproduce, distribute, perform, rent, loan, edit, modify, publish, display, transfer, sell, assign, create derivative works from and/or based upon, and/or license to others, in any manner, form, or media now known or hereafter invented as Project Veritas so chooses in Project Veritas's sole and complete discretion. Employee agrees that on Project Veritas's request, that Employee will execute any documents necessary or advisable in the opinion of Project Veritas to direct issuance of patents or copyrights to Project Veritas, the expense of securing any such patent or copyright, to be borne by Project Veritas.

**B**. Project Veritas shall also have the right to add to, subtract from, change, arrange, revise, adapt, rearrange, and make variations of any Work(s), and to translate the Work(s) into any and all languages and/or formats, change the sequence, change the characters and the descriptions thereof, change the title of the Work(s), record and photograph the Work(s) with or without sound (including spoken words, dialogue and music synchronously recorded), use the title of any Work(s) or any of their components in connection with works or motion pictures wholly or partially independent thereof, to vend, copy and publish the same as Project Veritas may desire, and to use all or any part thereof in new versions, adaptations and sequels in any and all languages, and to obtain copyright therein throughout the world; and Employee does hereby assign and transfer to Project Veritas all of the foregoing without reservation, condition or limitations and no right of any kind, nature or description is reserved by Employee. All rights granted to Project Veritas hereunder shall vest in Project Veritas immediately and shall remain vested whether this Agreement expires in normal course or is terminated for any cause or reason by either party. Employee acknowledges and agrees that the Work(s) may, at Project Veritas's sole discretion, be registered for copyright in Project Veritas's name both in the United States and elsewhere and that Employee hereby waives any and all rights to register for copyright any Work(s). All commercial recording rights and the proceeds thereof relating to the Work(s) shall be owned and controlled by Project Veritas, and all merchandising and publishing rights in connection with the Work(s) and any News Stories and the proceeds thereof shall be owned and controlled by Project Veritas.

**11.    CONFIDENTIAL INFORMATION.** Employee acknowledges and agrees that all information from whatever source which Employee learns or with which Employee otherwise comes into contact as a result of Employee's employment by, or work for Project Veritas, concerning in any manner whatsoever any aspect of Project Veritas, its business, employees, independent contractors or volunteers shall be considered confidential and proprietary information ("Confidential Information").

**A**. Confidential Information shall include, but not be limited to, the terms of this Agreement, information regarding projects and potential projects, organizational practices, donors and potential donors, management, management philosophy, information concerning Project Veritas's employees, contractors, volunteers, sources, methodologies, the targets, subjects or subject matter of any actual or proposed investigation or News Stories, equipment, techniques, technology, software, designs, concepts, drawings, ideas, inventions, experiments, personnel records, specifications, investigations, techniques, models, data, research, development, processes, procedures, know-how, formulas, patterns, devices, compilations, product and pricing information, marketing plans and materials, discussions, timetables, trade secrets, trade names and applications, trademarks and applications, customer names, financial information, and the terms and conditions of this Agreement and the terms and conditions of any business, investigatory or reporting relationship, or any other agreement between Project Veritas and Employee or any other Project Veritas employee, contractor or vendor or any third party. Confidential Information shall not include information that has become publicly known without Employee's breach of this Agreement.

    **B.**  Employee agrees that all Confidential Information shall be maintained by Employee in the highest confidence and that Employee shall never disclose Confidential Information without the prior written consent of Project Veritas, and Employee acknowledges that Employee's agreement to do so is a prerequisite to Employee's engagement by Project Veritas, and to Project Veritas's obligation to pay the consideration provided for herein.

    **C.**  Employee further agrees that Employee will not engage in any form of investment activity, the purchase or sale of any securities, or any other securities-related transaction or activity utilizing or based upon any Confidential Information obtained by Employee.

    **D.**  Employee expressly agrees that the terms of this paragraph shall survive after the conclusion of Employee's employment with Project Veritas and/or the expiration or termination of this Agreement, and that after leaving employment with Project Veritas, in addition to all other obligations hereunder, Employee will not disclose to any person or entity, or seek from any current or former Project Veritas employee, contractor or vendor, any Confidential Information.

