AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Project Veritas and Project Veritas Action Fund ) | |
| *Plaintiff* ) | Civil Action No. 7:23-cv-04533 |
| v. ) | |
| James O'Keefe, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: KEEPER OF RECORDS
TRANSPARENCY 1, LLC

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court for the Southern District of New York<br>300 Quarropas Street, White Plains, NY 10601 | Courtroom No.: 621 |
|---|---|
| | Date and Time: 07/29/2024 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 16, 2024

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Project Veritas and Project Veritas Action Fund, who issues or requests this subpoena, are:

Jay M. Wolman, Randazza Legal Group, 100 Pearl St. 14th Floor, Hartford, CT 06103, ecf@randazza.com, (888) 887-1776

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 7:23-cv-04533

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PROJECT VERITAS and PROJECT : 
VERITAS ACTION FUND, : Civil Action No. 7:23-cv-04533
 :
                     Plaintiffs, :
 :
                                                : **ATTACHMENT "A" TO**
          -against- : **SUBPOENA TO THE KEEPER**
 : **OF RECORDS OF**
JAMES O'KEEFE, TRANSPARENCY 1, : **TRANSPARENCY 1, LLC**
LLC d/b/a O'KEEFE MEDIA GROUP, RC :
MAXWELL, and ANTHONY :
IATROPOULOS, :
 :
                     Defendants. :
------------------------------------------------------------x

In addition to the definitions and requirements set forth in the Federal Rules of Civil Procedure, including without limitation Rule 45, the following definitions and instructions apply to each of the document requests set forth in this subpoena, and are deemed to be incorporated into each of the requests.

## DEFINITIONS[1]

Pursuant to the Local Rule 26.3 of the United States District Court for the Southern District of New York, the following definitions apply to these requests:

1. **You.** The term "You" or "Transparency 1" refers to Transparency 1, LLC, d/b/a O'Keefe Media Group, including its Keeper of Records, and specifically includes, without limitation, any agents, representatives, shareholders, employees, or any other individuals or entities working for You, or acting on Your behalf or at Your direction including, but not limited to, attorneys, consultants, and independent contractors.

---

[1] Unless otherwise specified, each capitalized term in these Requests has the same meaning and definition ascribed to it in the Complaint.

1

RANDAZZA | LEGAL GROUP

2. **Plaintiff.** The term "Plaintiff" "Plaintiffs" or "Project Veritas" refers to Plaintiffs Project Veritas and/or Project Veritas Action Fund, and specifically includes, without limitation, any agents, representatives, shareholders, employees, or any other individuals or entities working for Plaintiffs, or acting on Plaintiffs' behalf or at its direction including, but not limited to, attorneys, consultants, and independent contractors.

3. **Defendants.** The term "Defendants" refers to James O'Keefe, Transparency 1, LLC d/b/a O'Keefe Media Group, and/or RC Maxwell, and specifically includes, without limitation, any agents, representatives, shareholders, employees, or any other individuals or entities working for Defendant(s), or acting on Defendant's behalf or at its direction including, but not limited to, attorneys, consultants, and independent contractors.

4. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7. **Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date

RANDAZZA | LEGAL GROUP

of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

8. **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9. **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11. **The Complaint**. The term "Complaint" or "FAC" refers to the First Amended Complaint filed on October 12, 2023, as appearing on the Docket of this matter at ECF No. 16.

## INSTRUCTIONS

1. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. Number. The use of the singular form of any word includes the plural and vice versa.

4. In responding to the Requests, furnish any and all information in your possession, custody, or control of including, without limitation, information in the possession, custody, or

control of your agents, representatives, officers, directors, employees, associates, distributors, attorneys, consultants, investigators, affiliates, partnerships, parents, subsidiaries, and other persons under your control.

5. In the interest of time, before objecting to any request as vague or ambiguous, please contact the undersigned counsel to clarify what was intended by the request.

6. If, in responding to any request, you claim an objection or other basis for not fully responding, respond to all parts of the request to which your objection does not apply and separately state what part of the request is objectionable and what documents or information are being withheld from production. If you are withholding any documents or information that is potentially responsive to any request, please make that fact known explicitly.

7. If you object to any request or part thereof on the basis of a claim of attorney-client privilege, work product protection, or any other claim of privilege or protection, please produce a privilege log.

8. If a request asks for specific information, and you are unable to provide the specific information, then provide as much information as you can and indicate, in your response, that the information being provided is an approximation or is incomplete with respect to the request.

9. Selection, ordering, and numbering of documents from files and other sources should be accomplished so that the source of each document is preserved and may be determined. By way of example, file folders with tabs or labels or directories of files identifying documents should be produced intact with such documents and documents attached to each other should not be separated.

10. If any information responsive to a request is stored electronically, produce the electronically stored information in its native format, with all metadata preserved and produced.

By way of example, electronic mail messages should be produced in .msg or .eml format, rather than in .txt or .pdf or other non-native formats. You may, at your election, produce the electronically stored information in individual text searchable image files (e.g. PDF or TIFF), but you must also preserve the integrity of the underlying original formatting, metadata, and revision history. If any electronically stored information is produced in a custom, atypical, unconventional, or other uncommon or non-public proprietary format, you must also produce a copy of the software necessary to access that information. If you utilize search terms to locate potentially responsive electronically stored information, you must disclose the search terms used and identify which documents were located from each search term.

11.  Non-electronically stored information may similarly be produced in individual text searchable image files (e.g. PDF or TIFF).

12.  If, after a reasonable and thorough investigation using due diligence, you are unable to fully or completely respond to a request, then specify, in detail, the portion of the request that cannot be responded to fully or completely, the type of documents or information which you allege are not available, the reason the documents or information are not available, and what efforts you have undertaken to locate the documents or information. Also, indicate whether the inability to comply is because a particular document, category of documents, or other information never existed, was never recorded, has been lost, misplaced, stolen, or destroyed, has never been or is no longer in Plaintiff's possession, custody, or control, in which case identify any persons known or believed to last possess the document or information. In addition, indicate what knowledge, information, and beliefs Plaintiff has concerning the unanswered portion of the request including without limitation identifying persons who may have additional information concerning the request.

**RELEVANT TIME PERIOD**

Unless otherwise stated, You shall answer these requests with respect to the time period of January 1, 2023, to the present and ongoing.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. Documents sufficient to identify all individuals who currently work and/or previously worked as an employee or independent contractor for Transparency 1, LLC d/b/a O'Keefe Media Group through May 1, 2024.

2. Documents sufficient to identify all investors, donors, subscribers, and all other persons providing and/or who have provided financial support for Transparency 1, LLC d/b/a O'Keefe Media Group.

3. Any and all documents, including but not limited to communications and/or documents regarding communications, regarding Plaintiffs' donors, including, but not limited to, communications with Plaintiffs' donors.

4. Any and all documents, including but not limited to communications and/or documents regarding communications, regarding this lawsuit, including, but not limited to, the facts and circumstances giving rise to this lawsuit.

5. Any and all documents, including but not limited to communications and/or documents regarding communications, regarding Plaintiffs, created and/or modified on or after February 1, 2023.

Dated: July 16, 2024.                                    Respectfully Submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776
Email: jmw@randazza.com