

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

July 26, 2024

<u>Via Electronic Filing and E-Mail</u>
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
<chambersnysdseibel@nysd.uscourts.gov>

   Re: *Project Veritas, et al. v. James O'Keefe, et al.*, No. 7:23-cv-04533
     Pre-Motion Conference

Dear Judge Seibel,

Pursuant to Your Honor's Individual Practices § 2(A), I am writing, as counsel for Plaintiffs Project Veritas and Project Veritas Action Fund, to request a pre-motion conference relative to an anticipated motion to compel compliance by the Keeper of Records of Transparency 1, LLC d/b/a O'Keefe Media Group ("OMG") with a subpoena seeking, in addition to testimony, production of certain records at the evidentiary hearing scheduled on July 29, 2024.

On July 12, 2024, Plaintiffs filed their reply in support of their pending motion for preliminary injunction, which is the subject of the July 29, 2024, hearing. (ECF No. 53). Such was in furtherance of the Court's order of May 31, 2024, scheduling the same. As would be expected, it was not until receipt of Defendant's opposition to the motion (ECF No. 52) and full analysis that it could be determined what other documents should be made exhibits at the hearing. As noted in the reply, Mr. O'Keefe's responsive declaration is evasive on numerous points. Thus, once the reply was filed, Plaintiffs were able to turn to drafting subpoenas duces tecum commanding production.

That same day, to expedite matters, I asked counsel for Defendants if he would accept service of subpoenas. He responded on July 16 that he did not have authority to accept service. **Exhibit 1**. Nevertheless, out of an abundance of caution, Plaintiffs had not waited—service was promptly effected. **Exhibit 2**.

Five categories of documents were sought (**Exhibit 3**): 1) documents that would identify OMG's employees and contractors; 2) documents identifying OMG's investors, donors, subscribers, and persons providing revenue; 3) documents regarding communications with Plaintiffs' donors; 4) documents regarding this lawsuit; and 5) documents regarding Plaintiffs after February 1, 2023.



Defendants served objections on July 24, 2024, after business hours.[1] **Exhibit 4**. The objections are largely repetitive.

The primary argument is that there is not enough time to comply with the subpoena. Approximately two-weeks' compliance time was provided, which is the most Plaintiffs were able to provide, having acted promptly. If OMG cannot comply in full, it should at least be required to make reasonable efforts based on what it can readily identify. While "expedited discovery" in support of a preliminary injunction is not unheard of, there is no reason for Plaintiffs to unnecessarily delay resolution of their motion. Thus, the subpoena was proper.

OMG also argues that much of the information would be confidential, and it is especially concerned that Plaintiffs are competitors. However, it is the burden of a respondent to seek a confidentiality protective order. Moreover, this is not discovery—whatever concerns OMG may have about use at the hearing should be addressed with an order to seal.

OMG's remaining objections relate to relevance and proportionality. However, Requests 1 and 2 only seek documents that would suffice to identify the employees and financial contributors. OMG recognizes their relevance in establishing breach, yet fails to show the response needed is unduly burdensome (another objection) or disproportionate. A sophisticated entity like OMG would likely have this information in its payroll/bookkeeping/development records as a list. The information is, of course, relevant for comparing to Plaintiffs' employees and donors.

As to Request 3, seeking documents about Plaintiffs' donors, it is clear that OMG has such documents and is strategically attempting to withhold it. There is nothing disproportionate about a request for the documents O'Keefe (and OMG) is contractually and statutorily prohibited from possessing. If OMG does not know anyone's names (vis a vis its vagueness objection), that would be one thing, and it would excuse complete production, but there is no reason it should not produce communications with those it knows were Plaintiffs' donors.

As to Request 4, again, OMG does not show how it is overbroad or disproportionate. Presumably, OMG knows when it is sending communications regarding this lawsuit—the scope of documents cannot be large.

---

[1] Notably, it includes a declaration of OMG's record keeper, Steven Saldana, which says he was planning to attend the hearing (Declaration at ¶ 5), which contradicts the unevidenced representations made in the motion to quash the subpoena (testimonial portion) that he could not attend. (ECF Nos. 60-61).



Finally, as to Request 5, documents regarding Plaintiffs should not be hard to identify—one need merely search OMG records for "Project Veritas" or "PV" (an uncommon set of adjoining letters). It is likely that such would reveal communications with Plaintiffs' donors and employees. However, in the interest of compromise, Plaintiffs are willing to withdraw this request for purposes of the hearing.

It is our hope the Keeper of Records will see fit to comply as best as possible, but we wanted to make sure this matter was addressed in advance of the hearing. Please note, I am Sabbath observant and, therefore, unavailable for a hearing during such time.

Thank you for your attention to this matter.

                                                      Respectfully submitted,

                                                      Jay M. Wolman

cc:      Counsel of Record