

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

*Of Counsel*
Charles H. Hardage, Esq.
*chardage@smartbizlaw.com*

Nicholas P. Whitney, Esq.
*nwhitney@smartbizlaw.com*

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Monday, August 12, 2024

**Via Electronic Filing and E-Mail chambersnydeseibel@nysd.uscourts.gov**

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Request for Pre-Motion Conference
      Case No.:  7:23-cv-04533
      **Re:**  *Project Veritas, et al. v. James O'Keefe, et al.*

Dear Judge Seibel:

  Undersigned counsel represents Defendants James O'Keefe and O'Keefe Media Group (together "Defendants") in the above-referenced litigation. Pursuant to §I(A) and §2(A) of Your Honor's Individual Practices, and Local Rule 7.1(d), Defendants move the Court for a pre-motion conference in anticipation of filing a motion to tax attorney's fees and costs.  Defendants anticipate filing a motion moving the Court to tax costs and award Defendants' attorney's fees pursuant to Fed. R. Civ. P. 54 and the Defend Trade Secrets Act, 18 U.S.C.A. § 1836 ("DTSA"), following the Court's July 30, 2024, Order [ECF No. 65] denying Plaintiff Project Veritas and Project Veritas Action Funds' Motion for Preliminary Injunction [ECF No. 50-51].

  Fed. R. Civ. P. 54 allows for the taxation of costs and award of attorney's fees to the prevailing party:

> (d) COSTS; ATTORNEY'S FEES.
>
>  (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

      (2) *Attorney's Fees.*

           (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion [. . .].

Where a court addresses the merits of the case, the denial of a motion for preliminary injunction can be sufficient to give a defendant prevailing party status. "When a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits." *Vacchio v. Ashcroft*, 404 F.3d 663, 672–73 (2d Cir. 2005) (citing *Haley v. Pataki,* 106 F.3d 478 (2d Cir. 1997)).

Under the DTSA, a court may award reasonable attorney's fees to the prevailing party if the claim of misappropriation of trade secrets was made in bad faith. 18 U.S.C.A. § 1836(b)(3)(D); *see e.g., Johnson Matthey Process Techs., Inc. v. G.W. Aru LLC*, 603 F.Supp.3d 1374 (S.D. Ga. Mar. 31, 2022); *Workplace Techs. Research, Inc. v. Project Mgmt. Inst., Inc.*, 664 F.Supp.3d 1142 (S.D. Ca. Mar. 28, 2023). "The party seeking an award of attorney's fees must show (1) the objective speciousness of [an] opposing party's claim, and (2) the subjective bad faith of the opposing party in bringing or maintaining the action for an improper purpose." *Johnson Matthey,* 603 F.Supp.3d at 1379. "Objective speciousness exists where 'there is a complete lack of evidence as to every element of a misappropriation of trade secrets claim.'" *Id.* (citing *Northstar Healthcare Consulting, LLC v. Magellan Health, Inc.*, 2020 WL 10486256, at *30 (N.D. Ga. Feb. 20, 2020) (holding plaintiff's claims objectively specious and pursued through subjective bad faith where plaintiff lacked any evidence of misappropriation, and awarding attorney fees and related expenses). To prove subjective bad faith, a prevailing party may either: "(1) rely on direct evidence of plaintiff's knowledge; or (2) ask the Court to infer it 'from the speciousness of plaintiff's trade secret claim and its conduct during litigation.'" *Northstar*, 2020 WL 10486256, at *33 (quoting *Greenberg*, 2014 WL 12694260, at *6).

The Court thoroughly addressed the merits of Plaintiffs' DTSA claim following Plaintiffs' presentation of evidence at the hearing on Plaintiffs' Motion for Preliminary Injunction. Those findings established that Plaintiffs lack any evidence of misappropriation and, thus, Defendants intend to demonstrate Plaintiffs' bad faith through the intended motion to tax attorney's fees and costs. Further, Plaintiffs had perfect knowledge of the absence of any evidence of O'Keefe's misappropriation, given their possession of the entirety of O'Keefe's Telegram communications and iMessages during his service to Project Veritas. Alternatively, Plaintiffs' Motion for Preliminary



Injunction based on their specious DTSA claim demonstrates Plaintiffs' subjective bad faith, since the Motion was only brought on the eve of the Court's scheduled hearing on Defendants' Motion to Compel Arbitration (ECF No. 40). A party's right to recover reasonable attorney's fees for a DTSA claim brought in bad faith can be established by circumstantial evidence. 18 U.S.C.A. 1836(b)(3)(D); *see also, Physician's Surrogacy, Inc. v. German*, 311 F.Supp.3d 1190 (S.D. Cal. Apr. 19, 2018).

Defendants intend to seek the reciprocal relief sought by the Plaintiffs in their Motion for Preliminary Injunction, which asked the Court to "find that Plaintiffs are entitled to attorneys' fees and costs to obtain such injunctive relief." [ECF. No. 51 at 22].

Thank you for your consideration and attention to this matter.

Regards,

Seldon J. Childers

SJC/adm
cc:     counsel of record via CM/ECF

