**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

PROJECT VERITAS and PROJECT
VERITAS ACTION FUND,

                    Plaintiffs,

        -against-

JAMES O'KEEFE, TRANSPARENCY 1,
LLC d/b/a O'KEEFE MEDIA GROUP,
ANTHONY IATROPOULOS, and RC
MAXWELL,

                    Defendants.

---------------------------------------------------------x

Civil Action No. 7:23-cv-04533

**PLAINTIFFS' ANSWER TO
DEFENDANTS O'KEEFE AND
O'KEEFE MEDIA GROUP
COUNTERCLAIMS**

      Plaintiffs, Project Veritas and Project Veritas Action Fund (collectively "Plaintiffs"), hereby answer and respond to the Counterclaims of Defendants James O'Keefe ("O'Keefe") and Transparency 1, LLC d/b/a O'Keefe Media Group ("OMG") (collectively "Defendants") against Plaintiffs (ECF No. 73) as follows.  To the extent any allegation is not specifically addressed below, it is denied:

## INTRODUCTION[1]

      1.     Denied, except Plaintiffs admit O'Keefe released his grip on the mission of Project Veritas and betrayed it.

      2.     Plaintiffs lack sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is required, the allegations are denied, with the except that Plaintiffs admit O'Keefe worked through Project Veritas and used hidden cameras and undercover work.

---

[1] Section and Subsection headers are repeated for reference purposes only, without admission thereof.  To the extent a response is required, Plaintiffs deny.

RANDAZZA | LEGAL GROUP

3.      Denied, with the exception that that Plaintiffs admit they are dedicated to truth and transparency and that O'Keefe was stripped of authority in order that malfeasance by him could be investigated.

4.      Denied, except Plaintiffs admit O'Keefe was an employee of Plaintiffs and that the boards thereof focused on O'Keefe's improper expense reports and management, as was their duty.

5.      Denied, with the exception that Plaintiffs admit O'Keefe caused donors to cease their giving and caused employees to leave, despite still being an employee and member of the boards of directors.

6.      Denied, with the exception that Plaintiffs admit investigative journalism is needed.

7.      This paragraph contains no factual allegations, but consists solely of hyperbolic rhetoric.  To the extent a response is required, the allegations are Denied.

## THE PARTIES

8.      Admitted.

9.      Admitted.

10.     Plaintiffs generally admit the allegations in this paragraph, with the exception that they deny Project Veritas has a place of business in Mamaroneck, New York.

11.     Plaintiffs generally admit the allegations in this paragraph, with the exception that they deny Project Veritas Action Fund has a place of business in Mamaroneck, New York.

## COMMON FACTUAL ALLEGATIONS

12.     Plaintiffs admit O'Hara confronted O'Keefe about the improper $12,000 helicopter bill on or about February 2, 2023, admit such flights are commercially available, lack sufficient information as to whether O'Hara previously raised concerns to O'Keefe about O'Keefe's

RANDAZZA | LEGAL GROUP

improper travel expenses, and deny the remaining allegations of this paragraph, as well as those to which a response is otherwise required.

13.     Plaintiffs admit O'Keefe told the CFO he was fired and lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent that a response is required, those remaining allegations are denied.

14.     Admitted.

15.     Admitted that the board, including O'Keefe, convened the February 6, 2023, meeting.

16.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph and leave Defendants to their proof.  To the extent a response is required, the allegations are denied.

17.     Plaintiffs admit that O'Keefe, as chair of the meeting, entertained Tyrmand's motion to add Skakel, Barton, and Alembik as members of the Project Veritas board, that  O'Keefe did not support the motion, and that the motion carried, and deny the remaining allegations of the paragraph, including the footnote thereto, with the exception that Plaintiffs lack sufficient information to admit or deny whether unnamed board members took unidentified actions.

18.     Plaintiffs admit that O'Keefe abstained from the vote and had a preferred order of operations for the meeting over which he presided and deny the remaining allegations of this paragraph.

