

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**September 17, 2024**

<u>**Via CM/ECF**</u>
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
Courtroom 621
White Plains, NY 10601-4150

> *Re:    Project Veritas, et al. v. James O'Keefe, et al., No. 7:23-cv-04533*
> *Defendants' Costs and Attorney's Fees*

Dear Judge Seibel,

I am writing in response to Defendants' letter of August 12, 2024 (ECF No. 71) relative to their intent to move for attorneys' fees and costs. Such a motion is misplaced and is entirely premature.

First, Defendants are not a prevailing party. Defendants' citation to *Vacchio v. Ashcroft*, 404 F.3d 663, 672-673 (2d Cir. 2005) for the proposition that the denial of a motion for preliminary injunction can make the defendant a prevailing party is inapposite. *Vacchio* has nothing to do with a defendant's efforts to obtain fees when a preliminary injunction motion is denied, but rather addresses the circumstances under which a plaintiff can obtain fees. Simply put, Defendants have not prevailed in this case and thus cannot be deemed prevailing parties. Although the Court found that Plaintiffs do not have a substantial likelihood of success, that does not mean they have no likelihood of success—Plaintiffs may ultimately prevail on their Defend Trade Secrets Act ("DTSA") claim.

Second, the DTSA claim was not made in bad faith. In fact, Plaintiffs anticipate ultimately prevailing. Although the preliminary injunction was denied, Plaintiffs believe that the Court misapprehended Plaintiffs' argument. Notably, the donor data on the devices kept by O'Keefe were also confidential and misappropriated. Whether O'Keefe directly or indirectly obtained data from the central repository of donor data is immaterial; Plaintiffs' entire dataset, wherever located, is confidential and a trade secret. O'Keefe should not have used the donor data on his phone or computer, data O'Keefe acquired as an employee of Plaintiffs, for the benefit of himself or OMG.[1] Thus, the claim is meritorious, let alone objectively specious.

---

[1] For example, if O'Keefe, acting for Project Veritas, met a prospective donor for the first time and obtained their phone number, which he then put into his phone, that information was Project Veritas's confidential data, even if O'Keefe never had it entered into the central database.



Moreover, there is no evidence of subjective bad faith.  There is no direct evidence of it.  Nor can it be inferred—at worst, Plaintiffs would simply be in error, but there is nothing in the evidence or the Court's findings to suggest it was specious.  There is nothing to suggest Plaintiffs had "perfect knowledge" of O'Keefe's communications, especially where they only had a subset of the Telegram and iMessages, none of the contents of his phone calls, nor his communications made following his separation from Plaintiffs.

Finally, there is no circumstantial evidence of bad faith.  As previously stated, the motion for preliminary injunction was not filed to avoid arbitration—it was not even necessary, as the request for a permanent injunction in the complaint suffices.  Rather, due to the delays procured by prior attempts at settlement, there was only minimal anticipated additional harm to wait for Defendants to finally answer the complaint, so that the preliminary injunction motion could address whatever merits Defendants purported to raise.  That Defendants moved to compel arbitration instead of answering or moving to dismiss is mere happenstance.

Under the Employment Agreement, Section 23(C), only Plaintiffs had an automatic right to attorneys' fees and costs upon prevailing on a motion for preliminary injunction.  Defendants cannot abuse the DTSA to afford them a benefit that O'Keefe could have, but did not, sought, in negotiating his contract.

In light of the foregoing, the Court should deny Defendants leave to file a fruitless motion for attorneys' fees.  The only thing it would serve to do is unreasonably multiply proceedings.

Thank you for your attention to this matter.

Respectfully submitted,

Jay M. Wolman

cc:    All Counsel of Record (Via CM/ECF)