Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

*Of Counsel*
Charles H. Hardage, Esq.
*chardage@smartbizlaw.com*

Nicholas P. Whitney, Esq.
*nwhitney@smartbizlaw.com*

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com



Friday, September 20, 2024

**<u>Via Electronic Filing and E-Mail chambersnydeseibel@nysd.uscourts.gov</u>**

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:    Request for Pre-Motion Conference
       Case No.:  7:23-cv-04533
       **Re:  *Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Seibel:

       Undersigned counsel represents Defendants James O'Keefe and O'Keefe Media Group (together "Defendants") in the above-referenced litigation. Pursuant to §I(A) and §2(A) of Your Honor's Individual Practices, and Local Rule 7.1(d), Defendants move the Court for a pre-motion conference in anticipation of filing a motion for judgment on the pleadings.  Defendants anticipate filing a motion moving the Court to grant judgment as to multiple Counts of the First Amended Complaint [ECF No. 16] and Counterclaims [ECF No. 78] pursuant to Fed. R. Civ. P. 12(c).

       Fed. R. Civ. P. 12(c) allows for judgment on the pleadings anytime after the pleadings are closed. Defendants filed their Answer and Counterclaims on August 21, 2024 [ECF No. 73]. Plaintiffs/Counter-Defendants filed their Answer to Defendants' Counterclaims on September 13, 2024 [ECF No. 78], and the pleadings are now closed.

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citing *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987)).

Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Cagle v. C & S Wholesale Grocers Inc.*, 505 B.R. 534, 537 (E.D. Cal. 2014) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Given Plaintiffs'/Counter-Defendants' allegations, admissions and the uncontroverted facts evident from the pleadings and the exhibits thereto, there no longer remain disputes over material facts central to Plaintiffs' claims and Defendants' counterclaims. Defendants intend to seek judgment on the pleadings on the following counts:

**Plaintiffs' Claims**

1. Plaintiffs' Count I for Breach of Contract
2. Plaintiffs' Count V for Conversion
3. Plaintiffs' Count VIII for Tortious Interference with Contract
4. Plaintiffs' Count XIII for Declaration of Ownership of Copyright (and partial judgment on the pleadings)

**Defendants' Counterclaims**

5. Defendants' First Counterclaim for Breach of Contract
6. Defendants' Fifth Counterclaim seeking a Declaratory Judgment with respect to the Donor Non-Solicitation Clause
7. Defendants' Sixth Counterclaim seeking a Declaratory Judgment with respect to the Employment Agreement – Generally

Defendants intend to bring their motion for judgment on the pleadings to narrow the issues in the case for which no cognizable legal theory has been pleaded and for which no disputed material facts remain. Bringing the motion now will allow the Court to rule on dispositive issues and will not delay trial, in compliance with Fed. R. Civ. P. 12(c).



Thank you for your consideration and attention to this matter.

Regards,

Seldon J. Childers

SJC/adm
cc:      counsel of record via CM/ECF

