

Jay Marshall Wolman, JD<br>Licensed in CT, MA, NY, DC

September 24, 2024

**Via CM/ECF**
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
Courtroom 621
White Plains, NY 10601-4150

  Re: *Project Veritas, et al. v. James O'Keefe, et al.*, No. 7:23-cv-04533
     *Request for Pre-Motion Conference*

Dear Judge Seibel,

Pursuant to Your Honor's Individual Practices § 2(A), and Local Civil Rule 37.2, I am writing, as counsel for Plaintiffs Project Veritas and Project Veritas Action Fund, to request a pre-motion conference relative to an anticipated motion for protective order under Fed. R. Civ. P. 26(c) relative to Defendants' Subpoenas for Deposition Duces Tecum, to Daniel R. Strack and George Skakel, but which would also address discovery in general.

The subpoenas (to a former Executive Director of Project Veritas and to a former board member of both plaintiffs), as well as Defendants' requests for production to Plaintiffs seek a number of highly sensitive and otherwise non-public documents.  We believe the best manner of addressing the issue, and to address issues that will undoubtedly arise from our own discovery requests, we propose the entry of a confidentiality protective order.  This is significantly of importance in this case, as it involves claims of breaches of confidentiality and theft of trade secrets, and the lack of such an order would work to defeat the purpose of the claims—protecting confidential information and trade secrets.

To that end, Plaintiffs would request the Court adopt the attached order.  Please note that it is nearly identical to the one that the U.S. District Court for the District of Connecticut issues automatically in every case immediately upon filing.  (The Southern District of New York does not have a counterpart.)  It is slightly tweaked for clarity and slightly broadened what may be designated Attorneys' Eyes Only (which benefits both sides).  Our proposal also more clearly addresses third-party subpoena responses.  However, we are not wedded to this form and would welcome entry of any substantially similar order Your Honor might prefer, such as the orders Your Honor entered in *Pro-Hitter Corporation v. Franklin Sports, Inc.*, Case No. 7:23-cv-04450-CS (S.D.N.Y. Aug. 31, 2023); or *Hinerfeld v. Gina Decrescenzo, P.C.,* Case No. 7:23-cv-08810-CS (S.D.N.Y. Apr. 30, 2024).

The parties met and conferred at 4:52 p.m. on September 23, 2024, through attorneys Jay Wolman (Plaintiffs) and Nicholas Whitney (Defendants) for a total of 25 minutes, although the conference covered topics beyond just this single question.  Counsel for Defendants was

Randazza Legal Group
Page 2 of 2



opposed to the entry of a confidentiality protective order, although he expressed a willingness to permit certain confidentiality designations on an *ad hoc* basis. Plaintiffs do not believe such is practical—confidential information can only be protected if a protective order is in place at the time such confidential information is disclosed.

The parties are set to confer with Your Honor this morning on another matter. Plaintiffs request that this proposal be addressed at that time, as the first deposition (with third-party document production) is scheduled for Friday, September 27, 2024.

Thank you for your attention to this matter.

Respectfully submitted,

Jay M. Wolman

cc:   All Counsel of Record (Via CM/ECF)