

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

*Of Counsel*
Charles H. Hardage, Esq.
*chardage@smartbizlaw.com*

Nicholas P. Whitney, Esq.
*nwhitney@smartbizlaw.com*

Tuesday, October 1, 2024

**Via Electronic Filing and E-Mail chambersnydeseibel@nysd.uscourts.gov**

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:  Request for Pre-Motion Conference
     Case No.:  7:23-cv-04533
     **Re:  *Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Seibel:

Undersigned counsel represents Defendants James O'Keefe and O'Keefe Media Group ("OMG") (collectively, "Defendants") in this action. Pursuant to the Court's Order directing the Defendants to articulate specific grounds on which they intend to move for judgment on the pleadings, as well as §I(A) and §2(A) of Your Honor's Individual Practices and Local Rule 7.1(d), Defendants request a pre-motion conference in anticipation of filing a motion for judgment on the pleadings.  Defendants anticipate filing a motion moving the Court to grant judgment as to multiple Counts of the First Amended Complaint [ECF No. 16] and Counterclaims [ECF No. 78] pursuant to Fed. R. Civ. P. 12(c).

Defendants incorporate the statements of law under Fed. R. Civ. P. 12(c) as set forth in their prior Pre-Motion Letter. *See,* ECF No. 80.

Given Plaintiffs'/Counter-Defendants' allegations, admissions, and the uncontroverted facts evident from the pleadings and the exhibits thereto, there no longer remain disputes over material facts central to Plaintiffs' claims and Defendants' counterclaims. Defendants intend to seek judgment on the pleadings on the following counts on the grounds articulated below:

**Plaintiffs' Claims**

1. **Plaintiffs' Count I for Breach of Contract**
Plaintiffs' prior material breach on or about February 6, 2023, precludes them from bringing a breach of contract action against Defendant O'Keefe. As a second basis, Plaintiffs failed to plead all required elements to support a breach of contract claim – specifically, Plaintiffs' performance under the contract.

2. **Plaintiffs' Count V for Conversion**
Plaintiffs have not pleaded facts alleging that they made demand for return of any specific property, only generally alleging that they made demand to return all of Plaintiffs' property in O'Keefe's possession. As a second basis, Plaintiffs failed to plead conversion of any specific property, and must plead a "specific identifiable thing". As a third basis, Plaintiffs cannot proceed on allegations concerning intangible property, such as "donor lists and contact information" and "intellectual property".

3. **Plaintiffs' Count VIII for Tortious Interference with Contract**
Plaintiffs cannot proceed on their tortious interference claim where O'Keefe, as managing member and principal officer of OMG, allegedly tortiously interfered with his own contract. As the Court highlighted during the preliminary injunction hearing, this is not a cognizable legal theory.

4. **Plaintiffs' Count XIII for Declaration of Ownership of Copyright (and partial judgment on the pleadings)**
Plaintiffs claims under this theory are pre-empted by federal copyright law. Plaintiffs' claims rest on the Employment Agreement, but such a breach of contract claim under state law is pre-empted. As a second and related basis, Plaintiffs have failed to plead the existence (and failed to attach) any instrument of conveyance, or a note or memorandum of transfer as required under the Copyright Act. As a third basis, Plaintiffs' claims are barred by the 3-year statue of limitations for O'Keefe's books registered 5 and 10 years prior to the Complaint being filed.



### Defendants' Counterclaims

5. **Defendants' First Counterclaim for Breach of Contract**
Plaintiffs' prior material breach of the Employment Agreement, as admitted in Plaintiffs' allegations and described in 1. above, entitles Defendants to judgment on the pleadings.

6. **Defendants' Fifth Counterclaim seeking a Declaratory Judgment with respect to the Donor Non-Solicitation Clause**
The Donor Non-Solicitation clause found at paragraph 17 of the Employment Agreement in unenforceable, and not salvageable by the Court. Plaintiffs cannot overcome this fatal defect through discovery or the presentation of evidence, and Defendants are entitled to a declaratory judgment.

7. **Defendants' Sixth Counterclaim seeking a Declaratory Judgment with respect to the Employment Agreement – Generally**
As articulated in 1. and 5. above, Plaintiffs' prior breach renders the Employment Agreement unenforceable in totality.

Defendants intend to bring their motion for judgment on the pleadings to narrow the issues in the case for which no cognizable legal theory has been pleaded and for which no disputed material facts remain. Bringing the motion now will allow the Court to rule on dispositive issues and will not delay trial, in compliance with Fed. R. Civ. P. 12(c).

Thank you for your consideration and attention to this matter.

Regards,

Seldon J. Childers

SJC/adm
cc:     counsel of record via CM/ECF

