

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
jchilders@smartbizlaw.com

*Of Counsel*
Charles H. Hardage, Esq.
chardage@smartbizlaw.com

Nicholas P. Whitney, Esq.
nwhitney@smartbizlaw.com

Tuesday, October 1, 2024

**<u>Via Electronic Filing and E-Mail KrauseNYSDChambers@nysd.uscourts.gov</u>**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:     Response to Plaintiffs' Pre-Motion Letter of September 24, 2024 [ECF. 81]
      Case No.:  7:23-cv-04533
      **Re:  *Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Krause:

      Undersigned counsel represents Defendants James O'Keefe ("O'Keefe") and O'Keefe Media Group ("OMG) (together, "Defendants") in this action. In response to Plaintiffs' pre-motion letter of September 24, 2024 [ECF No. 81] and pursuant to the Court's Scheduling Orders of September 26, 2024, and September 27, 2024 [ECF Nos. 83 and 85], Defendants respond and object to Plaintiffs' request that the Court enter a broad Confidentiality Protective Order (the "Protective Order"), as attached to Plaintiffs' pre-motion letter.

      Plaintiffs have failed to demonstrate any good cause for the entry of the requested Protective Order. "In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for the order of protection." *Pansy v. Borough of Stroudsburg*, 23. F.3d 772, 786 (3d Cir. 1994); citing Fed.R.Civ.P. 26(c); *Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir. 1989). Plaintiff's general averment that "Defendants' requests for production to Plaintiffs seek a number of highly sensitive and otherwise non-public documents" lacks the specificity necessary for the Court to find "good cause".

Plaintiffs brought the present action, and having done so, cannot now complain that discovery will be embarrassing. Should the Plaintiffs produce any documents that would constitute trade secrets, nothing would prevent the Plaintiffs from seeking protection of those specific documents at the time.

Revealingly, the Plaintiffs were unable to establish the existence of any trade secrets during the one-day evidentiary hearing they piloted on a Defend Trade Secrets Act theory, among other claims. Having been down this road before, Defendants view Plaintiffs' request for entry of the Protective Order with suspicion, since it would allow Plaintiffs to unilaterally designate material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, without any showing whatsoever. Defendants are concerned that Plaintiffs will over-designate information, documents, and materials produced, requiring the Defendants to apply to this Court for relief. The predictable result will be a sideshow in which Defendants will be forced to repeatedly apply to the Court for removal of Plaintiffs' CONFIDENTIAL and HIGHLY CONFIDENTIAL designations.

Beyond these concerns, Defendants will be forced to file motion after motion seeking to file Designated Materials under seal, since the very documents that Plaintiffs will complain about must be the subject of the Court's scrutiny in order for the Court to perform its role. In this regard, it is well-established that documents submitted to a court for its consideration are "judicial documents to which a strong presumption of access attaches under both the common law and the First Amendment." *Brown v. Maxwell,* 929 F.3d 41 (2d Cir. 2019).

Plaintiffs have publicized their Complaint against O'Keefe and OMG on Project Veritas' website. Plaintiffs have broadcast their claims and sensitive information on X (formerly Twitter). Plaintiffs' Board members have orchestrated a smear campaign against O'Keefe, contributing to in-depth pieces such as this June's article in *The Rolling Stone* and sitting for long-form interviews in which they made all sorts of scandalous claims against O'Keefe. Due to Plaintiffs' actions, the present legal dispute has been and will continue to be the subject of media interest. Plaintiffs should be estopped from petitioning this Court for the need for protection giving their public statements and eagerness to release all of Defendants' intimate details into the media landscape. "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).



Defendants further object to any request that the Court take up an anticipated motion for protective order under Fed. R. Civ. P. 26(c) relative to Defendants' Subpoenas for Deposition Duces Tecum to Daniel R. Strack and George Skakel. Neither Mr. Strack nor Mr. Skakel are represented by Project Veritas' counsel. Rule 26(c) provides for the person from whom discovery is sought to seek a protective order to protect that person from "annoyance, embarrassment, oppression, or undue burden or expense". Project Veritas cannot seek a protective order on Mr. Strack's or Mr. Skakel's behalf under Rule 26(c).

Thank you for your consideration and attention to this matter.

Regards,

Seldon J. Childers

SJC/adm
cc:     counsel of record via CM/ECF

