

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**October 11, 2024**

<u>Via CM/ECF</u>
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
Courtroom 621
White Plains, NY 10601-4150

> **Re:**   *Project Veritas, et al. v. James O'Keefe, et al., No. 7:23-cv-04533*
> *Response to Defendants' Letter Motion (Doc. No. 87)*

Dear Judge Seibel,

Pursuant to Your Honor's Individual Practices, § 2(A), Plaintiffs request the Court decline Defendants' requests (ECF No. 87, and incorporating ECF No. 80) to file a partial Rule 12(c) motion.  Such a partial motion lacks merit and only serves to vexatiously multiply the proceedings in violation of 28 U.S.C. § 1927.

As noted by Defendants (ECF No. 80 at 2), a Rule 12(c) motion can be brought when facts are undisputed and/or there is the absence of a cognizable legal theory.  Yet, neither of these exist for any of the claims at issue.  Moreover, the alleged benefit—to narrow the scope of discovery—is ephemeral.  Not a single area of discovery is likely to be foreclosed even were such a partial motion granted.

As to Plaintiffs' Count I, the defense of purported prior material breach is fact dependent. Plaintiffs dispute that they committed any such breach on February 6, 2023—an at-will employee being suspended is not a breach.  Nor did Plaintiffs fail to plead their own performance—O'Keefe was even paid for being on leave (Amended Complaint, ECF No. 16 at ¶ 42) and the Amended Complaint general refers to the emoluments he received.  However, if Plaintiffs must, they would be happy to add a single paragraph to aver that O'Keefe was fully paid all he was entitled to under the Employment Agreement.  *See* Transcript of Sept. 24, 2024, at 3:18-21 (Hon. Cathy Seibel: "it's my practice to allow the other party to amend once the other party is on notice of the grounds that the moving party is going to assert.") Nevertheless, it's frivolous—O'Keefe himself pleads that it was performed by Plaintiffs at least through that date.  *See* ECF No. 73 at 59 ¶ 118.

As to Plaintiffs' Count V, a generalized demand is sufficient.  Moreover, a demand is "futile" and not required when it is as to the thief himself.  *State v. Seventh Regiment Fund*, 98 N.Y.2d 249, 261 (2002).  Nevertheless, Plaintiffs can amend to include the specific demands made.

As to Plaintiffs' Count VIII, OMG is a distinct legal person, unless O'Keefe is confessing alter-ego status.  Although the First Department has determined that the stranger doctrine



applies to a wholly-owned LLC,[1] this does not yet appear to have been adopted by the New York Court of Appeals or by the other departments, and there is no reason to believe that Court would choose to disregard the separate legal existence of an LLC.

As to Plaintiffs' Count XIII, there is no preemption. "The mere fact that a contract deals with the disposition of a copyright or there is a dispute as to who owns the copyright does not implicate the Copyright Act[.]" *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) *citing T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964). As to an "instrument of conveyance", the books at issue were works for hire, acknowledged by O'Keefe in the Employment Agreement, and were otherwise transferred and assigned to Project Veritas (ECF No. 16-1 at ¶ 10(A)). There is no time bar, as "[a]n express assertion of sole authorship or ownership will start the copyright statute of limitations running." *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1315 (S.D.N.Y. 1997). Such assertion did not occur until the filing of the Amended Complaint. Moreover, equitable tolling would preclude O'Keefe from claiming the benefit of the statute limitations—as CEO, he was the one standing in the way of Project Veritas asserting its rights sooner. *See Petrella v. MGM,* 572 U.S. 663, 681 (2014) ("equitable tolling 'is read into every federal statute of limitation'") quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).

Thus, there is no basis upon which judgment on the pleadings as to the Amended Complaint may be granted. Neither is there any such basis for the counterclaims.

As to Defendants' Count I, Plaintiffs dispute having breached the agreement. ECF No. 78 at ¶¶ 116-124. Defendants offer nothing to suggest how Plaintiffs allegedly breaching it— placing an at-will employee on paid leave and/or suspending him is not a breach. "[T]here is the general rule that an employer can suspend or discharge an employee at will for any reason, wise or unwise, fair or unfair, as long as this decision is not based on discrimination." *Baldwin v. N. Shore Univ. Hosp.*, 470 F. Supp. 2d 225, 233 (E.D.N.Y. 2007); *accord Matter of Dorsey v. Herkimer Cty. Cmty. Coll*, 61 A.D.3d 1380, 1380, 877 N.Y.S.2d 580, 581 (App. Div. 4th Dept. 2009) (as to at-will employee, employer "was entitled to suspend or dismiss her from employment without a hearing and without a statement of reasons in the absence of proof that the suspension or dismissal was for a constitutionally impermissible purpose or contrary to statutory or decisional law.")

As to Defendants' Count V, at the preliminary injunction hearing, the Court, on the basis of that record and that record only, found that Plaintiffs could not demonstrate a substantial likelihood of success as to an enforceable donor non-solicitation clause. Discovery, however, is expected to bear out what the Court felt was lacking at that time. Moreover,

---

[1] *Bradbury v. Israel*, 204 A.D.3d 563, 564, 168 N.Y.S.3d 16, 18 (App. Div. 1st Dept. 2022).

RANDAZZA
LEGAL GROUP

litigating this issue now will have little effect on the scope of discovery in light of the fiduciary duties breached by O'Keefe even were the contractual provision unenforceable.

As to Defendants' Counterclaim Count VI, Defendants offer no reason to declare the contract unenforceable other than reasserting that the paid-leave and suspension of an at-will employee somehow renders the entire agreement unenforceable, which makes no logical sense. However, if Defendants believe the Employment Agreement is unenforceable, they are welcome to dismiss Counterclaim Count I for purported breach thereof. It cannot be unenforceable only as to one side. Moreover, they pleaded it was enforceable. ECF No. 73 at 59, ¶ 117. This demonstrates the frivolousness and vexatiousness of the requested Rule 12(c) motion.

Simply put, there is no good reason the Court should entertain a motion for judgment on the pleadings. As noted above, such a motion will only unreasonably and vexatiously multiply proceedings.[2]

Thank you for your attention to this matter.

Respectfully submitted,

Jay M. Wolman

cc:     All Counsel of Record (Via CM/ECF)

---

[2] The Court will recall Defendants already forced unnecessary briefing on a motion to compel arbitration, which was subsequently withdrawn without explanation.