

Jay Marshall Wolman, JD<br>Licensed in CT, MA, NY, DC

**November 1, 2024**

<u>Via CM/ECF</u>
Hon. Andrew E. Krause
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

>    Re:   *Project Veritas, et al. v. James O'Keefe, et al.*, No. 7:23-cv-04533
>          *Confidentiality Order*

Dear Judge Krause,

Pursuant to the order memorialized in the Minute Entry of October 22, 2024, Plaintiffs Project Veritas and Project Veritas Action Fund and Defendants O'Keefe and Transparency 1, LLC, met and conferred and prepared the attached proposed confidentiality and protective order, without prejudice to the said defendants' objections to the issuance of such an order. It is submitted in blackline and clean form.

Per Section 2.B of Judge Krause's Individual Practices, the modifications are needed for the following reasons:

a) Section 1 is modified to clarify the order applies to deposition transcripts (as further addressed below) and creates a two-tiered level of confidentiality for especially sensitive records that only a receiving party's counsel and experts should be able to review.

b) A new Section 2 is added to ensure that the order applies to the whole case and that non-parties in receipt of a subpoena would not need to make a superfluous motion should they, too, need to designate documents as confidential. Similarly, where a non-party is producing information that otherwise belongs to a party, it provides an opportunity for the party to designate the documents as confidential.

c) A new Section 3 is added to address the procedure for designating deposition testimony as confidential.

d) A new Section 4 is added to address attendance at a deposition where confidential information is disclosed.

e) Section 7 (the model Section 4) is modified to clarify that the producing party may have and use its own documents. The term "requesting party" is changed to "receiving party" to be inclusive of documents produced in response to a subpoena.

f)  Section 8 sets forth who may receive Highly Confidential information, which mirrors Section 7, but omits the receiving party themselves.

g)  Section 10 (model Section 6) is slightly modified to include reference to Highly Confidential information for thoroughness.

h)  Section 13 (model Section 9) is slightly modified to include reference to Highly Confidential information for thoroughness, and otherwise clarifies the process by which confidential information may be filed with the Court, placing the burden of demonstrating cause for a seal on the party who would desire sealing.

Thank you for your attention to this matter.

Respectfully submitted,

Jay M. Wolman

cc:   All Counsel of Record (Via CM/ECF)