UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

PROJECT VERITAS and PROJECT VERITAS ACTION FUND,

          Plaintiffs,

-against-

JAMES O'KEEFE, TRANSPARENCY 1, LLC d/b/a O'KEEFE MEDIA GROUP, ANTHONY IATROPOULOS, and RC MAXWELL,

          Defendants.

-----------------------------------------------------------x

Civil Action No. 7:23-cv-04533 (CS)(AEK)

CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document, information, or deposition transcript in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' OR EXPERTS' EYES ONLY." "HIGHLY CONFIDENTIAL-ATTORNEYS' OR EXPERTS' EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure could result in identifiable disadvantage to the designating party, including a party's non-public tax, banking, or health records.

      2.    Documents produced in response to a subpoena may also be designated either (a) by a non-party, at the time of production, or (b) by a Party, by written notice to all counsel of record and stamp such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' OR EXPERTS' EYES ONLY", given within ten business days after the designating party's receipt of the documents, in which case all counsel receiving such notice shall be responsible for marking or deleting unmarked copies of the designated documents or portion thereof in their possession or control as directed by the designating party. During the ten-day period following production of documents in response to a subpoena, the Parties shall

on an interim basis, treat such documents as if they were designated HIGHLY CONFIDENTIAL- ATTORNEYS' OR EXPERTS' EYES ONLY.  In furtherance hereof, the party issuing the subpoena shall ensure that the counterparty in this action is provided a copy of the said responsive documents.

3. Deposition transcripts or portions thereof may be designated by a Party or the deponent either (a) when the testimony is recorded, or (b) by written notice to all counsel of record and stamp such transcripts or portions thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' OR EXPERTS' EYES ONLY", given within ten business days after the designating party's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking or deleting the unmarked copies of the designated transcript or portion thereof in their possession or control as directed by the designating party. For a period of 30 days following any deposition, the Parties shall treat any transcript of such deposition as HIGHLY CONFIDENTIAL- ATTORNEYS' OR EXPERTS' EYES ONLY. If counsel for a party believes that an entire deposition should be designated herein, the parties should meet and confer within 30 days following the deposition. Any party may use designated information as a deposition exhibit provided the deposition witness is one to whom the exhibit may be disclosed under paragraphs 7 or 8 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original designated material.

4. If, during a deposition, counsel for a party believes that a witness may disclose confidential information in response to a question or line of questions, such counsel may exclude non-parties from that portion of the deposition. Any person who disagrees may attempt to contact the Court for an immediate ruling.

5. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

6. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

  a. The producing party and counsel, including in-house counsel;

  b. The receiving party and counsel, including in-house counsel;

  c. Employees of such counsel assigned to and necessary to assist in the litigation;

2

    d.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    e.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

8. Documents designated as "HIGHLY CONFIDENTIAL- ATTORNEYS' OR EXPERTS' EYES ONLY" shall not be disclosed to any person, except:

    a.    The producing party and counsel, including in-house counsel;

    b.    The receiving party's counsel, including in-house counsel;

    c.    Employees of such counsel assigned to and necessary to assist in the litigation;

    d.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    e.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

9. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' OR EXPERTS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' OR EXPERTS' EYES ONLY" in discovery, there is no presumption that the Court shall seal such information. The parties shall follow the Court's procedures for requests for filing under seal. If it becomes necessary to file designated material with the Court, a party must comply with Fed. R. Civ. P. 5.2 by moving to file the designated material under seal, and either a) demonstrate the lawful basis for such seal or b) state that such motion is made on a *pro forma* basis, whereupon the designating person shall demonstrate the lawful basis for such seal should they believe a seal proper.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: _____, 20__
       White Plains, New York

_____          _____
Counsel for Plaintiff(s)         Counsel for Defendant(s)


                    SO ORDERED.

                    _____
                    ANDREW E. KRAUSE

4

United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
PROJECT VERITAS and PROJECT              :
VERITAS ACTION FUND,                     :   Civil Action No. 7:23-cv-04533 (CS)(AEK)
                                         :
                Plaintiffs,              :
                                         :
       -against-                         :
                                         :
JAMES O'KEEFE, TRANSPARENCY 1,           :
LLC d/b/a O'KEEFE MEDIA GROUP,           :
ANTHONY IATROPOULOS, and RC              :
MAXWELL,                                 :
                                         :
                Defendants.              :
------------------------------------------------------x
```

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____. 20__

_____   _____
Name (printed)                    Signature

Signed in the presence of:

_____
(Attorney)

| Page 1: [1] Deleted | Author | |
|---|---|---|

x