

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nicholas P. Whitney, Esq.
*nwhitney@smartbizlaw.com*

*Of Counsel*
Charles H. Hardage, Esq.
*chardage@smartbizlaw.com*

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Friday, December 6, 2024

**<u>Via Electronic Filing</u>**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Letter Motion Objecting to Plaintiffs' Confidential Designation of Deposition Under Confidentiality Order and Plaintiffs' Privilege Claims Concerning Third-Party Subpoena Production
Case No.:  7:23-cv-04533
***Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Krause:

      Undersigned counsel represents Defendants James O'Keefe ("Mr. O'Keefe") and O'Keefe Media Group ("OMG) (together, "Defendants") in this action. Pursuant to the Court's Order on Discovery Dispute Resolution [Doc. 84] and the Court's Minute Entry for the Status Conference held on October 22, 2024, the parties are to file any affirmative discovery dispute letters by December 6, 2024. Having met and conferred with Plaintiffs' counsel on the issues below, Defendants write to bring several discovery matters to the Court's attention for resolution.

      First, following the depositions of Dan Strack and George Skakel on November 18, 2024, and November 19, 2024, at which both deponents produced documents responsive to Defendants' subpoenas, Plaintiffs have claimed attorney-client and work product privileges over 108 documents. (see Letters and privilege logs attached as **Composite Exhibit 1**).

      The allegedly privileged documents contain communications that Defendant James O'Keefe received during his employment with Plaintiff Project Veritas, and such

communications concern matters germane to the issues in this lawsuit. Defendants' position is that attorney-client privilege cannot apply to documents and communications

that Mr. O'Keefe received and was familiar with, nor can work product privilege apply to Mr. O'Keefe's consultations with counsel regarding developments that pre-dated his separation from Plaintiff Project Veritas.

Plaintiffs' claims of privilege were communicated on December 2, 2024, and the parties met and conferred on this issue the following day, December 3, 2024. Plaintiffs have agreed to reconsider their privilege claims but, as of this writing, Plaintiffs have not waived their privilege claims. Should Plaintiffs decide to maintain their claims of privilege, the privilege logs produced are deficient in that they do not distinguish between attorney-client or work product privilege(s) over any specific document, instead containing a simple claim of "Privilege: TRUE" for each and every document. Nor does the privilege log contain a general description of the document to allow the Defendants and the Court to evaluate the privilege claims.

Defendants bring this matter to the Court's attention in an abundance of caution given the limited hearing time available to raise such issues but, optimistically, Plaintiffs will abandon their claims of privilege, and the entire issue will be rendered moot before the status conference set for December 13, 2024.

Second, Defendants challenge Plaintiffs' blanket designation of the entire deposition transcript of Joseph Barton (formerly with Project Veritas; currently serving with Project Veritas Action Fund) as CONFIDENTIAL pursuant to the Confidentiality Stipulation and Protective Order (the "Protective Order") [Doc. 99]. Plaintiffs' stated basis for the blanket designation is that Mr. Barton has allegedly, at some point since Mr. O'Keefe was forced out of Project Veritas, received "death threats", none of which have ever been substantiated. Plaintiffs' confidentiality designation is insincere and specious.

Throughout 2023 and 2024, Mr. Barton has been outspoken and publicly sparred with Mr. O'Keefe's supporters on X (formerly Twitter), regularly insulting members of the public who voice support for Mr. O'Keefe's position. Mr. Barton regularly insults such supporters, routinely calls them "sheep", and has irresponsibly accused at least one supporter of having an affair with Mr. O'Keefe. Mr. Barton also routinely posts private messages of Mr. O'Keefe that Mr. Barton has procured from Project Veritas's servers, sharing private and intimate details of Mr. O'Keefe's personal life on X. In his sworn



testimony, Mr. Barton stated that Mr. O'Keefe is not entitled to a personal life, and his most intimate communications are fair game for public dissemination.

Given Mr. Barton's public behavior, which Defendants have documented and shared with Plaintiffs, the alleged concern over his safety is contrived and Plaintiffs' claim of confidentiality is an abuse of the Protective Order.

Plaintiffs have failed to demonstrate any good cause for designating Mr. Barton's transcript as CONFIDENTIAL pursuant to Paragraph 1 of the Protective Order. The Protective Order allows for such designation on three potential bases: (1) proprietary information; (2) trade secret; and (3) otherwise sensitive non-public information. None are applicable with respect to Mr. Barton's testimony, since he has shared his most venomous allegations with the public outside of deposition.

Two other issues deserve mention. First, Defendants will simultaneously be filing a Motion for Order Authorizing Alternate Service over Matthew Tyrmand, a former Board member of Project Veritas. Although a second date has been reserved for Mr. Tyrmand's deposition (December 16, 2024), Defendants have been unable to effect service over Mr. Tyrmand, and Mr. Tyrmand has failed to accept service via email at the email address provided by Plaintiffs despite his public statement that he would happily sit for a deposition. Second, Defendants are concerned about the ability to complete fact discovery by March 14, 2025, as set forth in the Civil Case Discovery Plan and Scheduling Order [Doc. 68]. Written discovery is only partially complete, with Plaintiffs endeavoring to complete their document production by year-end in order to facilitate meaningful depositions of Plaintiffs' corporate representatives in mid-January. Beyond that, Defendants have had some difficulty in locating and effectuating service over former Board Members and executives of Project Veritas. Defendants intend to take approximately six additional depositions beyond those already scheduled.

The parties conferred on the issues articulated above on December 3, 2024, via telephone conference, which lasted approximately one hour. The parties have since corresponded on the issues, without resolution.



Page 4 of 4

Thank you for your consideration and attention to this matter.

Regards,

Nicholas P. Whitney

NPW/adm
cc:     counsel of record via CM/ECF

