UNITED STATES DISCRIT COURT
SOUTHERN DISTRICT OF NEW YORK

PROJECT VERITAS and PROJECT
VERITAS ACTION FUND,

        Plaintiffs,

    v.

JAMES O'KEEFE, TRANSPARENCY 1,
LLC d/b/a O'KEEFE MEDIA GROUP, RC
MAXWELL, and ANTHONY
IATROPOULOS,

        Defendants.

Civil Action No. 7:23-cv-04533

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS O'KEEFE
AND OMG'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE
SERVICE OF SUBPOENA FOR THIRD PARY MATTHEW TYRMAND**

Defendants, JAMES O'KEEFE and TRANSPARENCY 1, LLC d/b/a O'KEEFE MEDIA GROUP ("Defendants"), hereby submit this memorandum of law in support of its Motion for Order Authorizing Alternative Service of Subpoena for Third Party Matthew Tyrmand ("Motion for Alternative Service") pursuant to Fed. R. Civ. P. 45 for an order authorizing alternative service of its Subpoena for Deposition Duces Tecum (the "Subpoena") for testimony and documents upon third party Matthew Tyrmand ("Mr. Tyrmand") via email and X post/direct message and in support state:

**I.  INTRODUCTION**

Despite diligent efforts since October, Defendants have not been able to serve Mr. Tyrmand.  Defendants have attempted to personally serve Mr. Tyrmand on at least nine

(9) occasions at two (2) different addresses. No attempt has been successful to date, and there is no guarantee that personal service will succeed going forward with Mr. Tyrmand. Defendants have a means of communicating with Mr. Tyrmand via email (provided by Plaintiffs' counsel through discovery) and the documents exchanged in discovery confirm that Mr. Tyrmand uses the email address produced by Plaintiffs' counsel.

## II. REVELANT FACTUAL BACKGROUND

The relevant factual background is set forth in Defendants' Motion for Alternative Service, filed contemporaneously with this memorandum of law.

## III. ARGUMENT

### A. Service via Email is a Reliable and Expeditious Means of Service that is Likely to Reach Mr. White

Pursuant to Federal Rule of Civil Procedure 45, this Court may authorize "alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *See, SEC v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citations omitted); *see also, Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (authorizing alternative service of subpoena that "reasonably insures actual receipt of the subpoena"). Alternative service is appropriate where it "reasonably insures actual receipt of the subpoena by the witness" and "is reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *See, JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (citations omitted); *see also, In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020) ("[I]n order to comply with due process requirements, alternative service must provide notice that is reasonably calculated under

2

all the circumstances, to apprise interested parties of the pendency of the action.") (citations and quotations marks omitted).

This district has held that service via email complies with constitutional notions of due process, especially where the facts show that the party to be served likely will receive the process served at the given email address. *See, NYKCool A.B. v. Pacific Int'l Servs., Inc.*, 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014) ("As a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."); *see also, SEC v. David*, 2020 WL 703464, at *1 (S.D.N.Y. Feb. 12, 2020) ("[T]he Court is persuaded that alternative service by email is warranted in this case."); *Sulzer Mixpac AG v. Medenstar*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) ("[T]he Court grants plaintiff's motion to serve defendant at the email address listed on Medenstar's Internet homepage…."); *see also, Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process."); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.").

Moreover, Mr. Tyrmand clearly has knowledge of the lawsuit. Former Project Veritas Board member George Skakel testified that Mr. Tyrmand had spoken to him on the morning of his deposition, which took place on November 19, 2024. Further, Mr. Tyrmand regularly posts on X concerning the allegations in the lawsuit, and appeared as recently as November 23, 2024 on the *Dangerous Rhetoric* podcast (Ep. 125) to discuss the

3

lawsuit and actions central to the parties' claims and defenses. Mr. Tyrmand follows both of Defendants' counsel on X and has repeatedly tagged/mentioned Defendants' counsel in his X posts, professing that "depositions are ongoing."







This district has held that, "[s]ervice by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit." *Marvici v. Roche Facilities Maintenance LLC*, 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 6, 2021) (*citing SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)).

This Court has allowed alternative service where multiple attempts at personal service have failed, *see SEC v. David*, No. 19-cv-9013, 2020 WL 703464, at *1-2 (S.D.N.Y. Feb. 12, 2020) (Rakoff, J.), or where the parties are "approaching close of discovery," *In re Petrobras Securities Litig.*, No. 14-CV-9662, 2016 WL 908644, at *1-2 (S.D.N.Y. March 4, 2016) (Rakoff, J.) (authorizing alternative service by email and overnight mail fifty-six (56) days before the discovery cutoff). As explained above, Defendants diligently attempted personal service of the Subpoena on Mr. Tyrmand multiple times but were

5

unable to effect service. Depositions are to be completed by February 14, 2025 under the operative Civil Case Discovery Plan and Scheduling Order [Doc. 68].

As such, alternative service is more than warranted here. Service of the Subpoena on Mr. Tyrmand via email will comply with constitutional notions of due process and provide Mr. Tyrmand with sufficient notice of the Subpoena.

## IV.   CONCLUSION

Defendants have made multiple good faith attempts to serve a subpoena upon Mr. Tyrmand personally at the address provided by Plaintiffs' counsel. Discovery deadlines are also imminent in the instant case, and the inability to secure Mr. Tyrmand's deposition testimony would be prejudicial to Defendants.

WHEREFORE, Defendants respectfully request that the Court enter an order authorizing alternative service of its Subpoena for Deposition Duces Tecum upon third party Matthew Tyrmand via email and X post/direct message and all such other relief as the Court deems just and proper.

/

/

/

/

Dated this 6th day of December 2024.



2135 NW 40th Terrace, Suite B
Gainesville, Florida 32605
tel. 866-996-6104 fax 407-209-3870

*/s/ Nicholas P. Whitney*

Nicholas P. Whitney

Florida Bar No. 119450
Seldon J. Childers

Florida Bar No. 61112

jchilders@smartbizlaw.com

nwhitney@smartbizlaw.com

notice@smartbizlaw.com

*Counsel for Defendants O'Keefe & OMG*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically with the Clerk of the Court using CM/ECF on December 6, 2024 which served same electronically upon all counsel of record.

> */s/ Nicholas P. Whitney*
> Attorney

7