

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

December 11, 2024

<u>Via CM/ECF</u>
Hon. Andrew E. Krause
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    *Project Veritas, et al. v. James O'Keefe, et al.*, No. 7:23-cv-04533
             Response to Discovery Dispute Letter

Dear Judge Krause,

Pursuant to the order memorialized in the Minute Entry of October 22, 2024, Plaintiffs Project Veritas and Project Veritas Action Fund hereby file their letter responding to Defendants O'Keefe & OMG's discovery dispute letter (ECF No. 100).

As for the claims of privilege over the materials produced by Project Veritas's former Executive Director Dan Strack and a former board member of both Plaintiffs, George Skakel, such claims were proper. Defendants do not dispute that Plaintiffs might otherwise ordinarily claim privilege in documents produced by these individuals. Such should end the dispute.

However, they claim that because O'Keefe had access to copies of those documents before his separation from Plaintiffs, Plaintiffs' claim of privilege is, somehow, overcome. Defendants cite nothing in support of this novel proposition. The general rule is that "Any privileged information obtained by [the former employee] during the course of her employment, remains privileged, notwithstanding her departure from [defendant]." *Price v. Porter Novelli, Inc.*, 2008 U.S. Dist. LEXIS 45742, at *3 (S.D.N.Y. June 11, 2008). There is no rule that the privilege is lost when a former employee is the opposing party and there is no cause for this Court to invent such an exception.

As to the sufficiency of the privilege log, all such documents are attorney-client privileged communications. Plaintiffs believe that the documents were sufficiently described per Fed. R. Civ. P. 26(b)(5)(A)(ii), setting forth the metadata of the documents. However, if there are particular documents that Defendants believe more information is needed in order to assess the claim of privilege, Plaintiffs are willing to discuss them.

With respect to the designation of the deposition of Project Veritas Action Fund President Joseph Barton as Confidential, Defendants appear to have clarified there is no dispute that the video itself should be kept Confidential, only the transcript. However, the two go hand in hand. The designation was properly made because it is "otherwise sensitive non-public

information" under the Confidentiality Stipulation and Protective Order (ECF No. 99) at § 1.  Defendants present nothing to contradict Mr. Barton's assertion that he has received death threats from Defendants' supporters.  There is a vast difference between selective comments Mr. Barton has chosen to make online and his informed belief that, were Mr. O'Keefe to have the unfettered ability to release the deposition material, out of context, Mr. Barton is at risk.  Mr. O'Keefe has a documented history of doing so.  *See, e.g.*, https://www.youtube.com/watch?v=bmLMswsSw08 (Apr. 15, 2020).  It is especially astonishing that Defendants lightly disregard Mr. Barton's significant safety concerns a mere two days after the assassination of Brian Thompson.  Thus, the designation remains proper.[1]

As to the Tyrmand deposition, Plaintiffs have no objection to alternate service, but a separate response to the filed motion (ECF No. 101) will be submitted.

As to scheduling, Plaintiffs do not object to an extension of the time for fact discovery, but note a) not all of Defendants' planned depositions are necessary, and b) the timing of the corporate representative depositions is not connected to Plaintiffs' document production as Defendants originally scheduled them for dates before production was due.

Thank you for your attention to this matter.

Respectfully submitted,

Jay M. Wolman

cc:   All Counsel of Record (Via CM/ECF)
      RC Maxwell < rc@rcmaxwell.com>

---

[1] Should the Court disagree, Plaintiffs reserve the right to make line by line designations.