

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nicholas P. Whitney, Esq.
*nwhitney@smartbizlaw.com*

*Of Counsel*
Charles H. Hardage, Esq.

Monday, December 23, 2024

**Via Electronic Filing**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   George Skakel Privilege Claims
      Case No.:  7:23-cv-04533
      ***Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Krause:

As directed by the Court, the parties met and conferred on December 20, 2024, regarding Plaintiffs' claims of privilege concerning the documents produced by George Skakel at the time of his deposition. The meet and confer was productive, lasting approximately two hours. Of the approximately 107 documents over which Plaintiffs had asserted privilege claims, the parties were able to resolve the issue on all but approximately 14 documents.

With respect to these 14 documents, Plaintiffs stand on their privilege claims. Defendants believe that the Plaintiffs' privilege claims over the 14 documents have been waived since the documents appear to address matters that Plaintiffs have placed at issue in this lawsuit.

"[A] party is deemed to have waived attorney-client privilege or work product protection [ ] when the party places otherwise protected communications 'at issue' in the litigation." *Windsor Sec., LLC v. Arent Fox LLP*, 273 F. Supp. 3d 512, 517–18 (S.D.N.Y. 2017) (citing *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003); *In re von Bulow*, 828 F.2d 94, 102 (2d Cir. 1987)). "New York courts have defined 'at issue' waiver as occurring

2135 NW 40th Terrace, Suite B
Gainesville, FL  32605

'where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information.'" *Id.* (cleaned up).

Defendants request that the Court conduct an in camera review of the 14 documents to determine the applicability and/or waiver of Plaintiffs' claims of privilege. Defendants further request that the Court direct Plaintiffs to submit the 14 documents and the annotated privilege log (highlighted to identify the documents) to facilitate the in camera review. Defendants are prepared to submit further briefing to identify the specific matters at issue in relation to the 14 documents.

Thank you for your consideration and attention to this matter.

Regards,

Nicholas P. Whitney

NPW/adm
cc:   counsel of record via CM/ECF
      R.C. Maxwell (rc@rcmaxwell.com)

