

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

January 3, 2025

<u>Via CM/ECF</u>
Hon. Andrew E. Krause
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

  Re: *Project Veritas, et al. v. James O'Keefe, et al.*, No. 7:23-cv-04533
     *Clients' Request for Adjournment*

Dear Judge Krause,

Pursuant to the Order of December 23, 2024 (ECF No. 117), the Court scheduled an in-person conference regarding undersigned counsel's motion to withdraw (ECF Nos. 110-115) for January 8, 2025. The order requires a corporate representative from each plaintiff to attend.

The corporate representative for both Plaintiffs is Ben Wetmore. Mr. Wetmore has requested that I seek an adjournment of the in-person conference to a date in February 2025. Thus, per Your Honor's Individual Practices at § 1(D), I hereby state as follows:

1) Original date of the proceeding:
   January 8, 2025

2) Number of previous requests for adjournment:
   0

3) Whether the prior requests were granted or denied:
   Not applicable.

4) The reason for the present request:

   The following has been relayed to me: Mr. Wetmore is unavailable to travel to White Plains on January 8th. Further, his schedule is difficult given his work duties and pre-existing scheduled matters. Additionally, because of travel, he would lose three (3) days for the conference as, because he is disabled, he will be driving as opposed to flying. It is a 10-hour drive each way. Mr. Wetmore has extreme difficulty walking (and, in some contexts, sitting or reclining), and navigating airports, let alone the extreme discomfort of plane seating, is a complete nightmare, and very painful. Compounding this difficulty, Mr.

Wetmore just changed insurance plans as of January 1, 2025, and his medical providers are no longer covered by his plan, so if anything were to happen to him on the trip, he is worried about having well-informed medical providers, which he is in the process of obtaining.

5) Whether all affected parties consent, and if not, the reasons given by the party or parties for refusing to consent:

    a) Undersigned counsel would consent so long as all proceedings are stayed, to avoid being required to provide legal services while the motion to withdraw is pending.

    b) Counsel for O'Keefe and OMG states:[1] We oppose postponement of the conference on the basis you have articulated. The depositions of the Project Veritas and Project Veritas Action Fund corporate representatives were delayed last fall due to a medical issue of Mr. Wetmore's wife. Now we are faced with a similar medical justification. While we sympathize with Mr. Wetmore's current circumstances, neither PV nor PVAF is without other Board members who could serve as the corporate representative for purposes of this hearing, which at base arises from PV's and PVAF's non-payment of legal fees. Mr. Barton has attended all depositions as the corporate representative, and could attend in that capacity on January 8th.[2] Again, others could serve in that role as well.

    If the Court were inclined to grant a postponement of the hearing, we would encourage the Court to allow discovery to proceed since further delay is sought by the party dealing with withdrawal of its current counsel.

Thank you for your attention to this matter.

Respectfully submitted,

---

[1] A position from Defendant RC Maxwell was not sought. He has not filed an answer and the matter appears to otherwise be settling.

[2] Subsequent to receiving this response, I have been advised that Mr. Barton, a member of the New Hampshire House of Representatives, will be in session, attending to his legislative duties that day.

Jay M. Wolman

cc: All Counsel of Record (Via CM/ECF)
RC Maxwell < rc@rcmaxwell.com>