**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

February 24, 2025

**VIA ECF**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK (S.D.N.Y.)

Dear Judge Krause:

      I write as counsel for Plaintiffs and Counter-Claim Defendants Project Veritas and Project Veritas Action Fund (collectively, "Plaintiffs"), in accordance with Section 1.D of Your Honor's Individual Practices, to request an adjournment of the status conference currently scheduled to take place before Your Honor on February 25, 2025, to enable Plaintiffs' counsel to adequately prepare for such conference and to enable Plaintiffs' counsel and counsel for Defendants and Counter-Claim Plaintiffs James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group (collectively, "Defendants") to confer regarding an amended scheduling order in the above-captioned action. Plaintiffs' counsel has contacted Defendants' counsel to request consent to the requested adjournment, but has not yet received a response. For the reasons set forth herein, Plaintiffs respectfully submit that good cause exists for the requested adjournment, and the Court should grant Plaintiffs' request.

      By way of background, the Honorable Cathy Seibel, U.S.D.J., entered a civil case management and scheduling order in this matter on August 2, 2024, setting the original deadline for the close of fact discovery as March 14, 2025. (*See* Dkt. 68). The record reflects that, thereafter, several discovery and other disputes arose, and several conferences were held before this Court, as a result of which, on December 13, 2024, this Court ultimately ordered the original deadline for the close of fact discovery extended to May 1, 2025. The Court likewise extended the deadlines set forth in paragraphs 4(c), (d), and (e) of the original scheduling order.

      Shortly after the December 13, 2024 status conference, Plaintiffs' former counsel filed a proposed order to show cause for withdrawal of counsel. (*See* Dkt. 110). On December 23, 2024, this Court ordered "[a]ll discovery deadlines [] held in abeyance pending the resolution of Plaintiffs' counsel's motion to withdraw." (*See* Dkt. 117). Since then, additional disputes between the parties have been brought to

**Michael J. Harris**
**Law Office of Michael J. Harris**
43 West 43rd Street, Suite 148
New York, NY 10036-7424

the Court's attention, some of which the record reflects have not yet been adjudicated. (*See, e.g.*, Dkt. 118; Dkt. 119). On January 8, 2025, the Court granted Plaintiffs' former counsel's request to withdraw, and ordered that "new counsel for Plaintiffs must file a notice of appearance by no later than February 7, 2025." (Dkt. 128). Thereafter, Plaintiffs "informed the Court via email that they need[ed] an additional two weeks to meet the deadline for new counsel to file a notice of appearance," and the Court extended the time for new counsel to file a notice of appearance to February 21, 2025. (*See* Dkt. 131). Plaintiffs' local counsel entered his appearance on February 21, 2025 in accordance with the Court's order, and Plaintiffs' lead counsel anticipates filing a motion for *pro hac vice* appearance upon obtaining the necessary certificate of good standing, in accordance with Local Rule 1.3(i)-(k).

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also Stewart v. Hudson Hall LLC*, No. 20-CV-885, 2021 U.S. Dist. LEXIS 18754, at *5 (S.D.N.Y. Feb. 1, 2021). The "good cause" requirement is met where the movant establishes "that it has been diligent in its efforts to meet the court's deadlines." *Stewart*, 2021 U.S. Dist. LEXIS 18754, at *5 (internal quotations omitted). Moreover, "[i]n determining whether good cause exists," courts have "broad authority to oversee and set a discovery schedule as appropriate for [the] case." *Id.* at *6 (internal quotations omitted).

Plaintiffs submit that good cause exists for the requested adjournment. Plaintiffs were diligent in their efforts to engage new counsel, but having only been recently retained, Plaintiffs' new counsel believe an adjournment is necessary for counsel to adequately familiarize themselves with the record and outstanding issues, which appear upon review to be numerous, as well as to obtain the necessary permissions for lead counsel to appear on Plaintiffs' behalf *pro hac vice*.[1] Similarly, an adjournment would enable counsel for Plaintiffs and Defendants time to confer regarding a proposed amended scheduling order, including the deadline for the close of fact discovery. Plaintiffs therefore propose a two-week adjournment and are available on March 10, 2025 or March 11, 2025 (or at another date agreeable to the Court and counsel for Defendants).

For the reasons set forth herein, Plaintiffs respectfully submit that good cause exists for the requested adjournment and the Court should grant Plaintiffs' request.

---

[1] Both Plaintiffs' lead and local counsel also have competing obligations on February 25, 2025. For example, the undersigned is scheduled to appear in the Daniel Patrick Moynihan United States Courthouse located at 500 Pearl St, New York, NY 10007-1312, at 2:30 pm on February 25, 2025, among other pre-arranged engagements.

**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

  We thank the Court for its consideration of this request for an adjournment, and apologize to the Court for the short notice on which this request is made.[2]

                 Respectfully Submitted,

                  */s/ Michael J. Harris*

                  Michael J. Harris

---

[2] The undersigned acknowledges that requests for adjournment must usually be made at least 48 hours in advance of the proceeding to be adjourned. Because the undersigned only entered his appearance on Friday, February 21, 2025 (Dkt. 133), and Plaintiffs attempted to confer with Defendants prior to making this request, Plaintiffs could not make this request any sooner than made.