**Michael J. Harris**
**Law Office of Michael J. Harris**
43 West 43rd Street, Suite 148
New York, NY 10036-7424

March 18, 2025

**VIA ECF**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK (S.D.N.Y.)

Dear Judge Krause:

    I write as counsel for Plaintiffs and Counter-Claim Defendants Project Veritas and Project Veritas Action Fund (collectively, "Plaintiffs"), in response to the letter filed by Defendants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group (collectively, "Defendants") on December 23, 2024 (ECF No. 118), in accordance with the Court's March 17, 2025 Order (ECF No. 139). As set forth herein, Defendants' objections to Plaintiffs' privilege designations should be overruled, and Defendants' request for *in camera* review should be denied.

    To establish the existence of attorney-client privilege, a party must show that "there was '(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice.'" *Ambrose v. City of White Plains*, No. 10-CV-4946, 2011 U.S. Dist. LEXIS 172178, at *5 (S.D.N.Y. Sept. 30, 2011) (Seibel, D.J.) (quoting *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). Under certain circumstances, parties may waive privilege by placing "otherwise protected communications 'at issue' in the litigation," *Windsor Secs., LLC v. Arent Fox LLP*, 273 F. Supp. 3d 512, 518 (S.D.N.Y. 2017), but only if they "***rely*** on privileged advice from [their] counsel to make their claim or defense." *Id.* (emphasis in original). However, once the existence of the privilege has been established, the party seeking to demonstrate an "at issue" waiver bears the burden of establishing "why the privileged material is so critical . . . that it would be unfair not to breach attorney-client privilege in order to provide them with it." *Id.* at 519-520.

    We begin by addressing the obvious: Defendants do not dispute the existence of privilege in the first instance; instead, they allege that Plaintiffs' privilege claims "have been waived" purportedly because the documents subject to this dispute "appear to address matters that Plaintiffs have placed at issue in this lawsuit." (ECF

No. 118 at 1). This is an important – albeit, tacit – concession, because it means that the Court need not decide whether privilege originally existed.[1]

We are thus left only to address the question of waiver. "[C]ase law frequently ends the inquiry into 'at issue' waiver once it is established that [a] party does not intend to use [privileged] materials as proof." *Windsor*, 273 F. Supp. 3d at 518. In that regard, Plaintiffs affirmatively represent that they do not presently intend to use privileged materials as proof. If that changes, Defendants will be among the first to know. In the interim, Plaintiffs' present representation should, as in *Windsor*, end the inquiry into the question of "at issue" waiver.

Of course, it also bears mentioning that Defendants' did not even attempt to make the most minimal effort to establish that "the privileged material is so critical . . . that it would be unfair not to breach attorney-client privilege in order to provide them with it." *Id*. at 519-520. Perhaps for good reason, too – as Defendants themselves represented at the March 10, 2025 status conference, Defendants still anticipate taking 7-8 depositions. That leaves Defendants with 7-8 more opportunities to ascertain – from fact witnesses – the facts that Defendants believe to be so critical that they would have this Court trample upon the attorney-client relationship today. It also leaves them with 7-8 more opportunities to reconsider their position, which, if successful, would almost assuredly be imposed by Plaintiffs upon Defendants, with reciprocity.

Finally, to the extent that Defendants' position is that Plaintiffs waived privilege by supporting their original claims with facts – not privileged communications or materials – the issue is also moot in view of the stipulated dismissal of Plaintiffs' claims filed earlier today. (*See* ECF No. 140).

For at least the reasons given herein, Defendants' objections to Plaintiffs' privilege designations should be overruled, and Defendants' request for *in camera* review should be denied.

We thank the Court for its consideration and stand ready to address any questions the Court may have.

Respectfully Submitted,

*[signature]*

Michael J. Harris

---

[1] Notwithstanding Defendants' tacit concession, the documents in dispute readily satisfy both the attorney-client and/or work product privileges. *See Ambrose*, 2011 U.S. Dist. LEXIS 172178, at *5; *see also Upjohn Co. v. U.S.*, 449 U.S. 383 (1981).