**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

April 11, 2025

**VIA ECF**

Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

  Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK (S.D.N.Y.)

Dear Judge Seibel:

  I write on behalf of Counterclaim-Defendants, Project Veritas and Project Veritas Action Fund (collectively, "PV"), in accordance with Sections 1.A and 2.A of Your Honor's Individual Rules of Practice, to request a pre-motion conference to discuss PV's anticipated motion to dismiss the counterclaims of Counterclaim-Plaintiffs James O'Keefe and Transparency 1, LLC d/b/a OKeefe Media Group (collectively, "O'Keefe"). For the reasons set forth herein, PV respectfully requests that the Court grant PV's motion.

  As an initial matter, PV voluntarily dismissed all of its claims, by stipulation of the parties, on March 18, 2025. (*See* Dkt. 140). As a result, only O'Keefe's state law claims remain pending. While the Court has discretion to retain supplemental jurisdiction over O'Keefe's state law claims, the Court should decline to exercise such discretion where, as here, the Court "has dismissed all claims over which it ha[d] original jurisdiction," *Chapman v. Crane Co.*, 694 Fed. Appx. 825, 828 (2d Cir. May 31, 2017), unless the Court "independently" satisfies itself that exercise of jurisdiction is proper. *See, e.g., Penske Media Corp. v. Shutterstock, Inc.*, No. 20-CV-04583, 2024 U.S. Dist. LEXIS 42215, at *2 (S.D.N.Y. Mar. 11, 2024).

  Whether or not the Court determines that jurisdiction is proper, O'Keefe's claims must still be dismissed. "Rule 12(h)(2) permits a party to raise the defense of failure to state a claim at any time before the end of trial, including in a motion for judgment on the pleadings under Rule 12(c)." *Stephen v. City of New York*, No. 12-CV-1295, 2016 U.S. Dist. LEXIS 154856, at *2 (E.D.N.Y. Nov. 8, 2016). Moreover, "[a] motion to dismiss for lack of Article III standing challenges the subject matter jurisdiction of a federal court and, accordingly, is properly brought under Fed. R. Civ. P. 12(b)(1)." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). O'Keefe's state law claims, specifically, Counts 1 (Breach of Contract), 2 (Defamation), 3

(Publication of Private Facts), 4 (Intentional Infliction of Emotional Distress), and 7 (Breach of Duty of Good Faith and Fair Dealing), should be dismissed pursuant to Rules 12(b)(6) and 12(c), for failure to state a claim.  Count 8 (Breach of Fiduciary Duty) should be dismissed for lack of standing pursuant to Rule 12(b)(1).

As to Counts 1 and 7, "[t]he general rule [is] that an employer can *suspend or discharge* an employee at will for any reason, wise or unwise, fair or unfair, as long as this decision is not based on discrimination." *See, e.g.*, *Holleman v. Art Crating Inc.*, No. 12-CV-2719, 2014 U.S. Dist. LEXIS 139916, at *128 (E.D.N.Y. Sept. 30, 2014) (emphasis added).  O'Keefe thus cannot satisfy his burden of establishing a breach of contract (or breach of duty) as a matter of law.

As to Count 2, all of O'Keefe's claims for defamation should be dismissed because O'Keefe is a public figure and he failed to sufficiently plead actual malice on the part of PV.  *See, e.g.*, *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015); *Prince v. Intercept*, 634 F. Supp. 3d 114, 134 (S.D.N.Y. 2022).  "Whether or not a person . . . is a public figure is a question of law for the court to decide." *Prince*, 634 F. Supp. 3d at 134 (internal quotations omitted).  Courts in the Second Circuit regularly find that well-known journalists, such as O'Keefe, are public figures. *See, e.g.*, *Brimelow v. NY Times Co.*, No. 21-CV-66, 2021 U.S. App. LEXIS 31672, at *4-5 (2d Cir. Oct. 21, 2021).  O'Keefe's allegations, for example, that "[f]or nearly two decades, James O'Keefe stood as a beacon of fearless journalism, his name internationally synonymous with hard-hitting exposés shaking the foundations of power," among many others, establish that O'Keefe is a public figure.  As such, he was required to plead actual malice.  Since he failed to adequately do so, all of his claims for defamation should be dismissed.

