UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PROJECT VERITAS and PROJECT VERITAS
ACTION FUND,

        Plaintiffs / Counterclaim Defendants,     **DECISION AND ORDER**

        -against-     23 Civ. 4533 (CS) (AEK)

JAMES O'KEEFE and TRANSPARENCY 1, LLC,
d/b/a O'KEEFE MEDIA GROUP,

        Defendants / Counterclaimants.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Currently before the Court is the motion of Defendants / Counterclaimants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group ("Counterclaimants") seeking leave to effect service of a deposition subpoena on non-party witness Matthew Tyrmand by alternative means. ECF Nos. 101, 102, 116.[1] Plaintiffs / Counterclaim Defendants Project Veritas and Project Veritas Action Fund (together, "Project Veritas") do not oppose the motion to the extent that it seeks to effect service of a subpoena by alternative means. *See* ECF Nos. 107, 138.[2] For the reasons that follow, the motion is GRANTED.

---

[1] The only causes of action remaining in this case are the Counterclaimants' counterclaims. *See* ECF No. 140.

[2] Project Veritas noted, however, in a letter filed by their original counsel, that "[t]here is nothing essential about [Mr. Tyrmand's] testimony or documents in his possession," and that "[n]on-opposition to service of the subpoena is not intended to be a waiver of any rights [Project Veritas] may have to object to specific document requests or otherwise ensure that documents that may be produced are properly protected." ECF No. 107 at 2 & n.2. After the instant motion was filed, Project Veritas's original counsel filed a motion to withdraw, which was granted, *see* ECF No. 128; new counsel has since appeared on behalf of Project Veritas, *see* ECF No. 133. In a letter filed by Project Veritas's new counsel on March 14, 2025, counsel reiterated that Project Veritas does oppose the request for alternative service on Mr. Tyrmand. *See* ECF No. 138.

BACKGROUND

Counterclaimants have been trying to serve a deposition subpoena on Mr. Tyrmand, "a former Project Veritas board member," who is, according to Counterclaimants, "one of the central characters" in the actions at issue in this case. ECF No. 101 at 1-2. Mr. Tyrmand is alleged to be "directly responsible for the way in which Mr. O'Keefe's separation from Project Veritas unfolded, and is indisputably connected to key facts and evidence." *Id.* at 2.

Counterclaimants initially "coordinated with [Project Veritas's] counsel to set Mr. Tyrmand's deposition" and issued a subpoena for that deposition in October 2024. *Id.* at 2 & Ex. A.[3] Counterclaimants unsuccessfully attempted to serve the subpoena on Mr. Tyrmand at his address in Miami, Florida multiple times—on October 18, 19, 22, 25, and 31, 2024—as well as once in November 2024 at a New York address where Mr. Tyrmand was known to reside. *Id.* at 2-3 & Ex. B. In response to Counterclaimants' discovery requests, Project Veritas's counsel provided the same Miami address for Mr. Tyrmand that Counterclaimants had used for their unsuccessful attempts at service, confirming that Counterclaimants had the correct address for Mr. Tyrmand. *Id.* at 3. Counterclaimants thereafter rescheduled Mr. Tyrmand's deposition to December 16, 2024, and attempted to serve another subpoena on Mr. Tyrmand at the Miami address on November 27, 28, and 30 and December 3, 2024. *Id.* at 3 & Exs. C, D. Each of those attempts was unsuccessful.

At or around the time that Counterclaimants were attempting to serve the deposition subpoenas on Mr. Tyrmand, Mr. Tyrmand appeared on an episode of the *Dangerous Rhetoric* podcast, which was released on November 23, 2024. During that podcast episode, Mr. Tyrmand

---

[3] While the motion papers state that the subpoena was issued on October 28, 2024, the subpoena itself is dated October 11, 2024, with the contemplated deposition slated to take place on November 12, 2024. *See* ECF No. 101-1.

2

said, regarding this case, "if they ever serve me, I'll happily be deposed." *Dangerous Rhetoric* Episode 125 (Nov. 23, 2024), https://www.youtube.com/watch?v=FqDwRA4zZAQ [https://perma.cc/EK37-KVYT]; *see* ECF No. 101 at 2 & nn. 1-2.

In addition, Counterclaimants have provided screenshots from X taken on December 5, 2024, evidencing that during November 2024, Mr. Tyrmand made posts on X which reflect his awareness of this litigation and its progress and in which he mentioned Counterclaimants' counsel. *See* ECF No. 116-1 ¶ 5 & Ex. B. Counterclaimants' counsel emailed Mr. Tyrmand a copy of the second subpoena on November 28, 2024, at the email address provided by Project Veritas's counsel in response to discovery requests, and asked Mr. Tyrmand to accept service. *Id.* at 3 & Ex. E; *see also* ECF No. 116-1, Ex. A. The filings in support of the instant motion reveal that as of December 19, 2024, Counterclaimants' counsel had not received a response from Mr. Tyrmand either confirming receipt or accepting service, *see* ECF No. 101 at 3; ECF No. 116-1 ¶ 4, and no further contact with Mr. Tyrmand was disclosed to the Court at the March 10, 2025 status conference.

Through their motion, Counterclaimants seek the Court's permission to effect alternative service of a subpoena on Mr. Tyrmand by "email and/or X post." ECF No. 101 at 4.

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). The word "delivering" is not defined in the Federal Rules of Civil Procedure, and "there is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." *SEC v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (cleaned up). District courts have therefore "authorized alternative service that is reasonably designed to ensure that a witness actually receives a

3

subpoena." *Id.* at 454 (quotation marks omitted).  Requests to employ alternative methods of service of subpoenas have been granted "where such service reasonably insures actual receipt of the subpoena by the witness and comports with due process insofar as it is reasonably calculated under the circumstances to provide the witness with both notice and an opportunity to present objections." *Id.* (cleaned up).

