

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nick Whitney, Esq.
*nwhitney@smartbizlaw.com*

Charlie Hardage, Esq.
*Of counsel*

**CHILDERS LAW, LLC**

Tuesday, May 6, 2025

**Via Electronic Filing and E-Mail chambersnydeseibel@nysd.uscourts.gov**

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:  Request for Pre-Motion Conference
 Case No.:  7:23-cv-04533
 **Re:  *Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Seibel:

I write on behalf of Counterclaim-Plaintiffs James O'Keefe ("Mr. O'Keefe") and O'Keefe Media Group (together "O'Keefe") in accordance with §§ 1.A and 2.A of Your Honor's Individual Practices and Local Rule 7.1(d) to request a pre-motion conference to discuss O'Keefe's anticipated motion for leave to amend counterclaims to assert a claim under the Stored Communications Act, 18 U.S.C. §§ 2701 et seq. Counterclaim-Plaintiffs anticipate filing a motion moving the Court for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1.

Leave to amend pleadings "shall be freely given when justice so requires." See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). In the Second Circuit, "[t]he rule … has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack*, 863 F. 3d at 174 (cleaned up). "[M]ere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.*

Counterclaim-Plaintiffs seek leave to amend their counterclaims to add a claim under the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701 et seq. This amendment is based on evidence and testimony confirming that Project Veritas intentionally accessed Mr. O'Keefe's private communications without authorization after his departure from the organization in February 2023. During sworn testimony in July 2024, Project Veritas's IT Director Joshua Hughes admitted to accessing all of Mr. O'Keefe's private messages, suggesting a good faith basis for this claim. During his deposition on November 7, 2024, former Project Veritas President Joseph Barton confirmed that he obtained Mr. O'Keefe's

Telegram messages, text messages, emails, and pictures without Mr. O'Keefe's authorization. Project Veritas's unauthorized access to Mr. O'Keefe's communications and embedded photos, which contained private communications not intended for public disclosure, constitutes a clear violation of the SCA's prohibition against unauthorized access to stored electronic communications. See *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F.Supp.2d 548, 556 (S.D.N.Y. 2008).

The proposed amendment arises from information revealed during discovery, is timely sought before the close of discovery, and addresses conduct previously raised in O'Keefe's state law counterclaim for Publication of Private Facts. "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (cleaned up). Courts in this District have specifically permitted amendments where statutory claims and the underlying facts are intertwined with the existing claims and the amendment would not require extensive additional discovery. See *Daniels v. Loizzo*, 174 F.R.D. 295, 298 (S.D.N.Y. 1997) (holding that since claims related closely (if not exclusively) to the original Section 1983 allegations any additional discovery was not sufficiently extensive to preclude plaintiff from amending the complaint).

The proposed amendment is not sought for any improper purpose or delay, but rather to address this serious violation of federal law that came to light during discovery. The SCA provides specific remedies for such violations, including statutory damages, punitive damages, and attorneys' fees, which are not otherwise available under the existing counterclaims. Recently, after the case was stayed for several months to give Project Veritas the opportunity to secure new counsel, Project Veritas sought to dismiss O'Keefe's state law claims, including counterclaims directed at the same unauthorized access and disclosures. Given the intertwinement between the existing state law claims and a claim under the SCA, there is no prejudice to Project Veritas, who has been on notice of these claims since no later than August 21, 2024, when O'Keefe first filed their counterclaims. Rule 15 "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and "mere technicalities" should not prevent cases from being decided on the merits. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

Based on the foregoing, O'Keefe respectfully requests that the Court grant a pre-motion conference. Thank you for your consideration and attention to this matter.

Sincerely,

Nick Whitney, Esq.
cc:  all counsel of record via CM/ECF