

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nick Whitney, Esq.
*nwhitney@smartbizlaw.com*

Charlie Hardage, Esq.
*Of counsel*

May 15, 2025

<u>**Via Electronic Filing**</u>

Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: Project Veritas et al. v. O'Keefe et al., No. 23-CV-04533-CS-AEK (S.D.N.Y.)

Dear Judge Seibel:

I write on behalf of Counterclaim-Plaintiffs, James O'Keefe and Transparency 1, LLC d/b/a OKeefe Media Group (collectively, "OMG" or "O'Keefe"), in response to Project Veritas' and Project Veritas Action Fund's (collectively, "PV") letter dated April 11, 2025 [Doc. 144], requesting a pre-motion conference to discuss PV's anticipated motion to dismiss O'Keefe's counterclaims. For the reasons set forth herein, OMG respectfully requests that the Court deny PV's request and continue to exercise jurisdiction over OMG's counterclaims.

First, OMG has a concurrent request before this Court to amend (for the first time) the Counterclaims to allege a federal cause of action under the Stored Communications Act, 18 U.S.C. §§ 2701 et seq., which arises from the same nucleus of operative facts as PV's now-dismissed claims giving rise to this Court's jurisdiction. *See* Doc. 150. OMG's intended amendment would nullify PV's invitation that the Court decline to exercise supplemental jurisdiction.

Second, PV's request that the Court decline to exercise supplemental jurisdiction over OMG's state law claims should be rejected based upon principles of fairness and judicial economy. PV chose this federal forum in 2023 and asked the Court to exercise supplemental jurisdiction over its own state law claims pursuant to 28 U.S.C. § 1367. PV even sought equitable relief in the form of a preliminary injunction, consuming significant Court resources. The Court appointed a magistrate judge, who has overseen complex discovery while accommodating a three-month absence of PV's counsel. After litigating in this Court for nearly two years, PV now seeks to deprive OMG of the very forum PV selected. Courts routinely reject such forum-shopping tactics, especially when, as here, they appear

calculated to prejudice the opposing party after substantial judicial resources have already been expended. *See e.g., Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536, 545 (2d Cir. 1989) ("even when federal claims are resolved before trial, comity does not automatically mandate dismissal of pendent state claims"); *Philatelic Found. v. Kaplan*, 647 F. Supp. 1344, 1348 (S.D.N.Y. 1986) ("We are not willing to defeat the common sense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation—by a conceptual approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim.")

As the Second Circuit in *Enercomp* observed, it would "st[and] judicial economy on its head" to not proceed with OMG's claims after two years of pretrial litigation. As in *Kaplan*, the anticipated completion of discovery in the near future, the familiarity of the Court with the issues, and the prior proceedings justify this Court's continued exercise of supplemental jurisdiction.

Third, O'Keefe's counterclaims are compulsory, and the Court should therefore exercise its supplemental jurisdiction. Federal courts have ancillary jurisdiction over compulsory counterclaims, even though they might ordinarily be matters for state courts. *See, Baker v. Gold Seal Liquors*, 417 U.S. 467 (1974); *see also, Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004) (federal courts have authority over compulsory counterclaims under 28 U.S.C. § 1367(a)).

Fourth, O'Keefe would be significantly prejudiced if forced to refile his claims in state court, as several claims may now be time-barred. As PV's own letter [Doc. 144] acknowledges in footnote 1, at least some of O'Keefe's defamation claims may already face statute of limitations challenges under New York CPLR § 215(3), which imposes a one-year limitations period. Additionally, O'Keefe's claims for publication of private facts and intentional infliction of emotional distress would similarly be subject to New York's one-year statute of limitations. Even O'Keefe's breach of fiduciary duty claim (or significant portions thereof) could be time-barred if required to be refiled, as it is subject to a three-year statute of limitations for monetary damages. The potential prejudice to O'Keefe is substantial and provides compelling reason for this Court to retain jurisdiction.

And fifth, concerning PV's arguments on the merits of each of OMG's operative counterclaims, OMG should be afforded an opportunity to amend the counterclaims to cure any defects or clarify the underlying facts if the Court deems it necessary. With respect to PV's arguments in favor of dismissal of Counts 1, 2, 3, 4, 7, and 8, O'Keefe disputes the characterization of his claims. O'Keefe's claim in Count 1 seeks damages for Project Veritas's breaches before his separation from PV. As two PV Board members have testified, O'Keefe was not terminated from his employment until May 15, 2023. PV is estopped from now arguing that O'Keefe was terminated as of February 6, 2023, when O'Keefe's claim for damages directly and proximately caused by PV's breach of the Employment Agreement began.

As a further example, if the Court were to dismiss Count 2 for defamation for failure to plead actual malice, such dismissal should be without prejudice, and O'Keefe would amend to plead actual malice. PV glosses over its own defamatory statements as if they were "vague suggestion[s] of criminality." PV's defamation went well beyond vague suggestions, accusing O'Keefe of "violat[ing] laws of both statute and decency," "misappropriate[ing] massive amounts of donor/non profit funds," and claiming that O'Keefe "is nothing short of a criminal given the crimes he committed." PV falsely asserts that Matthew Tyrmand was "not affiliated with PV at the time such statements were made." This is a factual issue not evident from the face of the pleadings, and despite PV's false assertion, not a determination ripe for a motion to dismiss.

And as a final example, PV misconstrues the holdings in the cases it cites in support of its suggested dismissal of Count 8 for breach of fiduciary duty, as those cases dealt with derivative claims. OMG has brought direct claims against PV for the Board's breaches of its fiduciary duties (mismanagement and self-dealing) leading to personal damages to O'Keefe. See, *Higgins v. N.Y. Stock Exch., Inc.*, 806 N.Y.S.2d 339, 347 (N.Y. Sup. 2005) (allowing for direct claims to be asserted against a corporation where the shareholder alleges breach of a duty owed independent of any duty owed to the corporation).

For these reasons, PV's pursuit of the dismissal of all of O'Keefe's counterclaims is unlikely and OMG should be afforded an opportunity to amend even if dismissal were appropriate. Based upon principles of fairness and judicial economy, PV's suggestion that the Court decline to exercise its supplemental jurisdiction should be rejected. We thank the Court for its consideration.

Respectfully Submitted,

Nick Whitney, Esq.
cc:  all counsel of record via CM/ECF