**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

May 19, 2025

**VIA ECF**

Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK
> (S.D.N.Y.)

Dear Judge Seibel:

I write on behalf of Counterclaim-Defendants, Project Veritas and Project Veritas Action Fund (collectively, "PV"), in response to the letter-motion for a pre-motion conference filed by Counterclaim-Plaintiffs James O'Keefe and O'Keefe Media Group (collectively, "O'Keefe") on May 6, 2025. (*See* Dkt. 150). For at least the reasons set forth herein, O'Keefe's motion should be denied. *First*, O'Keefe has not, and cannot, establish good cause to amend his counterclaims after the deadline set forth in the original scheduling order. (*See* Dkt. 68 at ¶ 2). *Second,* even if O'Keefe could establish good cause, his proposed amendment would be futile. *Third*, allowing O'Keefe to amend at this late stage would cause prejudice to PV. For any one of, or all of, these reasons, O'Keefe's motion should be denied.

"Where, as here, there is a scheduling order in place that establishes a deadline for seeking leave to amend, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Capak v. Epps*, No. 178-CV-4325, 2020 U.S. Dist. LEXIS 63479, at *4 (S.D.N.Y. Apr. 7, 2020) (quoting *Homes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)). The "good cause" inquiry turns primarily on the diligence of the moving party. *See id.* at *5; *see also Namin v. Broadridge Fin. Sols., Inc.*, No. 22-CV-749, 2023 U.S. Dist. LEXIS 122265, at *2 (D. Conn. Jul. 17, 2023) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). Only "[i]f the moving party demonstrates diligence under Rule 16" does the Court then apply "Rule 15(a) to determine whether the amendment is otherwise proper." *Capak*, 2020 U.S. Dist. LEXIS 63479, at *5.

There can be no debate that this Court entered a scheduling order on August 2, 2024, pursuant to which "[a]ny pre-motion conference in connection with a motion

to amend or join additional parties must [have] be[en] requested" by October 28, 2024. (*See* Dkt. 68 at ¶ 2).[1] Notwithstanding this fact, O'Keefe now seeks leave to amend *almost seven months* after the deadline. O'Keefe admits that his proposed amendment is based upon "sworn testimony in July 2024" and a deposition conducted "on November 7, 2024." (*See* Dkt. 150 at 1-2). But what he fails to do is explain the basis for his delay in seeking leave to amend. Certainly, if his proposed amendment is based on testimony from July 2024, he could have met the deadline to amend set forth in the scheduling order. And, even if he could not have sought leave to amend until after the November 7, 2024 deposition of Joseph Barton, O'Keefe fails to explain why he waited until now to seek leave to amend. Put simply, O'Keefe's conduct is the antithesis of diligence and Rule 16 forecloses the relief he now seeks.

Even if the Court were to find that O'Keefe has satisfied the good cause standard under Rule 16 – he has not – "[c]ourts will find 'good reason' to deny a request for leave to amend pursuant to Rule 15 where the proposed amendment is futile because, for example, it fails to state a viable legal claim or is time-barred." *Capak*, 2020 U.S. Dist. LEXIS 63479, at *5. To the extent the Court reaches Rule 15, O'Keefe's request for leave to amend should be denied at least because his proposed claim under the Stored Communications Act (18 U.S.C. §§ 2701 *et seq*.) would be futile. The Stored Communications Act "aims to prevent hackers from obtaining, altering or destroying certain stored electronic communications." *See, e.g.*, *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 587 F. Supp. 2d 548, 555 (2d Cir. Aug. 22, 2008). It does not apply to electronic communications stored on an employer's computers because an employer "has the right to search these" communications, and an employee has no reasonable expectation of privacy in such communications. *See Freedom Calls Found. v. Bukstel*, No. 5-CV-5460, 2006 U.S. Dist. LEXIS 19685, at *87 (E.D.N.Y. Mar. 7, 2006). Indeed, "where the employer has a policy which clearly informs employees that company computers cannot be used for personal e-mail activity, and that they will be monitored" courts "have routinely found that employees have no reasonable expectation of privacy in their workplace computers." *Pure Power*, 587 F. Supp. 2d at 559-560. PV has precisely such a policy, of which O'Keefe is no doubt aware, having signed the introductory letter himself. (*See* Exhibit 1). For at least this reason, O'Keefe's proposed counterclaim would be futile and should be denied.

Finally, addition of O'Keefe's proposed claim under the Stored Communications Act at this late stage would severely prejudice PV. Aside from the fact that the request is untimely, if granted, this additional claim would require the expenditure of "significant additional resources to conduct discovery and prepare for trial" potentially causing "significant[] delay [in] the resolution of the dispute." *See Capak*, 2020 U.S. Dist. LEXIS 63479, at *6. To be sure, although O'Keefe contends

---

[1] While the Court has since amended the scheduling order with respect to various discovery deadlines, the Court has not changed the deadline for amended pleadings.

that this proposed claim "addresses conduct previously raised in O'Keefe's state law counterclaim for Publication of Private Facts," (Dkt. 150 at 2), as set forth in PV's letter-motion dated April 11, 2025, that state law claim was never viable under New York law (Dkt. 144 at 3), and even if it were, claims under the Stored Communications Act have entirely distinct elements. *See Pure Power*, 587 F. Supp. 2d at 555. For at least these reasons, addition of this claim would require significant additional discovery and preparation, and would delay the resolution of this case, providing yet another basis to deny O'Keefe's belated request.

For at least the foregoing reasons, PV respectfully requests that O'Keefe's motion be denied. PV looks forward to addressing any questions the Court may have at the upcoming conference regarding PV's anticipated motion to dismiss, and we thank the Court for its consideration.

Respectfully Submitted,

Michael J. Harris