

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nick Whitney, Esq.
*nwhitney@smartbizlaw.com*

Charlie Hardage, Esq.
*Of counsel*

May 23, 2025

**Via Electronic Filing**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Discovery Status Report
        Case No.:  7:23-cv-04533
        *Project Veritas, et al. v. James O'Keefe, et al.*

Dear Judge Krause:

I write on behalf of Defendants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group ("Defendants") in the above-referenced matter to request modification of the deposition schedule adopted by the Court and to request an extension of the deadline to complete fact depositions in compliance with Your Honor's Order entered on May 9, 2025 [Doc. 153].

First, Defendants apply to this Court to adjust the deposition schedule such that John Garvey's deposition will proceed on June 17, 2025. Mr. Garvey was unavailable on the backup dates previously reserved and has agreed through counsel to this alternative date. Plaintiffs Project Veritas and Project Veritas Action Fund ("Plaintiffs") consent to this portion of the application.

Second, Defendants request an extension of the fact witness deposition deadline (currently July 1, 2025) for good cause. Defendants have been diligently trying to set and reset deposition dates using the agreed-upon backup dates but have been unable to schedule the non-party witnesses on the available backup dates. To illustrate:

i. In the Court's Order adopting the parties' proposed deposition schedule [Doc. 153], Barry Hinckley's deposition was to occur on May 21, 2025, or on one of the three agreed-upon backup dates at the end of June. After entry of the Order, the undersigned was contacted by Mr. Hinckley's counsel, who relayed that Mr. Hinckley was not available on May 21, 2025, and his counsel is not available on any of the agreed-upon backup dates. After conferring with Plaintiffs' counsel, there are no alternative dates between now and the end of June on which the deposition can be reset. Mr. Hinckley's counsel has filed a Motion to Quash Non-Party Subpoena in the Southern District of Florida and seeks a protective order. Those proceedings will likely necessitate further briefing, and even on an expedited schedule, resolving the issues by July 1st seems improbable.

ii. Defendants have been unable to effectuate service upon Tom O'Hara, who served as Chief Financial Officer at the time the present dispute arose and is a material fact witness. In the Order, Mr. O'Hara's deposition was set for May 22, 2025. The parties have agreed to utilize the June 26, 2025, backup date, and Defendants continue to attempt to serve Mr. O'Hara with a revised subpoena to that effect. Defendants anticipate having to move this Court to authorize alternative service, which would entail further process and delay.

iii. Following entry of the Order, the undersigned was contacted directly by Matthew Tyrmand, who stated that he was unavailable for his deposition on May 28, 2025. Upon Mr. Tyrmand's suggestion, his deposition has been reset for June 30, 2025, and July 1, 2025. Mr. Tyrmand requested that his deposition be scheduled for two consecutive days "given the depth of material that needs to be covered".[1] Defendants believe there is an appreciable risk that Mr. Tyrmand will engage counsel and further postponement of his deposition will be requested to evaluate the materials in Mr. Tyrmand's possession. Admittedly, this scenario has not yet unfolded, but Defendants raise the possibility in an abundance of caution.

iv. Defendants have prepared a notice and subpoena for the deposition of Kyle Seraphin utilizing the last-remaining backup date, but service has not yet been affected. No dates remain between now and July 1, 2025, to schedule the depositions of the remaining non-party witnesses listed in the Order.[2]

Defendants have been diligent in scheduling depositions and coordinating with the non-party witnesses. Discovery was held in abeyance for the three-plus months that Plaintiffs Project Veritas and Project Veritas Action Fund were without counsel. Even before Plaintiffs'

---

[1] Defendants apply to adjust the deposition schedule to allow for this July 1, 2025, date, which was not reserved as a backup date.

[2] Defendants apply to add Hannah Giles' deposition to the list of depositions provided for in the Order. Ms. Giles served as Project Veritas' President immediately following Mr. O'Keefe's departure and is a material witness in this action. Defendants overlooked the need for Ms. Giles' testimony when submitting the proposed deposition schedule on May 5, 2025, and hope to rectify that oversight.

counsel withdrew, Defendants set the Plaintiffs' corporate representatives for deposition on two separate occasions, and each time Plaintiffs cancelled those depositions. Now, the corporate representatives' depositions are consuming three dates ahead of the discovery cutoff, contributing to the difficulties in finding available dates. In short, the current predicament is not due to Defendants' lack of diligence.

Plaintiffs will not be prejudiced by a reasonable extension of the deadline to complete fact witness depositions. The Court recently set a briefing schedule for a proposed amendment to Defendants' counterclaims, curing defects raised by the Plaintiffs and adding a related cause of action under the Stored Communications Act, 18 U.S.C. §§ 2701. That briefing schedule carries through July 23, 2025. *See,* Minute Order entered on May 23, 2025. A reasonable extension of the deadline to conduct depositions will not delay trial or affect any other pending deadlines in the case.

For these reasons, Defendants request a 45-day extension of the deadline to complete fact witness depositions, through and including August 15, 2025, without waiver of the ability to request future extensions due to circumstances outside of Defendants' control.

Should the Court require any further submissions or have any questions, we remain available to provide any information the Court may need. We appreciate the Court's time and consideration of this request.

Regards,

*[signature]*

Nick Whitney, Esq.

cc: all counsel of record via CM/ECF