**Michael J. Harris**
**Law Office of Michael J. Harris**
43 West 43rd Street, Suite 148
New York, NY 10036-7424

May 28, 2025

**VIA ECF**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK (S.D.N.Y.)

Dear Judge Krause:

      I write on behalf of Counterclaim-Defendants Project Veritas and Project Veritas Action Fund (collectively, "PV"), in response to the letter-motion for an extension of discovery filed by James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group (collectively, "O'Keefe") on May 23, 2025 (Dkt. 158), and further to the Court's earlier May 27, 2025 Order regarding same. (*See* Dkt. 160 (the "Order")). For the reasons stated herein, the Court should vacate the Order and immediately stay discovery pending resolution of O'Keefe's anticipated motion to amend. To the extent the Court deems oral argument necessary, PV respectfully requests that the Court conduct an immediate conference to discuss PV's request for a stay prior to the deposition of Mr. Benjamin Wetmore, presently scheduled to commence on June 5, 2025.

      As an initial matter, this Court has already held that if an application to modify the deposition schedule is "not submitted on consent, or if it would require the adjustment of any discovery deadlines, the application is likely to be denied." (Dkt. 153). While PV consented, in good faith, to an extension of the deadline for the deposition of Mr. John Garvey, on May 9, 2025, O'Keefe has not held up his end of the bargain in a similar good faith fashion. Instead, O'Keefe has been engaged in a seemingly endless tirade of extrajudicial appearances in which he has published (i) selectively excerpted video deposition testimony of trial witnesses,[1] (ii) videos of himself (or his agents) seemingly chasing a trial witness through the streets and appearing at the home of the witness,[2] and (iii) misleading or false stories concerning

---

[1] *See, e.g.*, https://okeefemediagroup.com/okeefe-in-talks-to-regain-control-of-project-veritas-launches-docuseries-the-truth-inside-veritas/ (last visited May 27, 2025).
[2] *See, e.g.*, https://okeefemediagroup.com/okeefe-in-talks-to-regain-control-of-project-veritas-launches-docuseries-the-truth-inside-veritas/ (last visited May 27, 2025).

the facts of the case and the status of settlement discussions among PV and O'Keefe,[3] which discussions, the undersigned can affirmatively represent have been held in abeyance since May 7, 2025. O'Keefe's conduct, happening at lightning speed and without warning, has no effect other than to prejudice these proceedings, confuse the public, and intimidate witnesses that may ultimately be necessary for a fair trial of this matter.[4] The Court should not countenance this behavior.

"A district court has discretion under Rule 26(c) to stay discovery pending the determination of dispositive motions" and "[a] motion to amend can be dispositive if a court denies it." *Toth v. N.Y.C. Dep't of Educ.*, No. 21-CV-4245, 2024 U.S. Dist. LEXIS 133567, at *4-5 (E.D.N.Y. Jul. 26, 2024). In evaluating a motion to stay, the Court considers (i) the breadth of discovery sought (and the burden of responding to it), (ii) the strength of the underlying motion, and (iii) the risk of prejudice to the party opposing the stay. *See id.* at *4. Each of these factors favors a stay, **_not_** an extension, of discovery.

*First*, the discovery sought is extremely broad, including two party depositions and nine non-party depositions,[5] all over the course of the next two months. At least one non-party witness, Barry Hinckley, has challenged his subpoena on grounds of overbreadth in the U.S. District Court for the Southern District of Florida, and that motion is unlikely to be resolved before the close of discovery. (*See* Dkt. 158 at 2 ("[R]esolving the issues by July 1st seems improbable.")). Moreover, while O'Keefe contends that "good cause" exists for an extension of the deposition schedule because O'Keefe has been "diligently trying to set and reset deposition dates," O'Keefe has not served on PV any notice of subpoena to Mr. Kyle Seraphin, demonstrating that, despite the time the Court has already given O'Keefe, O'Keefe simply has not acted diligently. The requested extension would thus seem to serve only the purpose of further broadening the already extremely broad scope of discovery, with no good

---

[3] *See, e.g.*, https://okeefemediagroup.com/okeefe-in-talks-to-regain-control-of-project-veritas-launches-docuseries-the-truth-inside-veritas/ (last visited May 27, 2025); https://x.com/marionawfal/status/1925677547204829518?s=46 (last visited May 27, 2025); https://x.com/LauraLoomer/status/1926319675962446196 (last visited May 27, 2025); https://x.com/lauraloomer/status/1925968935972741140?s=46 (last visited May 27, 2025).

[4] The undersigned is also investigating reports that a former PV employee recently received recorded threats of rape and death shortly after O'Keefe appeared in a podcast referencing a former PV employee.

[5] In a footnote, O'Keefe admits that he "overlooked the need for" the testimony of Hannah Giles, but nonetheless "hope[s] to rectify that oversight." (Dkt. 158 at 2, n.2). Put simply, O'Keefe has had more than sufficient time to rectify that purported oversight – discovery commenced on September 27, 2024 (Dkt. 68) – but he failed to do so. The Court should not reward O'Keefe's indolence by granting further extensions of the discovery schedule.

cause for doing so.

*Second*, O'Keefe is unlikely to succeed on his motion to amend, at least because it is untimely and O'Keefe cannot plausibly plead a non-frivolous claim under the Stored Communications Act (18 U.S.C. §§ 2701 *et seq*.). (*See* Dkt. 157). As set forth in PV's response to O'Keefe's letter-motion to amend, O'Keefe's conduct is the antithesis of diligence and Rule 16 forecloses the relief he now seeks. (Dkt. 157 at 2). Moreover, although allowing O'Keefe to move for amendment, during the May 22, 2025 conference, Judge Seibel rightfully expressed skepticism of O'Keefe's anticipated amendment. And, Judge Seibel also indicated that if O'Keefe's motion to amend is denied, she will likely dismiss this case. (*See* Dkt. 149 (providing various reasons why this case should be dismissed)). Thus, not only is O'Keefe's anticipated motion to amend weak, PV's motion to dismiss is strong.

*Third*, there is no risk of prejudice to O'Keefe because even if the Court grants O'Keefe's motion to amend, "discovery would be no different after the motion [] than it would be today . . . ." *Toth*, 2024 U.S. Dist. LEXIS 133567, at *6. In fact, far from prejudicing O'Keefe, a stay of discovery would rectify many of the scheduling issues on which O'Keefe relies as a basis for his requested extension; it will give the parties, and third-parties, time to reschedule depositions in a manner agreeable to everyone involved, without incurring unnecessary costs. Conversely, if the Court grants O'Keefe's requested extensions, everyone involved will incur costs that may ultimately prove unnecessary if O'Keefe's motion to amend fails. In short, far from prejudicing O'Keefe, a stay will, in fact, benefit O'Keefe.

For at least the foregoing reasons, PV respectfully requests that the Court vacate the Order and immediately stay discovery pending resolution of O'Keefe's anticipated motion to amend. Further, to the extent the Court deems oral argument necessary, PV respectfully requests that the Court conduct an immediate conference to discuss PV's request for a stay. Finally, whether or not the Court is inclined to stay discovery, PV also requests an order pursuant to Rules 26(c) and 30(b)(4), requiring that all depositions be taken by telephone or other remote means and prohibiting O'Keefe from harassing trial witnesses, to protect the integrity of these proceedings.[6]

Respectfully Submitted,

/s/ Michael J. Harris

---

[6] It should also be noted that, in the event the Court grants O'Keefe's request for an extension, PV anticipates noticing, at a minimum, the deposition of O'Keefe. This may come to prove unnecessary if Judge Seibel ultimately denies O'Keefe's motion to amend.