

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nick Whitney, Esq.
*nwhitney@smartbizlaw.com*

Charlie Hardage, Esq.
*Of counsel*

Wednesday, May 28, 2025

**Via Electronic Filing**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Reply to Counterclaim-Defendants' Response [Doc. 161] to Counterclaim-Plaintiffs'
      Letter Motion Requesting Discovery Extension [Doc. 158]
      Case No.: 7:23-cv-04533
      ***Project Veritas, et al. v. James O'Keefe, et al.***

Dear Judge Krause:

    I write on behalf of Counterclaim-Plaintiffs James O'Keefe ("O'Keefe") and O'Keefe Media Group (collectively, "Counterclaim-Plaintiffs" or "OMG"), in reply to Counterclaim-Defendants, Project Veritas and Project Veritas Action Fund's (collectively, "Counterclaim-Defendants" or "PV") response letter [Doc. 161], which is not only a response, but an affirmative motion seeking a protective order and stay on all pending discovery. In its response, PV falsely alleged that O'Keefe "seemingly chased a trial witness through the streets". PV further alleged that O'Keefe has "intimidate[d] witnesses" and that "[t]he Court should not countenance this behavior." PV requests specific relief in the form of a prohibition on in-person and/or video depositions based on the premise that Counterclaim-Plaintiff James O'Keefe should be prohibited from "harassing trial witnesses to protect the integrity of these proceedings."

    Counterclaim-Plaintiffs are preparing a Rule 11 motion challenging PV's false accusations, but given the 21-day safe harbor, they will not be able to file that motion ahead of the Court's likely ruling on PV's requested stay and protective order. It would be a disservice to the Court to allow false allegations to go unchallenged. Before filing this reply, the undersigned wrote to PV's counsel to ask that the false allegations be withdrawn. PV

declined to withdraw its claims of witness harassment and intimidation. To the extent the Court intends to grant PV's requested relief based on its allegations, Counterclaim-Plaintiffs request that the Court conduct the immediate conference requested by PV to allow PV the opportunity to present its evidence of witness intimidation and harassment. Since no witness intimidation or harassment has occurred, PV will be unable to satisfy its burden.

Separately, Counterclaim-Plaintiffs must address the affirmative relief in the form of a stay that PV seeks. A stay of discovery will prejudice Counterclaim-Plaintiffs, who have been diligently coordinating the depositions of the Counterclaim-Defendants' corporate representatives, set for next week with the attendant logistics arranged, as well as the depositions of two current PV employees, two former PV Board members, and several non-party witnesses in line with the Court's prior Order [Doc. 153]. PV has stood in the way of two prior scheduled depositions of its corporate representatives, and now seeks to do so a third time, while claiming that Counterclaim-Plaintiffs have not acted with diligence. After PV sought and received a three-month stay to engage replacement counsel, PV's sole basis for alleging Counterclaim-Plaintiffs' lack of diligence is that the notice of Kyle Seraphin's deposition has not yet been served. Implicit in this argument is that the ten other witnesses and the two corporate representatives were properly served, and those depositions have been set or are in the process of being coordinated with the non-parties.

To justify its stay request, PV misrepresented and/or intentionally omitted Judge Seibel's statements during the May 22, 2025, conference. In reference to PV's suggestion that discovery be stayed, Judge Seibel stated that the depositions should move forward, because whether the present action is dismissed on PV's motion and remanded to state court, the depositions will occur. Counterclaim Plaintiffs will file the transcript of the May 22, 2025, conference before Judge Seibel for the Magistrate's review, once that transcript is available.

For the reasons articulated in the Counterclaim-Plaintiffs' letter motion [Doc. 158], and because PV seeks relief based on false premises of witness intimidation and harassment, OMG reiterates its request for reasonable discovery extension and denial of PV's requested relief.

Regards,

*[signature]*

Nick Whitney, Esq.

cc: all counsel of record via CM/ECF