EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | |
|---|---|
| Project Veritas & Project Veritas Action Fund | ) |
| *Plaintiff* | ) |
| v. | ) |
| James O'Keefe, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    7:23-cv-04533

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              THOMAS O'HARA

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: HRKNSS Conference Center 11 S. Main Street, Unit 200, Concord, NH 03301 | Date and Time: 11/14/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:    Videographer and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See "Attachment A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/11/2024

| *CLERK OF COURT* | OR | /s/ Nicholas P. Whitney |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group                                , who issues or requests this subpoena, are:
Nicholas P. Whitney, Esq., ChildersLaw, LLC, 2135 NW 40th Ter. Suite B, Gainesville, FL 32605
Email: nwhitney@smartbizlaw.com | telephone number: 352-335-0400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____    on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                                    *Server's signature*

                                                        _____

                                                                    *Printed name and title*

                                                        _____

                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PROJECT VERITAS and PROJECT
VERITAS ACTION FUND,

          Plaintiffs,

      v.

JAMES O'KEEFE, TRANSPARENCY 1,
LLC d/b/a O'KEEFE MEDIA GROUP, RC
MAXWELL, and ANTHONY
IATROPOULOS,

          Defendants.

Civil Action No. 7:23-cv-04533

**ATTACHMENT "A" TO**
**SUBPOENA TO THOMAS**
**O'HARA**

      In addition to the definition and requirements set forth in the Federal Rules of Civil

Procedure, including without limitation Rule 45, the following definitions and

instructions apply to every document request in this Subpoena and are considered part

of each request.

## <u>Definitions</u>

      1.    **Plaintiffs.** The term "Plaintiff" or "Plaintiffs" refers to Plaintiffs Project

Veritas and/or Project Veritas Action Fund, and specifically includes, without

limitation, any agents, representatives, shareholders, employees, or any other

individuals or entities working for Plaintiff(s), or acting on Plaintiffs' behalf or at

their direction including, but not limited to, attorneys, consultants, and independent

contractors.

2.    **Defendants**. The term "Defendant" or "Defendants" refers to James O'Keefe and/or Transparency 1, LLC d/b/a O'Keefe Media Group, and specifically includes, without limitation, any agents, representatives, shareholders, employees, or any other individuals or entities working for Defendant(s), or acting on Defendants' behalf or at their direction including, but not limited to, attorneys, consultants, and independent contractors.

3.    **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). Communications include letters, emails, text messages, and messages sent via other messaging platforms such as Telegram, Signal, or WhatsApp.

4.    **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5.    **Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6.    **Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii)

general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.    **Parties.** The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

8.    **Person.** The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9.    **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10.    **The Complaint.** The term "Complaint" or "FAC" refers to the First Amended Complaint filed on October 12, 2023, as appearing on the Docket of this matter at ECF No. 16.

## <u>Instructions</u>

1.    All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery

request all responses that might otherwise be construed to be outside of its scope.

3.     Number. The use of the singular form of any word includes the plural and vice versa.

4.     In responding to the Requests, furnish any and all information in your possession, custody, or control including, without limitation, information in the possession, custody, or control of your agents, representatives, officers, directors, employees, associates, distributors, attorneys, consultants, investigators, affiliates, partnerships, parent companies, subsidiaries, and other persons under your control.

5.     In the interest of time and efficiency of judicial determination, before deciding not to collect documents or evidence on the grounds that any request below is vague or ambiguous, please contact the undersigned counsel to clarify what was intended by the request.

6.     If, in preparing to respond to any request, you intend to claim an objection or other basis for not fully responding, please collect documents and evidence so that you are able to respond to all parts of the request to which your objection does not apply, and please be prepared to separately state what part of the request is objectionable and what documents or information are being withheld from production. If you are withholding any documents or information that is potentially responsive to any request, please be prepared to make that fact known explicitly.

7.     If you intend to object to any request or part thereof on the basis of a claim of attorney-client privilege, work product protection, or any other claim of

privilege or protection, please produce a privilege log.

8.      If a request asks for specific information, and you are unable to provide the specific information, then provide as much information as you can and please be prepared to indicate, at the time of your deposition, that the information being provided is an approximation or is incomplete with respect to the request.

9.      Selection, ordering, and numbering of documents from files and other sources should be accomplished so that the source of each document is preserved and may be determined.  By way of example, file folders with tabs or labels or directories of files identifying documents should be produced intact with such documents and documents attached to each other and such documents should not be altered or separated.

10.      If any information responsive to a request is stored electronically, produce the electronically stored information in its native format, with all metadata preserved and produced.  By way of example, electronic mail messages should be produced in .msg or .eml format, rather than in .txt or .pdf or other non-native formats.  You may, at your election, produce the electronically stored information in individual text searchable image files (e.g. PDF or TIFF), but you must also preserve the integrity of the underlying original formatting, metadata, and revision history.  If any electronically stored information is produced in a custom, atypical, unconventional, or other uncommon or non-public proprietary format, you must also produce a copy of the software necessary to access that information.  If you utilize search terms to locate potentially responsive electronically stored

information, you must disclose the search terms used and identify which documents were located from each search term.

11.    Non-electronically stored information may similarly be produced in individual text searchable image files (e.g. PDF or TIFF).

12.    If, after a reasonable and thorough investigation using due diligence, you are unable to fully or completely respond to a request, then please be prepared to specify, in detail, the portion of the request that cannot be responded to fully or completely, the type of documents or information which you allege are not available, the reason the documents or information are not available, and what efforts you have undertaken to locate the documents or information. Also, please be prepared to indicate whether the inability to comply is because a particular document, category of documents, or other information never existed, was never recorded, has been lost, misplaced, stolen, or destroyed, has never been or is no longer in your possession, custody, or control, in which case identify any persons known or believed to last possess the document or information. In addition, please be prepared to indicate what knowledge, information, and beliefs you have concerning the unanswered portion of the request, including without limitation, identifying persons who may have additional information concerning the request.

**Requests for Production of Documents at Time of Deposition**

1.    Any and all documents in your possession relating to your appointment as Chief Financial Officer and your service to the Project Veritas Board of Directors.

2.      Any and all Board meeting minutes in your possession.

3.      Any and all financial reports and/or audits concerning Project Veritas in your possession.

4.      Any and all written complaints or grievances concerning James O'Keefe, whether made by Board members and/or Project Veritas employees or contractors.

5.      Any and all of your written communications with Board members from 2022 to present, whether you were the author, sender, or recipient.

6.      Any and all of your written communications with Project Veritas donors from 2023 to present, whether you were the author, sender, or recipient.

7.      Any and all of your social media posts regarding Project Veritas, James O'Keefe, and/or O'Keefe Media Group, posted at any time from 2021 through present.

Dated this 11th day of October 2024.



CHILDERS LAW, LLC

2135 NW 40th Terrace, Suite B
Gainesville, Florida 32605
tel. 866-996-6104 fax 407-209-3870

*/s/ Nicholas P. Whitney        .*

Nicholas P. Whitney
Florida Bar No. 119450
Seldon J. Childers
Florida Bar No. 61112
nwhitney@smartbizlaw.com
jchilders@smartbizlaw.com
notice@smartbizlaw.com
*Counsel for Defendant O'Keefe*
*and OMG*