**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PROJECT VERITAS and PROJECT VERITAS ACTION FUND,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>JAMES O'KEEFE and TRANSPARENCY 1, LLC d/b/a O'KEEFE MEDIA GROUP,<br><br>Defendants/Counterclaim-Plaintiffs. | Civil Action No. 7:23-cv-04533 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**COUNTERCLAIMANTS O'KEEFE'S AND OMG'S**
**MOTION FOR ORDER AUTHORIZING ALTERNATIVE**
**SERVICE OF SUBPOENA FOR THIRD PARTY THOMAS O'HARA**

Counterclaimants, JAMES O'KEEFE and TRANSPARENCY 1, LLC d/b/a O'KEEFE MEDIA GROUP (collectively "Counterclaimants" or "OMG"), hereby submit this Memorandum of Law in support of its Motion for Order Authorizing Alternative Service pursuant to Fed. R. Civ. P. 45 for an order authorizing alternative service of its Subpoena for Deposition Duces Tecum (the "Subpoena") for testimony and documents upon third party Thomas O'Hara ("Mr. O'Hara") via certified mail, email and LinkedIn direct message and in support state:

**I.   INTRODUCTION**

Despite diligent efforts since October 2024, Counterclaimants have not been able to serve Mr. O'Hara.  OMG has attempted to personally serve Mr. O'Hara on at least nine

(9) occasions at three (3) different addresses. No attempt has been successful to date, and there is no guarantee that personal service will succeed going forward with Mr. O'Hara. OMG has means of communicating with Mr. O'Hara via email. The documents provided in discovery confirm that Mr. O'Hara uses the email address reflected on his resume. OMG has also confirmed Mr. O'Hara's LinkedIn account by his professional background and profile picture.

## II.     RELEVANT FACTUAL BACKGROUND

The relevant factual background is set forth in Counterclaimants' Motion for Order Authorizing Alternative Service, filed contemporaneously with this Memorandum of Law.

## III.    ARGUMENT

### A. Service via Certified Mail and Email is a Reliable and Expeditious Means of Service that is Likely to Reach Mr. O'Hara

Pursuant to Federal Rule of Civil Procedure 45, this Court may authorize "alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *See, SEC v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citations omitted); *see also, Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (authorizing alternative service of subpoena that "reasonably insures actual receipt of the subpoena"). Alternative service is appropriate where it "reasonably insures actual receipt of the subpoena by the witness" and "is reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *See, JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (citations omitted); *see also, In re Bibox Grp. Holdings Ltd. Secs.*

*Litig.*, No. 20cv2807(DLC), 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020) ("[I]n order to comply with due process requirements, alternative service must provide notice that is reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action.") (citations and quotations marks omitted).

This district has held that service via email complies with constitutional notions of due process, especially where the facts show that the party to be served likely will receive the process served at the given email address. *See, NYKCool A.B. v. Pacific Int'l Servs., Inc.*, 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014) ("As a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."); *see also, SEC v. David*, No. 19-cv-9013 (JSR), 2020 WL 703464, at *1 (S.D.N.Y. Feb. 12, 2020) ("[T]he Court is persuaded that alternative service by email is warranted in this case."); *Sulzer Mixpac AG v. Medenstar*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) ("[T]he Court grants plaintiff's motion to serve defendant at the email address listed on Medenstar's Internet homepage…."); *see also, Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process."); *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.").

This district has held that, "[s]ervice by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit."

3

*Marvici v. Roche Facilities Maint., LLC*, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 6, 2021) (*citing SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)). Mr. O'Hara had knowledge of this lawsuit as early as May 30, 2023. See Email attached hereto as **Exhibit A**.

This Court has allowed alternative service where multiple attempts at personal service have failed, *see SEC v. David*, No. 19-cv-9013, No. 19-cv-9013 (JSR), 2020 WL 703464, at *1-2 (S.D.N.Y. Feb. 12, 2020) (Rakoff, J.), or where the parties are "approaching close of discovery," *In re Petrobras Securities Litig.*, No. 14-CV-9662, 2016 WL 908644, at *1-2 (S.D.N.Y. March 4, 2016) (Rakoff, J.) (authorizing alternative service by email and overnight mail 56 days before the discovery cutoff). As explained above, OMG has diligently attempted personal service of the Subpoena on Mr. O'Hara multiple times but were unable to effect service. Depositions are to be completed by August 15, 2025, according to the Court's Minute Entry of June 10, 2025, after a discovery status hearing requesting an extension of discovery deadlines.

As such, alternative service is more than warranted here. Service of the Subpoena on Mr. O'Hara via certified mail, email and LinkedIn will comply with constitutional notions of due process and provide Mr. O'Hara with sufficient notice of the Subpoena.

## IV.    CONCLUSION

Counterclaimants have made multiple good faith attempts to serve a subpoena upon Mr. O'Hara personally at the email address on his resume in addition to his last known residence and place of employment. Discovery deadlines are also imminent in the instant case, and the inability to secure Mr. O'Hara's deposition testimony would be

4

prejudicial to Counterclaimants.

WHEREFORE, Counterclaimants respectfully request that the Court enter an order authorizing alternative service of its Subpoena for Deposition Duces Tecum upon third party Thomas O'Hara via certified mail, email and LinkedIn direct message and all such other relief as the Court deems just and proper.

Dated: June 26, 2025.



2135 NW 40th Terrace, Suite B
Gainesville, Florida 32605
tel. 866-996-6104 fax 407-209-3870

*/s/ Nicholas P. Whitney*

Nicholas P. Whitney
Florida Bar No. 119450
Seldon J. Childers
Florida Bar No. 61112
jchilders@smartbizlaw.com
nwhitney@smartbizlaw.com
notice@smartbizlaw.com

*Counsel for Defendants and Counterclaimants O'Keefe & OMG*

### CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically with the Clerk of the Court using CM/ECF on June 26, 2025, which served same electronically upon all counsel of record.

*/s/ Nicholas P. Whitney*
Attorney