UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PROJECT VERITAS and PROJECT VERITAS
ACTION FUND,

               Plaintiffs / Counterclaim Defendants,       **ORDER**

               -against-                          23 Civ. 4533 (CS) (AEK)

JAMES O'KEEFE and TRANSPARENCY 1, LLC,
d/b/a O'KEEFE MEDIA GROUP,

               Defendants / Counterclaimants.
-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Counterclaimants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group

have filed a motion seeking leave to effect service of a subpoena on non-party witness Thomas

O'Hara by alternative means.  ECF Nos. 178, 179.  In reviewing the motion papers, the Court

has found a number of deficiencies that will require Counterclaimants to file a supplemental

submission in support of their motion.

       **By no later than July 2, 2025**, Counterclaimants must file a sworn affidavit or

declaration explaining how Counterclaimants obtained the Delaware, Pawling, NY, and New

York, NY addresses for Mr. O'Hara, including any evidence to support their belief that he could

be found at any of those addresses.  For example, while Counterclaimants state that they have

"confirmed Mr. O'Hara is a property owner at the Pawling, New York address," ECF No. 178 at

2, they provide no proof of this.  There is an email included in Counterclaimants' motion papers

which was sent to "the email address provided by Mr. O'Hara on his résumé,"[1] attaching the

---

[1] In their memorandum of law, Counterclaimants state that the "documents provided in discovery confirm that Mr. O'Hara uses the email address reflected on his resume," ECF No. 179 at 2, but it is not clear how they obtained a copy of the résumé, and therefore no way for the

subpoena and asking whether Mr. O'Hara would accept service by email or could verify that a certain address in Pawling was a valid address for personal service. *See* ECF No. 178-7. But in their motion, Counterclaimants note that they have not "received a response from Mr. O'Hara confirming receipt or accepting service." ECF No. 178 at 2. Thus, there is no basis for the Court to conclude that the Pawling address included in the email is a valid address for Mr. O'Hara.

Counterclaimants must also provide additional proof of the asserted nine attempts at personal service at three different addresses. *See* ECF No. 179 at 1-2. The only proof of attempted service included in the motion papers is (i) an affidavit of service reflecting three attempts to serve the subpoena at an address in Delaware in April 2025, *see* ECF No. 178-3 (there is no proof of attempted service of the subpoena issued on October 11, 2024); (ii) an email providing one date and time and stating, "Server has attempted multiple times with no response, no vehicles. Garage door has been shut. Pending specific dates and times of attempts," but providing no information regarding the address at which service was attempted, *see* ECF No. 178-5; and (iii) an affirmation of due diligence reflecting two attempts to serve the subpoena at an address in New York, *see* ECF No. 178-6. Counterclaimants must provide a complete record of their attempts at personal service.

In addition, and particularly since Counterclaimants seek to effect alternative service via email and LinkedIn, Counterclaimants' sworn statement must include (i) the email addresses they intend to use to effect service, an explanation of how they obtained those email addresses, and information regarding any attempts to email Mr. O'Hara at those email addresses, including a statement as to whether they have received any responses to their emails or have received any

---

Court to evaluate the authenticity of the résumé or the validity of the contact information contained in the résumé.

messages that the emails sent to these addresses were undeliverable; and (ii) information regarding any attempts to message Mr. O'Hara through his LinkedIn profile, including a statement as to whether or not they have received any responses to their messages.

Finally, it is not clear from the motion papers whether the Project Veritas parties intend to oppose this motion. *See* ECF No. 138 (Project Veritas parties confirming that they did not oppose a similar motion for alternative service on non-party witness Matthew Tyrmand). **By no later than July 2, 2025**, counsel for Project Veritas must file a letter stating whether or not Project Veritas intends to oppose the motion. If Project Veritas does intend to oppose the motion, the opposition submission must be filed **by July 10, 2025**, in accordance with Local Civil Rule 6.1(b).

Dated: June 27, 2025
    White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge