IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROJECT VERITAS *et al.*,<br><br>   *Counterclaim-Defendants*,<br><br>  *v.*<br><br>JAMES O'KEEFE *et al.*,<br><br>   *Counterclaimants*. | No. 7:23-CV-04533-CS-AEK |

**COUNTERCLAIM-DEFENDANTS' BRIEF IN OPPOSITION
TO COUNTERCLAIMANTS' MOTION FOR AN ORDER AUTHORIZING
<u>ALTERNATIVE SERVICE ON THOMAS O'HARA</u>**

  Counterclaim-Defendants Project Veritas and Project Veritas Action Fund (collectively, "PV") hereby file their brief in opposition to the motion for an order authorizing alternative service of a subpoena on third-party Thomas O'Hara, filed by Counterclaimants James O'Keefe ("O'Keefe") and Transparency 1, LLC d/b/a O'Keefe Media Group ("OMG") (collectively, "Counterclaimants"), on June 26, 2025. (*See* Dkt. 178; Dkt. 179). For at least the reasons set forth herein, the Court should deny Counterclaimants' motion.

**BACKGROUND**

  This case has been ongoing for over two years, having been commenced on May 23, 2023. (*See* Dkt. 1). Judge Seibel entered a scheduling order on August 2, 2024 (Dkt. 68), after which Counterclaimants took three depositions, of former PV Board members Joseph Barton and George Skakel, and former Chief Operating Officer

1

Daniel Strack. Pursuant to the terms of the scheduling order, fact discovery was originally set to close on March 14, 2025. (*See id.*). The Court later extended the close of fact discovery to May 1, 2025. (*See* Dec. 13, 2024 Minute Entry). On December 23, 2024, the Court held discovery in abeyance, pending resolution of PV's prior counsel's motion to withdraw and entry of appearance by new counsel. (*See* Dkt. 117). PV's new counsel entered an appearance on February 21, 2025 (Dkt. 133), and discovery was further extended to August 1, 2025, three months after the previous deadline. (*See* Mar. 10, 2025 Minute Entry). Pursuant to the Court's order extending discovery, depositions were to be completed by July 1, 2025. (*See id.*).

Seeking to cooperate, in good faith, with Counterclaimants, PV agreed upon a deposition schedule, including back-up dates, through the months of May and June. (*See* Dkt. 153). The Court then adopted the parties agreed upon schedule as an order of the Court. (*See id.* at 2). The Court also held that "any changes to this schedule" must be made by "an application to the Court to modify the order," and that "if the application is not submitted on consent, or if it would require the adjustment of any discovery deadlines, the application is likely to be denied." (*See id.* at 2).

Despite the parties' agreement, and the Court's order, only some of the depositions proceeded as scheduled. On June 2, 2025, for example, Counterclaimants took a fourth and a fifth deposition, of Wendy Hersche (a/k/a Thursbee) and her husband David Hersche. (*See id.*). Counterclaimants then took a sixth deposition, of Ben Wetmore, on June 5-6, 2025, and a seventh deposition, of Joshua Hughes, on June 25, 2025. (*See id.*). On the days that Mr. Wetmore and Mr. Hughes testified,

2

Counterclaimants also took an eighth deposition, of PV.

On May 23, 2025, Counterclaimants moved the Court for an additional forty-five day extension of the deadline for completion of depositions, to August 15, 2025. (*See* Dkt. 158). Over PV's objection that discovery should be stayed pending the outcome of Counterclaimants' potentially dispositive motion to amend (Dkt. 161), the Court granted Counterclaimants' request. (*See* Jun. 9, 2025 Minute Entry). The Court also authorized Counterclaimants to take the deposition of Hannah Giles, also over PV's objection. (*See id.*). Counterclaimants then took a ninth deposition, of John Garvey, another former member of the PV Board, on June 17, 2025. That same day, the parties submitted yet another schedule for depositions, which the Court again adopted as an order of the Court. (*See* Dkt. 177). Once more, the Court held that "any changes to this schedule" must be made by "an application to the Court to modify the order," and that "if the application is not submitted on consent, or if it would require the adjustment of any discovery deadlines, the application is likely to be denied." (*Id.* at 3).

Although Tom O'Hara, PV's former Chief Financial Officer, was originally scheduled to be deposed on May 22, 2025, with back-up dates arranged for June 26-27 and 30, 2025 (Dkt. 153 at 2), he was never deposed. Instead, on June 26, 2025, Counterclaimants filed a motion for an order authorizing alternative service on Mr. O'Hara. (*See* Dkt. 178-179). While the Court authorized Counterclaimants to file the motion "by June 26, 2025," (Dkt. 177 at 3), Counterclaimants' motion was nonetheless severely deficient. Indeed, on June 27, 2025, the day after Counterclaimants'

3

deadline, this Court issued an order noting "a number of deficiencies" requiring Counterclaimants "to file a supplemental submission in support of their motion." (Dkt. 180 at 1). Among other deficiencies, the Court observed, for example, that there was "no proof of attempted service of [a] subpoena issued on October 11, 2024" to Mr. O'Hara, despite Counterclaimants' alleged "diligent efforts since October 2024." (*See id.* at 2; *see also* Dkt. 178 at 2, Ex. A; Dkt. 179 at 1). The Court thus required Counterclaimants to submit "a complete record of their attempts at personal service." (*See* Dkt. 180 at 1).

On July 2, 2025, Counterclaimants submitted a declaration of Counterclaimants' counsel in support of Counterclaimants' motion. (*See* Dkt. 182). In that declaration, Counterclaimants' counsel represents that Counterclaimants' initial attempts to serve Mr. O'Hara in October 2024 were "unsuccessful" and that his office "lost contact with the process server." (*Id.* at ¶ 6). He further represents that his office was "not provided with an Affidavit of Non-Service," although "[t]he process server reportedly tried to serve Mr. O'Hara multiple times." (*Id.*). Counterclaimants provided no written or documentary evidence to substantiate the statements of the purported process server. (*See generally id.*).

Also on July, 2, 2025, Counterclaimants requested to change the date of the deposition of Hannah Giles, from July 31, 2025 to July 18, 2025. (*See* Dkt. 183-1 at 13). PV's counsel advised Counterclaimants' counsel that PV's counsel was not available on that date, and that the parties had agreed only to conduct her deposition on July 31, 2025, as reflected in the schedule adopted by the Court. (*See id.* at 12;

4

Dkt. 177 at 2). PV's counsel also requested that Counterclaimants' counsel provide the "complete history" of his correspondence with Ms. Giles "regarding the date of her deposition" before PV would consider whether to agree to yet another change in the schedule, to which Counterclaimants' counsel responded, **"Spicy!"** (*See* Dkt. 183-1). No agreement was reached on the rescheduling of Ms. Giles's deposition, and Counterclaimants filed yet another motion to adjust the discovery schedule on July 8, 2025. (*See* Dkt. 183).

## ARGUMENT

Counterclaimants' motion for an order authorizing alternative service on Mr. O'Hara should be denied. *First*, Counterclaimants have not established that they have been diligent in seeking to serve Mr. O'Hara personally. *See, e.g.*, *Ahmed v. City of New York*, No. 22-CV-8007, 2024 U.S. Dist. LEXIS 94748, at *4 (S.D.N.Y. May 23, 2024). While Counterclaimants have represented that their efforts to serve Mr. O'Hara go back to October of 2024, the self-serving and unsupported affidavit of Counterclaimants' counsel does not substantiate this claim, or establish that Counterclaimants have, in fact, been diligent. Specifically, although Counterclaimants' counsel represents that Counterclaimants' October 2024 efforts were "unsuccessful" despite there "reportedly" having been "multiple" attempts at service on Mr. O'Hara in Delaware, he provides no documentary evidence to support these allegations, which are plainly based on hearsay. (*See* Dkt. 182-1 at ¶ 6). Instead, Counterclaimants' counsel claims that his office "lost contact with the process server" and was "not provided with an Affidavit of Service." (*See id.*). That

5

is not sufficient, especially given that Counterclaimants then waited approximately six months before allegedly attempting service again at the same "unsuccessful" location. (*See id.* at ¶ 9).

*Second*, PV has already been more than accommodating in scheduling depositions with Counterclaimants, and this Court has already extended discovery deadlines on multiple occasions. (*See, e.g.*, Mar. 10, 2025 Minute Entry; Jun. 9, 2025 Minute Entry). PV will not agree to any further changes to the deposition schedule, or extensions of discovery, which very well may be required if the Court authorizes alternative service on Mr. O'Hara, at least because such changes have become an undue burden on PV, who should not have to continuously adjust its own schedule to account for Counterclaimants' repeated delays. To the extent that the Court does authorize further changes to the deposition schedule, including with respect to any of the witnesses who have not yet been deposed, such as Ms. Giles (Dkt. 183), PV objects to all outstanding depositions, including Mr. O'Hara's, on the grounds that they are in excess of the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i), and inconsistent with the parties' prior agreements. In addition to the nine depositions that Counterclaimants have already taken, at least seven remain outstanding, including the depositions of Mr. O'Hara and Ms. Giles, as well as Barry Hinckley, Kyle Seraphin, Matt Tyrmand, Paul Calli, and Ken Larrey. If the parties' agreement concerning the schedule is to be set aside, Counterclaimants must elect their tenth deposition, and explain to this Court and PV why the remaining depositions are not "unreasonably cumulative or duplicative" and "provide a benefit

6

greater than their burden." *See, e.g.*, *Brunckhorst v. Bischoff*, No. 21-CV-4362, 2022 U.S. Dist. LEXIS 198096, at *2-4 (S.D.N.Y. Oct. 12, 2022).

## CONCLUSION

For at least the reasons set forth herein, the Court should deny Counterclaimants' motion.

Respectfully Submitted,

_____
Michael J. Harris

**LAW OFFICE OF
MICHAEL J. HARRIS**
43 West 43rd Street, Suite 148
New York, NY 10036-7424
Telephone: (203) 231-7490
Email: michael.j.harris56@gmail.com

*Counsel for
Counterclaim-Defendants*

*Project Veritas and
Project Veritas Action Fund*

## CERTIFICATE OF WORD COUNT

The undersigned, Michael J. Harris, hereby certifies that this brief complies with the Individual Practices of Magistrate Judge Andrew E. Krause, as well as Local Rule 7.1(c), in that this brief contains a total of 1,639 words.

_____

Michael J. Harris