**Michael J. Harris**
**Law Office of Michael J. Harris**
43 West 43rd Street, Suite 148
New York, NY 10036-7424

July 24, 2025

**VIA ECF**

Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK (S.D.N.Y.)

Dear Judge Seibel:

      I write on behalf of Counterclaim-Defendants, Project Veritas and Project Veritas Action Fund (collectively, "PV"), in accordance with Sections 1.A and 2.A of Your Honor's Individual Rules of Practice, to request a pre-motion conference to discuss PV's anticipated motion to strike the reply brief in further support of the motion to amend filed by Counterclaimants James O'Keefe and Transparency 1, LLC d/b/a OKeefe Media Group (collectively, "Counterclaimants") on July 23, 2025 (Dkt. 191 (the "Reply")), or alternatively, to request that the Court strike the Reply.

      Counterclaimants filed their opening brief in support of their motion to amend on June 18, 2025 (Dkt. 176 (the "Opening")), following a pre-motion conference before this Court on May 22, 2025 (Dkt. 145; *see also* Dkt. 154), and after PV moved to dismiss Counterclaimants' existing claims on April 11, 2025 (Dkt. 144). PV filed its opposition on July 9, 2025. (*See* Dkt. 184). In its opposition, PV explicitly indicated that Counterclaimants failed to "comply with this Court's Individual Rules of Practice," noting that, under this Court's Individual Rules of Practice "[m]emoranda of ten (10) pages or more shall contain a table of contents and table of authorities." (*Id.* at 1, n.1). Counterclaimants filed their Reply on July 23, 2025. (*See* Dkt. 191).

      Notwithstanding the notice that PV previously provided Counterclaimants concerning the deficiencies in their Opening, in filing their Reply, Counterclaimants failed to correct such deficiencies. Specifically, although Counterclaimants' Reply is twenty (20) pages long, it does not include a table of contents or a table of authorities. (*See* Dkt. 191). Worse yet, the Reply appears to exceed the 3,500 word-count set forth in Local Rule 7.1(c), a fact that only Counterclaimants can confirm, given their failure to provide "a certificate by the attorney . . . that the document complies with the word-count limitations," as required under Local Rule 7.1(c). (*See id.*).

"A district court has discretion in deciding whether to strike a submission not in compliance with a local rule." *Laboy v. Ontario County*, 56 F. Supp. 3d 255, 259 (W.D.N.Y. 2014). Indeed, courts within this District have stricken submissions where they fail to comply with "the spirit and letter of the Court's Individual Rules and the Southern District of New York's Local Rules." *See, e.g.*, *Collins v. City of New York*, No. 14-CV08815, 2017 U.S. Dist. LEXIS 234309, at *3 (S.D.N.Y. Jul. 10, 2017). Put simply, "the Local Rules are material, important, and are not advisory but mandatory." *Trueman v. N.Y. State Canal Corp.*, No. 9-CV-049, 2010 U.S. Dist. LEXIS 16430, at *22 (Feb. 24, 2010).

Because Counterclaimants have failed to follow the Local Rules, as well as this Court's Individual Rules of Practice, even after being put on notice of the deficiencies in their Opening, this Court should strike Counterclaimants' Reply.

Dated: July 24, 2025

Respectfully Submitted,

Michael J. Harris