**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

August 13, 2025

**VIA ECF**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

> Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK
> (S.D.N.Y.)

Dear Judge Krause:

I write as counsel for Counterclaim-Defendants Project Veritas and Project Veritas Action Fund (collectively, "PV"), to request a teleconference to discuss the undersigned's obligations under the Court's Order (Dkt. 198 (the "Order")) requiring the undersigned to respond to the motion for sanctions filed by Joseph Barton and to serve a copy of the response on Mr. Barton, or alternatively, to request clarification of the undersigned's obligations under the Order. The undersigned further requests that the Court extend the undersigned's deadline to respond to three (3) days after any such teleconference or order clarifying the undersigned's obligations.

The undersigned is fully prepared to respond to Mr. Barton's meritless motion, however, two issues complicate the ability of the undersigned to respond at this time. *First*, a complete response will require the disclosure of information designated confidential pursuant to the Protective Order (Dkt. 99) by third-party Hannah Giles. Because Mr. Barton is no longer a member of the Board of Directors of PV, the Protective Order in this matter does not contemplate his receipt of confidential information. It is particularly important that this issue be addressed before the undersigned serves a response on Mr. Barton, as Mr. Barton has demonstrated a desire to weaponize this litigation against Ms. Giles for personal reasons, and Ms. Giles has expressed privacy and safety concerns about the disclosure of her confidential information to Mr. Barton.

*Second*, a complete response to Mr. Barton's motion will likely require the disclosure of privileged information, including communications between the undersigned and the PV Board concerning this matter. Even as a member of the PV Board – again, he is no longer a member – Mr. Barton had no authority to waive privilege on behalf of PV. Indeed, "[t]he power to waive the privilege rests with the Board, and the actions of an individual Board member alone cannot waive the

privilege." *Galli v. Pittsburg Unified Sch. Dist.*, No. 9-CV-3775, 2010 U.S. Dist. LEXIS 119618, at *11 (C.D. Cal. Oct. 26, 2010) (citing *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 348-349 (1985)). Thus, this issue similarly complicates the undersigned's ability to respond to Mr. Barton's motion.

For at least the reasons set forth above, the undersigned respectfully requests a teleconference to discuss the undersigned's obligations under the Order, or alternatively, clarification of the undersigned's obligations under the Order. The undersigned further requests that the Court extend the undersigned's deadline to respond to three (3) days after any such teleconference or order clarifying the undersigned's obligations. The undersigned conferred with counsel for Counterclaimants, who indicated that Counterclaimants do not oppose the undersigned's request for a teleconference.

I thank the Court for its consideration.

Respectfully Submitted,

Michael J. Harris