    **E.**  Nothing in this Agreement, shall prevent Employee from disclosing Confidential Information: (i) to the extent required by law, rule or regulation; (ii) in response to a subpoena or other valid legal process; (iii) with the prior written consent of Project Veritas; (iv) to the extent necessary to enforce any provision of this Agreement, provided that Employee shall endeavor to file any such information under seal; (v) as protected by law (including engaging in concerted activity under the National Labor Relations Act for mutual aid and protection ("NLRA Rights")); or (vi) if such information becomes publicly available other than from disclosure by Employee or anyone acting in concert; provided that, under subsections (i) and (ii), where not prohibited by law, Employee agrees to provide Project Veritas with advance notice of disclosure. Nothing limits Employee's ability to disclose Confidential Information or factual information to any federal, state, or local governmental agency, commission or body, including law enforcement agencies, the Equal Employment Opportunity Commission, any state or local human rights commission, the National Labor Relations Board, the Occupational Safety and Health Administration, and the Securities and Exchange Commission or self-regulatory organization or otherwise participate in any investigation or proceeding that may be conducted by any Governmental Agency or self-regulatory organization, or to disclose factual information to an attorney retained by Employee for the purposes of seeking legal advice regarding employment or the termination thereof. In all cases, Employee agrees to take all reasonable steps to protect the confidentiality of any information disclosed, including seeking confidential treatment by the relevant body, as applicable. Further, nothing in this Agreement constitutes a waiver of Project Veritas's attorney-client, work product or other applicable privileges, and to the extent Employee is in possession of any information protected by such privileges, nothing herein authorizes Employee to disclose such privileged information to any third party.

    **F.**  To the extent provided under applicable law, an individual shall not be held criminally or civilly liable for the disclosure of a trade secret that is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney and solely for the purpose of reporting or investigating a suspected violation of law, or (ii) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Further, an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document containing the trade secret under seal; and does not disclose the trade secret, except pursuant to court order.

**12.**    **NON-DISPARAGEMENT.**  Employee warrants and agrees that during and after Employee's employment, Employee shall not, directly or indirectly, make any disparaging statements or other negative remarks, written or oral, about Project Veritas, or any of its directors, officers, employees, contractors, donors, agents, attorneys or representatives, Employee's employment by Project Veritas, the subject

matter of this Agreement, any Work(s) or News Stories, or the services rendered by Employee or others in connection with any Work(s) or News Stories.

13. **LIQUIDATED DAMAGES**. Employee further acknowledges and agrees that the amount of damages to Project Veritas in the event of a breach by Employee of any of non-disclosure and/or non-disparagement provisions of this Agreement would be difficult to calculate and that $100,000 is a reasonable measure of the actual damages that are probable, and that Project Veritas shall be entitled to an award of liquidated damages in such amount for each such breach unless actual damages in an amount in excess of $100,000 can be proven by Project Veritas.

14. **NO RIGHT OF ATTRIBUTION OR CREDIT AND RELEASE.**
    A. Employee authorizes and gives permission to Project Veritas to use without further consideration or additional authorization at all times and for any and all purposes Employee's image, written material, recordings, name, artwork, and biographical information. Employee hereby releases Project Veritas its affiliates, subsidiaries, associates, successors and assigns, and officers, directors, employees, representatives, agencies and licensees, from any and all liability in connection with any use of this information. Project Veritas shall not be required to make payment to Employee if Project Veritas uses Employee's name and likeness or any material produced by Employee for Project Veritas pursuant to this Agreement.
    B. Project Veritas shall have the right but not the obligation to use and license the use of Employee's name, personal information, image, sobriquet, photograph, likeness, voice, signature and/or caricature (collectively referred to herein as "name and likeness") and any and all other information about or concerning Employee in connection with this Agreement, the work and services performed by Employee pursuant to this Agreement, and/or the work and services performed in any respect or for Project Veritas. However, Employee forever and unconditionally waives and releases Employee's moral or other right to attribution, to publish or to the integrity in any work or services Employee provides to Project Veritas.

15. **PROHIBITED OUTSIDE ACTIVITIES.** During Employee's employment, Employee shall not engage in any activity, whether as an employee, contractor, volunteer or in any other capacity for any person or entity other than Project Veritas that will or is likely to (i) hinder, interfere with, or prevent Employee from devoting Employee's full time and attention and best efforts to Employee's work for Project Veritas; (ii) hinder, interfere with, or prevent Employee from fully and properly performing Employee's job responsibilities as assigned to Employee from time to time by Project Veritas; or (iii) give rise to an actual conflict of interest or the appearance of a conflict of interest with Project Veritas and/or its mission or work (any such activity, "Prohibited Outside Activity") without the express written approval by the CEO of Project Veritas. All potential conflicts must promptly be disclosed to management.

16. **NON-SOLICITATION OF PROJECT VERITAS EMPLOYEES OR CONTRACTORS.** Employee warrants and agrees that, during Employee's employment and for a period of twelve (12) months after the termination of Employee's employment with Project Veritas, Employee will not, directly or indirectly, individually or in any other capacity solicit, offer employment, employ, or interfere with any Project Veritas employee or contractor, or other person or entity that was a Project Veritas employee or contractor within the twelve (12) months immediately prior to the termination of Employee's employment with Project Veritas, to cease working for or providing services to Project Veritas.

17. **NON-SOLICITATION OF PROJECT VERITAS DONORS.** Employee warrants and agrees that during and after Employee's employment, Employee shall not contact, solicit or otherwise communicate with any person or entity that is a donor or prospective donor to Project Veritas whom Employee learns of or with whom Employee otherwise comes into contact as a result of Employee's employment by, or work for Project Veritas.

18. **NO RIGHT TO BIND PROJECT VERITAS.** Employee acknowledges and agrees that, unless authorized in advance, in writing, by Project Veritas, Employee has no right or authority to bind Project

Veritas, and that Employee will not purport to enter into any agreements for Project Veritas or on Project Veritas's behalf.

**19.  WARRANTIES RELATED TO CREATED MATERIAL.**  Employee hereby warrants and agrees that all material, works, writing, ideas, or dialogue written, composed, prepared, submitted, contributed or interpolated by Employee in connection with the News Stories or their preparation or production, shall be wholly original with Employee or in the public domain throughout the world, and shall not be copied in whole or in part from any other work, except that submitted to Employee by Project Veritas as a basis for such material.  Employee further warrants that neither the material nor any part thereof will violate the rights of privacy or constitute a libel or slander against any person, firm, or corporation, and that the material will not infringe upon the copyright, trademark, literary, dramatic or photoplay rights of any person or right of privacy of any person or company.

**20.  NON-DISCLOSURE OF INFORMATION REGARDING POLITICAL CAMPAIGNS AND CANDIDATE ADVOCACY GROUPS.**  Unless directed by Project Veritas in the course of Employee's employment, Employee agrees and warrants that Employee will not share with Project Veritas or any of its officers, directors, employees, contractors, agents or affiliates, or use in Employee's employment by or work for Project Veritas, any non-public information obtained by Employee from any source regarding any political campaign or any individual, entity or organization involved in advocating for political candidates.

**21.  APPLICATION TO CERTAIN OTHER ENTITIES.**  Employee acknowledges and agrees that Project Veritas at times provides services to certain other entities, including, but not limited to, Project Veritas Action Fund, with respect to, among other things, undercover investigations and reporting, and audio and video editing and production.  Employee acknowledges and agrees that Employee's acknowledgements, agreements, warranties and obligations set forth herein also apply to any such other entities.

**22.  RETURN OF ORGANIZATION PROPERTY.**  Employee warrants and agrees that upon termination of Employee's employment, Employee shall return any and all Project Veritas property of any kind, including, but not limited to, any computers and other electronic devices, recording and communication devices, documents and information (whether in hard copy or electronic and not keep any copies), software or applications, and any work product (whether completed or incomplete) in the same condition in which it was received by Employee, reasonable wear and tear excepted.

**23.  DISPUTE RESOLUTION.  CHOICE OF LAW.  VENUE.  REMEDIES.**

   **A**. Except as otherwise provided, all disputes, controversies, or claims arising out of or relating to this Agreement or any alleged breach hereof shall be submitted to mandatory and binding confidential arbitration before, and in accordance with the then-applicable rules of the American Arbitration Association ("AAA") in either Westchester or New York County, New York. Employee recognizes that by signing this Agreement, Employee is giving up any rights Employee may have had to a trial by jury.  To the extent permitted by applicable law, the parties hereto agree to share equally the costs of the selected arbitrator(s) and any AAA costs.  The prevailing party in such arbitration shall be entitled to the recovery of that party's reasonable attorneys' fees and the costs of arbitration from the non-prevailing party.

   **B**. All disputes, controversies, or claims arising under or relating to this Agreement or any alleged breach hereof shall be governed by the laws of the State of New York without regard to its choice of law principles.  Subject to the below, Employee hereby irrevocably consents to the exclusive jurisdiction of the State and Federal courts located in Westchester or New York County, New York, to stay, confirm, modify or vacate any arbitration award. Employee expressly agrees that due to the nature of the obligations to Employee by Project Veritas under this Agreement, no breach by Project Veritas will cause Employee irreparable harm or otherwise entitle Employee to injunctive or other equitable relief to terminate or rescind this Agreement, to avoid the restrictions on Employee's conduct contained herein, to enjoin

Project Veritas's use of the results and proceeds of Employee's services hereunder, or to restrain the use, exhibition or exploitation of any Work(s) or News Stories. Employee recognizes that the actual or threatened breach of Employee's restrictions and obligations contained herein will result in irreparable harm to Project Veritas and that, notwithstanding anything herein to the contrary, Project Veritas may seek a preliminary and/or final injunction, either in court or from the AAA to enforce those restrictions and obligations or to restrain any actual or threatened breach of those restrictions and obligations, in addition to any and all additional remedies available at law. Should Project Veritas obtain a preliminary or final injunction in any court or from the AAA, then, to the extent permitted by applicable law, Employee shall then immediately become liable to pay the attorneys' fees and costs incurred by Project Veritas to obtain the injunction.

D. To the fullest extent permitted by law, Employee acknowledges and agrees that no class or collective actions can be asserted in arbitration, court or otherwise (class action waiver) for any matters relating to my employment relationship with Project Veritas. This class action waiver precludes any party from participating in or being represented in any class or representative action regarding a claim relating to my employment relationship with Project Veritas. However, if under applicable law a representative claim under state law is deemed un-waivable and such an action is pursued in court, Employee agrees that any such representative claim will be severed and stayed pending resolution of claims that are arbitrable. This clause, any arbitration proceedings and pleadings, motions, evidence, and/or outcome of such proceedings shall remain confidential.

**24.     WAIVER.**  The waiver by either party or any breach of this Agreement shall not constitute a waiver of any subsequent breach. Any waiver must be in writing to be effective.

**25.     NOTICES.**  All notices pursuant to this Agreement shall be delivered in person, via nationally recognized overnight carrier, or via e-mail, addressed as follows:

   A. If to Employee: See Employee Contact Information Above

   B. If to Project Veritas:  Human Resources Director, Project Veritas 1214 West Boston Post Road No 148, Mamaroneck, NY 10543 and HRDirector@ProjectVeritas.com; a courtesy copy shall be sent to James O'Keefe, President at the same address and James@ProjectVeritas.com.

The contact information for a party to receive notice may be changed from at any time by any party by giving notice of such change in writing.

**26.     CONSTRUCTION. SURVIVAL**:  When construing this Agreement, it shall be deemed to have been fully negotiated between parties of equal bargaining power and it shall not be construed against any party as the drafter of the Agreement, or considered a contract of adhesion. Employee expressly agrees that the terms of this Agreement shall survive after the conclusion of Employee's employment with Project Veritas and/or the expiration or termination of this Agreement.

**27.     ENTIRE AGREEMENT**:  This Agreement, together with the Employee Handbook and company policies, contains the entire agreement between the parties with respect to the subject matter of this Agreement, and supersedes all prior negotiations, representations, agreements and understandings with respect thereto whether in writing, oral, or otherwise. Employee acknowledges that no representation or promise not expressly contained in this Agreement has been made by Project Veritas or any of Project Veritas's agents, employees or representatives.

**28.     AMENDMENT**:  This Agreement cannot be modified, supplemented or amended except by a written instrument executed by the parties hereto except that employee's title, compensation, duties, supervisor, benefits and other such terms of this agreement may be changed from time to time by Project Veritas via written notice including, but not limited to, letters, emails, memos, messages, annual reviews, or such other writing as deemed appropriate by Project Veritas. Employee will be deemed to have accepted

such changes if employee opts to continue his/her employment with Project Veritas after Project Veritas has sent such written notice to the Employee.

**29.   SEVERABILITY**: In the event any provision of this Agreement is deemed to be void, invalid, or unenforceable, that provision shall be modified, if permissible, or severed from the remainder of this Agreement so as not to cause the invalidity or unenforceability of the remainder of this Agreement. All remaining provisions of this Agreement shall then continue in full force and effect. If any provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope and breadth permitted by law.

**30.   INTENT TO BE BOUND**: Employee acknowledges and agrees that Employee has had ample opportunity to consult with an attorney of Employee's choice before affixing Employee's signature below indicating Employee's unequivocal intent to be bound by the terms of this Agreement.

A copy of a signature is deemed to have the same legal effect as an original signature and this Agreement may be signed in counterparts which, when taken together, shall constitute the entire, executed agreement.

By signing in the spaces provided below, Employee and Project Veritas accept and agree to all the terms and conditions of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates indicated below.

EMPLOYEE

Signature: _[James O'Keefe signature – DocuSigned]_   Date: 9/30/2022

Print Name: James O'Keefe

PROJECT VERITAS

Signature: _John Sullivan – DocuSigned_   Date: 9/30/2022

Print Name: John Sullivan

Title: General Counsel & CCO

Rev. 08/12/2022                                     9                              Employment Agreement