19.     Plaintiffs admit that the board composition doubled in size and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

20.  Plaintiffs admit that O'Keefe, as chair, entertained Tyrmand's motion, and, as chair, O'Keefe allowed some employees to attend by phone and speak and that O'Keefe allowed other employees to simply attend and listen, and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

21.  Plaintiffs lack sufficient information to admit or deny the allegation of this paragraph.  To the extent a response is required, such allegations are denied.

22.  Plaintiffs admit Tyrmand made a motion, entertained by O'Keefe as chair, to read a letter into the record, which letter speaks for itself and lack sufficient information to admit or deny the remaining allegation of this paragraph, including the footnote thereto.  To the extent a response is required, such allegations are denied.

23.  Admitted.

24.  Plaintiffs lack sufficient information to admit or deny the allegation of this paragraph.  To the extent a response is required, such allegations are denied.

25.  Plaintiffs admit that Tyrmand read the letter from Project Veritas employees and lack sufficient information to admit or deny the remaining allegation of this paragraph, including the footnote thereto.  To the extent a response is required, such allegations are denied.

26.  Plaintiffs lack sufficient information to admit or deny the allegation of this paragraph.  To the extent a response is required, such allegations are denied.

27.  Plaintiffs admit that Tyrmand invited certain then-current and former employees to speak, which O'Keefe as chair permitted, and lack sufficient information to admit or deny the remaining allegation of this paragraph, including the footnote thereto.  To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

28.     Plaintiffs admit that O'Keefe was the Chief Executive Officer and that employees listened to the meeting O'Keefe chaired, and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

29.     Plaintiffs admit that employees made certain statements at the meeting O'Keefe chaired, assert that the exhibit speaks for itself, and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied, with the exception that Plaintiffs admit that it is proper to expose all tyrants, including O'Keefe, that O'Keefe was not the only person raising funds for Plaintiffs, that O'Keefe was alleged to behave improperly with donors, that O'Keefe was alleged to shame, bully, and discount employees, and that O'Keefe was alleged to not be good at managing people.

30.     Plaintiffs admit the statements were aired and the letter was read, deny that O'Keefe, as chair, was required to sit quietly, and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

31.     Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

32.     Plaintiffs admit that O'Keefe presided over an approximate 6-hour meeting where O'Keefe's fitness was addressed, and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

33.     Plaintiffs admit that O'Keefe presided where employees spoke about O'Keefe and other employees heard such statements, that the statements were recorded, and that others have

RANDAZZA | LEGAL GROUP

heard a recording, and lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

34.    This paragraph contains no factual allegations, but consists solely of hyperbolic rhetoric.  To the extent a response is required, the allegations are Denied, with the exception that a vote regarding O'Keefe's job, entertained by O'Keefe as chair, was taken in response to employee concerns and O'Keefe's unauthorized firing of certain executives without Board approval.

35.    Admitted as to the contents of the minutes describing a vote entertained by O'Keefe as chair of the February 6 meeting.

36.    The minutes of the February 6 meeting speak for themselves and admit the contents thereof.  Plaintiffs deny the remaining allegations of this paragraph.

37.    Plaintiffs lack sufficient information to admit or deny the allegation of this paragraph.  To the extent a response is required, such allegations are denied.

38.    Plaintiffs lack sufficient information to admit or deny the allegation of this paragraph.  To the extent a response is required, such allegations are denied.

39.    This paragraph contains no factual allegations, but consists solely of hyperbolic rhetoric.  To the extent a response is required, the allegations are Denied.

40.    Plaintiffs admit that videos with O'Keefe were well-viewed.  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

41.    Plaintiffs admit that O'Keefe was a productive fund-raiser.  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

42.     Denied.

43.     This paragraph contains no factual allegations, but consists solely of hyperbolic rhetoric.  To the extent a response is required, the allegations are Denied.

44.     This paragraph contains no factual allegations, but consists solely of hyperbolic rhetoric.  To the extent a response is required, the allegations are Denied.

45.     Admitted that there was a meeting of the Project Veritas board of directors on February 10, 2023, that O'Keefe was on paid leave from his position as CEO, and that O'Keefe did not attend.  The remaining allegations of this paragraph are denied.

46.     Admitted that the Project Veritas board of directors met on February 10, 2023, in accordance with the customary practice (as previously alleged by O'Keefe) without the presence of non-members and that it was not recorded. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

47.     Admitted that O'Hara, having been reinstated as CFO following O'Keefe's improper termination of him, reported O'Keefe's misconduct at the February 10, 2023, board meeting.  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

48.     Admitted that O'Keefe failed to previously report his own misconduct.  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

49.     Admitted that O'Keefe was placed on unpaid leave pending further investigation on February 10, 2023, following the actions of February 6, 2023, as set forth in the minutes, which speak for themselves, and that O'Keefe was offered mental health treatment.  Plaintiffs lack

RANDAZZA | LEGAL GROUP

sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

50.    Plaintiffs deny trying to force O'Keefe to resign. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

51.    Plaintiffs admit to the contents of the minutes, which speak for themselves. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

52.    Plaintiffs admit that others have come into possession of the referenced minutes. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

53.    Plaintiffs admit to the contents of the minutes, which speak for themselves. Plaintiffs deny that O'Keefe had no job and assert that reference to "re-employment" is unintelligible as he remained employed. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

54.    Admitted that O'Keefe was employed and was on unpaid leave while his misconduct was being investigated. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

55.    The contents of the Employment Agreement are admitted and speak for themselves. Admitted that O'Keefe was not terminated from his employment and that the Employment

8

RANDAZZA | LEGAL GROUP

Agreement was not then-terminated. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

56. The contents of the Employment Agreement are admitted and speak for themselves. The remaining allegations, including those of the footnote, contain legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

57. The allegations contain legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

58. Admitted that O'Keefe was still an employee as of February 16, 2023, and that the said e-mail was sent, the contents of which speak for themselves. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph or otherwise contain legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

59. Plaintiffs lack sufficient information to admit or deny the allegation of this paragraph. To the extent a response is required, such allegations are denied.

60. Admitted that O'Keefe was placed on unpaid leave pending investigation of his misconduct and offered mental health services. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph or otherwise contain legal conclusions to which no response is required. To the extent a response is required, such allegations are denied.

61. Admitted that some employees were displeased with the need to place O'Keefe on leave so that his misconduct could be investigated, that O'Keefe caused donations to decrease, and that O'Keefe engendered displeasure among consumers. Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph. To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

62.     Admitted that O'Keefe had not quit, a necessary predicate to claiming constructive termination.  Admitted that Plaintiffs made their "best conciliatory efforts".  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph.  To the extent a response is required, such allegations are denied.

63.     Denied that O'Keefe was in a post-termination period from March to May 2023. Admitted that O'Keefe performed for a video while removing some, but not all, of his effects from his office.  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph or otherwise contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

64.     Admitted that some donors requested reimbursement and that demand letters were sent to O'Keefe.  Plaintiffs lack sufficient information to admit or deny the remaining allegation of this paragraph or otherwise contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

65.     This paragraph consists solely of rhetorical hyperbole.  To the extent a response is required, such allegations are denied.

66.     Admitted that some board members later resigned and that some employees were later terminated.  Denied that the new CEO, Hannah Giles, who was chiefly responsible for the initial ACORN story, lacked executive experience, but admitted that she resigned within six months.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph or otherwise contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

67.    Admitted that expenses were reduced and some jobs were terminated.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

68.    This paragraph consists solely of rhetorical hyperbole.  To the extent a response is required, such allegations are denied.

69.    Admitted that the said article was published, which speaks for itself.

70.    Admitted that the said article was published, which speaks for itself.

71.    Denied.  Defendants misrepresent the contents of the emails, which express that O'Keefe might "lash out" and resign when confronted with his malfeasance.  O'Keefe did not resign, a necessary predicate to being constructively terminated.

72.    Denied that O'Keefe was terminated until May 2023.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

73.    Admitted that O'Keefe engaged in competition in violation of his duties.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

74.    Admitted that Project Veritas exists independently of O'Keefe.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

75.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent response is required, such allegations are denied, except Plaintiffs admit that O'Keefe was fired for cause in May 2023, had improper travel expenses, improperly terminated O'Hara, and otherwise violated his contractual and statutory duties.

RANDAZZA | LEGAL GROUP

76.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied, except Plaintiffs admit that O'Keefe sent Telegram messages to Alexandra Rose, which speak for themselves.

77.    Admitted that Plaintiffs lawfully possessed certain Telegram messages O'Keefe knowingly provided to Plaintiffs on his work computer from the Project Veritas-owned Telegram account created, maintained, and operated in the course and scope of O'Keefe's employment, without any reasonable expectation of privacy therein, and that Barton testified to the same.  The remaining allegations in this paragraph are denied.

78.    Denied that the messages were personal or private; O'Keefe knowingly provided them to Plaintiffs on his work computer from the Project Veritas-owned Telegram account created, maintained, and operated in the course and scope of O'Keefe's employment, without any reasonable expectation of privacy therein. Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

79.    Denied that the messages were personal or private; O'Keefe knowingly provided them to Plaintiffs on his work computer from the Project Veritas-owned Telegram account created, maintained, and operated in the course and scope of O'Keefe's employment, without any reasonable expectation of privacy therein. Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

80.    Denied that the messages were personal or private; O'Keefe knowingly provided them to Plaintiffs on his work computer from the Project Veritas-owned Telegram account created, maintained, and operated in the course and scope of O'Keefe's employment, without any

RANDAZZA | LEGAL GROUP

reasonable expectation of privacy therein. Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph or they are otherwise legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

81.    Denied.

82.    Admitted that the original and First Amended Complaints were filed and that the litigation privilege attaches thereto.  The remaining allegations of this paragraph and the footnote are denied.

83.    Admitted that the said webpage was published, which speaks for itself.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

84.    Admitted that the said webpage was published, which speaks for itself.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

85.    Admitted that the said webpage was published, which speaks for itself.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

86.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

87.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

88.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

89.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

90.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

91.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

92.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied.

93.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

94.     Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

95.     Denied that Tyrmand or Strack were then Project Veritas board members. Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph and subparagraphs or contain legal conclusions to which no response is required.  To the extent a response is required, such allegations are denied, except Plaintiffs admit O'Keefe has been a theatrical actor and that O'Keefe's actions resulted in Project Veritas employees losing their jobs.

RANDAZZA | LEGAL GROUP

96.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

97.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

98.    Admitted.

99.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

100.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, such allegations are denied.

101.    Denied that O'Keefe was constructively terminated; he was actually terminated in May 2023.  Admitted that, on account of his May 2023 termination, O'Keefe was no longer entitled to any perquisite benefits under the Employment Agreement.

102.    Denied.

103.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph and subparagraphs.  To the extent a response is required, such allegations are denied.

104.    Denied.

105.    Admitted that O'Keefe retained counsel.  Plaintiffs deny the remaining allegations of this paragraph.

106.    Admitted.

107.    Admitted that some donors directly seek anonymity.  Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent a response is required, such allegations are denied.

RANDAZZA | LEGAL GROUP

108.    The said 990 speaks for itself, and the remaining allegations are otherwise admitted or are legal conclusions to which no response is required.

109.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, such allegations are denied.

110.    Admitted.

111.    Denied that O'Keefe was constructively terminated as he never quit; he was actually terminated in May 2023. Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent a response is required, such allegations are denied.

112.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, such allegations are denied.

113.    Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent a response is required, such allegations are denied.

114.    Denied that O'Keefe was constructively terminated as he never quit; he was actually terminated in May 2023. Plaintiffs lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent a response is required, such allegations are denied.

115.    Admitted that some donor names are publicly known. Plaintiffs deny the remaining allegations of this paragraph.

## FIRST COUNTERCLAIM
### (Breach of Contract—Employment Agreement)

116.    Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

117.    Admitted.

16

**RANDAZZA** | LEGAL GROUP

118.    Denied.

119.    Admitted.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

## SECOND COUNTERCLAIM
### (Defamation)

125.    Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

126.    Denied.

127.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

128.    Denied.

129.    Plaintiffs lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

17

**THIRD COUNTERCLAIM**
**(Publication of Private Facts)**

136.    Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

137.    Admitted that certain Project Veritas-owned Telegram and Apple iMessage accounts were logged into Project Veritas computer systems and used by O'Keefe.  Plaintiffs deny the remaining allegations of this paragraph, including any reasonable expectation of privacy in those work accounts.

138.    Denied.

139.    Denied, including the footnote.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

**FOURTH COUNTERCLAIM**
**(Intentional Infliction of Emotional Distress)**

147.    Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

148.    Denied.

149.    Denied.

150.    Denied.

RANDAZZA | LEGAL GROUP

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment—Donor Non-Solicitation Clause)

155.    Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein

156.    Admitted that the clause does restrict such contact and that it is in Paragraph 17 of the Employment Agreement.  The remaining allegations of this paragraph are denied.

157.    Admitted, except that the Court's opinion speaks for itself and that Defendants admit to enforceability of the entire Employment Agreement at Paragraph 117 of the Counterclaim.

158.    Denied.

159.    Admitted as to the contents of the webpage.  The remaining allegations of this paragraph are denied.

160.    Denied, especially as Defendants admit to enforceability of the entire Employment Agreement at Paragraph 117 of the Counterclaim.

161.    Denied, especially as Defendants admit to enforceability of the entire Employment Agreement at Paragraph 117 of the Counterclaim.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

RANDAZZA | LEGAL GROUP

166.   Denied.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment—Employment Agreement, Generally)

167.   Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

168.   Admitted.

169.   Admitted.

170.   Denied.

171.   Denied.

172.   Admitted that the language appearing in the footnote is absent from the Employment Agreement.  The remaining allegations of this paragraph are denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Admitted that O'Keefe seeks such a judgment, but denied that he is entitled to such.

## SEVENTH COUNTERCLAIM
### (Breach of the Duty of Good Faith and Fair Dealing)

177.   Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

178.   Admitted.

179.   Admitted.

180.   Denied.

181.   Admitted that O'Keefe was placed on unpaid leave pending investigation into his misconduct.  The remaining allegations of this paragraph are denied.

20

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

**EIGHTH COUNTERCLAIM**
**(Breach of Fiduciary Duties)**

190.    Plaintiffs repeat their responses to Paragraphs 1 through 115 as if fully set forth herein.

191.    Admitted that O'Keefe was a founder of Project Veritas and helped make it successful and that members of the Board, including O'Keefe, had fiduciary duties to Project Veritas.  The remaining allegations of this paragraph are denied.

192.    Admitted that Project Veritas Action Fund was organized and that members of its Board, including O'Keefe, had fiduciary duties to Project Veritas Action Fund.  The remaining allegations of this paragraph are denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

RANDAZZA | LEGAL GROUP

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Plaintiffs' affirmative defenses set forth herein are based solely upon Defendants' allegations in the Counterclaim, which do not describe the events and claims therein with sufficient particularity to enable Plaintiffs to determine all of the defenses that might exist to their claims. Without these and other details, Plaintiffs cannot respond further to Defendants' Counterclaim. Therefore, Plaintiffs reserve the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action and to modify the affirmative defenses herein as additional information is obtained by Plaintiffs.

Plaintiffs assert the affirmative defenses set forth below, each as separate and distinct affirmative defenses to Defendants' alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Plaintiffs, that denial does not indicate that Defendants are relieved of their burden to prove each and every element of any such claims or that Plaintiffs have assumed any burden of proof. Plaintiffs hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserve the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Plaintiffs have not completed discovery.

### First Affirmative Defense

### *Truth*

1.      Although the burden of proof for falsity is upon Defendants, Plaintiffs aver that all statements allegedly made by Plaintiffs complained of by Defendants are true.

RANDAZZA | LEGAL GROUP

2.      Any complained-of statements allegedly made by Plaintiffs that may happen to lack 100% factual veracity are substantially true, and thus treated as true as a matter of law.

3.      As truth is an absolute defense and there is nothing false or misleading about the statements, Plaintiffs cannot be liable for Defendants' claims.

### Second Affirmative Defense

#### *Substantial Truth*

1.      Any statements made by Plaintiffs complained of by Defendants that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.

2.      As substantial truth is a defense to claims for defamation, Plaintiffs cannot be liable for Defendants claims.

### Third Affirmative Defense

#### *Opinion or Rhetorical Hyperbole*

1.      The statements at issue in the Counterclaim are either statements of opinion based on disclosed facts or statements of rhetorical hyperbole that no reasonable reader is likely to interpret as a literal statement of fact.

2.      Statements of opinion based on disclosed facts and statements of rhetorical hyperbole cannot form the basis of defamation and related tort claims, and so Plaintiffs cannot be liable for Defendants' claims.

### Fourth Affirmative Defense

#### *Lack of Actual Malice—First Amendment*

1.      Due to the media scrutiny he receives and seeks, O'Keefe is a general purpose and/or limited purpose public figure under the First Amendment.

RANDAZZA | LEGAL GROUP

2.      Plaintiffs did not make any statements at issue with any degree of fault, much less the actual malice required for Defendants to prevail on their claims.

### Fifth Affirmative Defense

#### *Lack of Actual Malice—CVR § 76-a*

1.      This is an action involving public petition and participation.

2.      Plaintiffs did not make any statements at issue with any degree of fault, much less the actual malice required for Defendants to prevail on their claims.

3.      Thus, Defendants' claims are precluded under the New York Anti-SLAPP Law, CVR § 76-a.

### Sixth Affirmative Defense

#### *Incremental Harm/Superseding Cause/Intervening Cause*

1.      Plaintiffs are far from the only persons to allegedly publish statements regarding Defendants, both before and after statements attributed to Plaintiffs.

2.      Some or all damages Defendants allegedly suffered are the result of third parties' statements about Defendants, and not Plaintiffs' statements.

3.      Some or all harm allegedly suffered by Plaintiffs arose as a result of the actions of third parties over whom Plaintiffs have no control.

### Seventh Affirmative Defense

#### *Failure to State a Claim*

1.      Defendants have failed to sufficiently plead the elements of any cause of action as to any Plaintiff.

24

RANDAZZA | LEGAL GROUP

## Eighth Affirmative Defense

### *Prior Material Breach*

1.      Defendants' contract-based claims are barred in whole or in part by their own prior material breach of the Employment Agreement as alleged in the First Amended Complaint.

## Ninth Affirmative Defense

### *Failure to Perform*

1.      Defendants' contract-based claims are barred in whole or in part by their failure to perform under the Employment Agreement, amounting to a failure of consideration.

## Tenth Affirmative Defense

### *Contributory Negligence*

1.      Defendants' tort-based claims are barred in whole or in part by their own contributory negligence.

2.      Any harm allegedly suffered by Defendants arose as a result of their own actions and not from the actions of Plaintiffs.

## Eleventh Affirmative Defense

### *Unclean Hands*

1.      Defendants' claims are barred by their own unclean hands.

## Twelfth Affirmative Defense

### *Fellow Servant Rule*

1.      Defendants' tort-based claims are based on alleged injuries caused by O'Keefe's fellow servants for which Plaintiffs are not liable.

RANDAZZA | LEGAL GROUP

### Thirteenth Affirmative Defense

#### *Estoppel*

1.      Defendants' contract-based claims, including claims for declaratory relief, will be barred by issue estoppel, collateral estoppel, and/or res judicata upon Plaintiffs prevailing, in whole or in part, on their claims as brought in the First Amended Complaint.

### Fourteenth Affirmative Defense

#### *Exclusivity Under WKC § 11(1)*

1.      Defendants' tort-based claims, including claims for declaratory relief, are precluded by the exclusive remedy provided by the New York Workers' Compensation Law per WKC § 11(1).

### <u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiffs pray that the Court deny all relief sought by Defendants in their counterclaims, award Plaintiffs their costs and expenses incurred in defending these counterclaims, and award such other and further relief as the Court deems just and proper.

Dated: September 13, 2024.                    Respectfully Submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776
Email: jmw@randazza.com

RANDAZZA | LEGAL GROUP

Civil Action No. 7:23-cv-04533

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 13, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)

27

RANDAZZA | LEGAL GROUP