Even if the Court were to determine that O'Keefe sufficiently pleaded actual malice, many, if not all, of O'Keefe's claims for defamation should nonetheless be dismissed as a matter of law at least because the statements that form the basis of such claims do not rise to the level of actionable defamatory statements.  "Whether particular words are defamatory presents a legal question to be resolved by the court[s] in the first instance." *Rosa v. Eaton*, No. 23-CV-6087, 2024 U.S. Dist. LEXIS 112753, at *6 (S.D.N.Y. Jun. 25, 2024) (internal quotations omitted).  "Not all (or even most) maligning remarks can be considered defamatory." *Chau v. Lewis*, 771 F.3d 118, 127 (2d Cir. 2014).  Moreover, "[a] vague suggestion of criminality cannot be a basis for a defamation claim." *Rosa*, 2024 U.S. Dist. LEXIS 112753, at *9.  Indeed, "courts have recognized that words like 'scum,' 'predators,' 'greedy crooks,' and 'criminals [preying] on street art culture' are vague, imprecise statements of hyperbole considered nonactionable opinion." *Id.*  This is especially true in the context of "[o]nline fora" such as X (formerly, Twitter), because they are "informal, unedited, and typically regarded as fora for stating opinions." *See id.* at *10.[1]

---

[1] The vast majority of purportedly defamatory statements were allegedly made by Matthew Tyrmand, a former director of PV.  Mr. Tyrmand was not affiliated with PV at the time such statements were

As to Count 3, "New York law does not recognize a common-law right of privacy," including a cause of action for publication of private facts. *See, e.g.*, *Sweigert v. Goodman*, No. 23-CV-5875, 2024 U.S. Dist. LEXIS 189346, at *17 (S.D.N.Y. Oct. 11, 2024); *see also Margan v. Niles*, 250 F. Supp. 2d 63, 77 (N.D.N.Y. 2003); *Messenger v. Gruner + Jahr Printing & Publishing*, 94 N.Y.2d 436, 441 (2000). As such, this claim is properly dismissed as a matter of law.

And, Count 4 should be dismissed as a matter of law because the conduct alleged is not sufficiently outrageous to state a claim for intentional infliction of emotional distress. "[T]he issue of whether the alleged conduct is sufficiently outrageous to permit submission to a jury is a question of law for the court." *Silberstein v. Advance Magazine Publishers*, 988 F. Supp. 391, 392 (S.D.N.Y. 1997). To meet the standard of "outrageousness" required to state a claim of intentional infliction of emotional distress, "the conduct must be so outrageous in character, and so outrageous in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Gill v. Giuliani*, No. 23-CV-4087, 2024 U.S. Dist. LEXIS 212208, at *12 (S.D.N.Y. Nov. 21, 2024). This claim is "a highly disfavored tort under New York law" and it is only to be invoked "as a last resort." *Id.* Because O'Keefe have not alleged conduct sufficiently outrageous to support a claim for intentional infliction of emotional distress, this claim should be dismissed as a matter of law. *See, e.g. id.*

Finally, as to Count 8 for breach of fiduciary duty, this claim should be dismissed for lack of standing because "New York law provides that directors and officers may only bring an action against another director or officer for certain violations of duties if the director making the allegations occupies his office *at the time the action is brought*." *Freedom Calls Found. v. Bukstel*, No. 5-CV-5460, 2006 U.S. Dist. LEXIS 19685, at *82-83 (E.D.N.Y. Mar. 7, 2006) (emphasis in original); *see also Garcia v. Communities in Schools of Brazoria County, Inc.*, No. 18-H-4588, 2019 U.S. Dist. LEXIS 97017, at *28-31 (S.D. Tex. Jun. 10, 2019) (dismissing, with prejudice, claims of breach of fiduciary duty and holding that "a former member of a nonprofit organization lacked standing to bring claims that the organization's board members committed *ultra vires* acts against him and the organization . . . because the plaintiff was no longer a member when he sued."). Because O'Keefe was not a board member or officer when he filed his claims, he lacks standing to sue either the Board, its Directors, or PV.

For at least the foregoing reasons, PV respectfully requests that the Court grant its motion for a pre-motion conference. We thank the Court for its consideration.

---

allegedly made. Even if he were, the statute of limitations bars O'Keefe's claims against PV as to at least some such statements. *See* NY CPLR § 215(3).

Respectfully Submitted,

*[signature]*

Michael J. Harris