"[S]ome courts have only granted leave to effect alternative service after a showing of diligence in attempting personal service." *Ahmed v. City of New York*, No. 22-cv-8007 (JHR) (JW), 2024 WL 2884039, at *1 (S.D.N.Y. May 23, 2024).  Here, Counterclaimants have demonstrated that they diligently attempted to effect personal service of their subpoenas on Mr. Tyrmand, and have documented multiple attempts—nine at Mr. Tyrmand's Miami address and one at his New York address—without success.  Therefore, the Court grants Counterclaimants' request to serve a subpoena on Mr. Tyrmand via alternative means.  *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-cv-9116 (PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (authorizing service by alternative means where party seeking deposition attempted personal service nine times).

Counterclaimants seek leave to effect service of a subpoena via email.  "Courts have permitted alternative service by email where appropriate under the circumstances." *Juniper Time Investor, LLC v. Wellington*, No. 19-cv-3393 (NSR), 2022 WL 20582421, at *1 (S.D.N.Y. July 27, 2022); *NYKCool A.B. v. Pacific Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) ("service by email has been judicially approved [where] the movant supplied the Court with some facts indicating that the person to be served would be likely to receive [service] at the given email address.").  Counterclaimants state in their brief that they obtained Mr. Tyrmand's email address from Project Veritas's counsel through discovery and that "the documents

4

exchanged in discovery confirm that Mr. Tyrmand uses the email address produced by [Project Veritas's] counsel." ECF No. 102 at 2. As already noted, on November 28, 2024, Counterclaimants' counsel emailed Mr. Tyrmand a copy of the subpoena at the email address provided by Project Veritas's counsel. *See* ECF No. 116-1, Ex. A. While Mr. Tyrmand did not respond to the email, *id.* ¶ 4, there is no evidence that the email was returned as undeliverable. Courts have found that service via email is reasonably calculated to provide notice when test emails sent to viable addresses do not generate bounce-back responses. *See Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, No. 15-cv-246 (DOC), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) ("Many cases have found service of process by email to be reasonably calculated to provide actual notice when the test email is not returned as undeliverable or bounced back.") (citing cases); *see also Fusa Franchisor SPV LLC v. SGB, Inc.*, No. 23-cv-2673 (AB), 2023 WL 8125854, at *2 (C.D. Cal. Aug. 28, 2023) (finding that plaintiff had demonstrated that service by email to defendants was "reasonably calculated to provide notice to the party to be served" where emails sent to addresses at which plaintiff last tried to contact defendants "did not receive a 'bounce back' response"). Under the circumstances presented here, the Court approves alternative service of a subpoena by email, as it is reasonably calculated to provide timely, actual notice of the subpoena to Mr. Tyrmand. *See Juniper Time Investor, LLC*, 2022 WL 20582421, at *1 (allowing alternative service of subpoenas by email where the plaintiff "has clearly established its diligence taken to serve [the recipient] and has provided some facts indicating that [the recipient] is able to be contacted at the email address").

Counterclaimants also seek to effect service of a subpoena on Mr. Tyrmand via social media, *i.e.*, his account on X. As previously discussed, Counterclaimants have provided screenshots from X taken on December 5, 2024, evidencing that Mr. Tyrmand follows

5

Counterclaimants' counsel on X, and that Mr. Tyrmand has mentioned counsel in posts he made on X around that time.  *See* ECF No. 116-1 ¶ 5 & Ex. B.  The screenshots also demonstrate Mr. Tyrmand's awareness of this litigation and its progress.  *See id.*  Alternative service via social media has been approved where it has been shown that such service is reasonably calculated to provide notice.  *See In re Three Arrows Capital, Ltd.*, 647 B.R. 440, 455-57 (Bankr. S.D.N.Y. 2022) (approving alternative service of subpoena via email and Twitter as "reasonably calculated to provide notice").  Counterclaimants' showing of Mr. Tyrmand's recent use of X, as well as his particular reference to their counsel on X, supports the conclusion that alternative service of a subpoena on Mr. Tyrmand via X would be appropriate, as it is reasonably calculated to provide timely, actual notice to him.  *See id.* at 456 (parties requesting permission to effect alternative service "included facts showing recent and actual use of" the Twitter account; the court noted that "the Twitter use appears to be somewhat public, and the continued use of public Twitter accounts could ostensibly provide probative evidence of actual receipt of the subpoenas").

  Based on the foregoing, Counterclaimants have established that service of a subpoena on Mr. Tyrmand both at his email address and through his X account is likely to reach Mr. Tyrmand and is reasonably calculated to give him notice of the subpoena.  Moreover, service by these alternative means is also reasonable under the circumstances because, as demonstrated by Counterclaimants, Mr. Tyrmand already has notice of the litigation, and is even aware that "depositions are ongoing."  *See* ECF No. 116-1, Ex. B.  Accordingly, service of a subpoena by these alternative means would comport with due process.

## CONCLUSION

For the foregoing reasons, Counterclaimants' motion for service by alternative means is GRANTED. Counterclaimants may serve a subpoena on Mr. Tyrmand via email and via Mr. Tyrmand's X account, and must file proof of service on the docket no later than one week after service is completed. Counterclaimants are reminded that, as previously ordered by the Court, the deadline for the completion of all fact depositions is July 1, 2025. *See* Docket Sheet, Minute Entry dated 03/10/2025.

The Clerk of Court is respectfully directed to mark the motion at ECF No. 101 as GRANTED.

Dated: April 24, 2025
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge