IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROJECT VERITAS *et al.*,<br><br>    *Counterclaim-Defendants*,<br><br>    *v.*<br><br>JAMES O'KEEFE *et al.*,<br><br>    *Counterclaimants*. | No. 7:23-CV-04533-CS-AEK |

## BRIEF IN OPPOSITION TO
## JOSEPH J. BARTON'S MOTION FOR SANCTIONS

Counterclaim-Defendants Project Veritas ("PV") and Project Veritas Action Fund ("PVAF") (collectively, "Counterclaim-Defendants"), by and through their undersigned counsel, hereby file this brief in opposition to the "Motion to Report and Request Sanctions for Improper Exclusion From Deposition," filed by Joseph J. Barton, on or about August 8, 2025. (*See* Dkt. 198). For at least the reasons set forth herein, the Court should deny Mr. Barton's Motion.

### BACKGROUND

Counsel for Counterclaim-Defendants appeared for the deposition of third-party Matthew Tyrmand on July 30, 2025. (*See* Dkt. 177 at 2). In a document dated that same day and captioned "Motion to Report and Request Sanctions for Improper

1

Exclusion From Deposition," former PVAF Board member Joseph J. Barton[1] moved the Court to "take notice" of the allegedly "improper conduct" of Counterclaim-Defendants' counsel in "unlawfully excluding" Mr. Barton from attending Mr. Tyrmand's deposition, "in violation of Rule 30(c)(1) of the Federal Rules of Civil Procedure." (Dkt. 198 at 1). By his Motion, Mr. Barton requests that the Court (i) "[t]ake judicial notice" of the allegedly "improper exclusion of a party representative" from Mr. Tyrmand's deposition, (ii) "[d]irect" counsel for Counterclaim-Defendants to "show cause for his conduct," (iii) "[c]onsider sanctions or remedial orders," and (iv) "[g]rant any other relief the Court finds just and proper." (*Id.*). Mr. Barton's Motion was received by the *Pro Se* Office on August 5, 2025 and filed on the public docket on August 8, 2025. (*See id.*). The Court initially ordered a response by August 15, 2025. (*See id.*).

On August 13, 2025, counsel for Counterclaim-Defendants requested a conference to discuss two issues, namely, (i) the confidentiality of information designated as such pursuant to the Protective Order (Dkt. 99) by a third party witness, and (ii) Counterclaim-Defendants' attorney-client privilege, which Mr. Barton had no authority to waive even as a technical member of the Board. (*See* Dkt. 201). The Court thereafter granted the request and a conference was conducted on August 19, 2025. (*See* Dkt. 202). During the conference, the Court authorized

---

[1] On or about August 2, 2025, Mr. Barton was formally removed from the PVAF Board. Long before his formal removal, Mr. Barton had expressed a desire to resign from the Board. Prior to his formal removal on August 2, 2025, Mr. Barton remained on the PVAF Board only for purposes of allowing PVAF to designate a formal replacement for Mr. Barton.

Counterclaim-Defendants to file a response to Mr. Barton's Motion, of up to five pages long, no later than August 26, 2025. (*See* Aug. 19, 2025 Minute Entry). The instant response follows.

## ARGUMENT

Mr. Barton's Motion appears to rest on Federal Rules of Civil Procedure 30(c)(1) and 37(d), Federal Rule of Evidence 615, and the Court's inherent authority. (*See* Dkt. 198). Because the Federal Rules are given "their plain meaning," the Court's inquiry is "complete" if the Court finds that the text of the applicable Federal Rules is "clear and unambiguous." *See, e.g., Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 540-541 (1991). Moreover, while the Court has "inherent power to sanction parties and their attorneys to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court," invocation of the Court's inherent authority is "warranted only where there is clear and convincing evidence of bad faith." *See, e.g., Mazzei v. Money Store*, No. 22-1959, 2023 U.S. App. LEXIS 27213, at *8 (Oct. 13, 2023 2d Cir. 2023). Applying these principles, Mr. Barton's Motion is utterly without merit and fails as a matter of law.

Starting with its text, Federal Rule of Civil Procedure 37(d) provides that "[t]he court where [an] action is pending may, on motion, order sanctions if [] a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." FED. R. CIV. P. 37(d); *see also Escoffier v. Whole Foods Mkt. Grp., Inc.,* No. 22-CV-06588, 2023 U.S. Dist. LEXIS 228000, at *4 (S.D.N.Y. Dec. 21, 2023). There is no dispute that Counterclaim-Defendants have appeared at all properly

3

noticed depositions in this case. By way of example, Benjamin Wetmore appeared for the Rule 30(b)(6) deposition of both PV and PVAF on June 6, 2025, after the undersigned counsel designated Mr. Wetmore to testify as the corporate representative for both PV and PVAF. (*See* Dkt. 153 at 1). Moreover, the undersigned counsel appeared on behalf of Counterclaim-Defendants at the July 30, 2025 deposition of third-party Matthew Tyrmand. In short, because Counterclaim-Defendants have appeared at all properly noticed depositions, Mr. Barton's Motion, to the extent based on Federal Rule 37(d), should be denied.

Equally unavailing are Mr. Barton's arguments under Federal Rule 30(c)(1). Once more beginning with the text, Rule 30(c)(1) requires that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, **except Rule[] 615**." FED. R. CIV. P. 30(c)(1) (emphasis added). While Federal Rule of Evidence 615 does not authorize the Court to exclude from the courtroom at trial "one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative **by its attorney**," FED. R. EVID. 615 (emphasis added), on its face, Federal Rule of Civil Procedure 30(c)(1) explicitly renders Federal Rule of Evidence 615 inapplicable to depositions. *See* FED. R. CIV. P. 30(c)(1). Mr. Barton's Motion, to the extent based on Rule 30(c)(1), fails for this reason alone. And, of course, while Mr. Barton claims to be "a designated party representative" in this case (Dkt. 198 at 1), the undersigned counsel never designated Mr. Barton as such and, even assuming prior counsel ever designated Mr. Barton as such, the undersigned counsel revoked such designation

effective prior to the July 30, 2025 deposition of Matthew Tyrmand.[2]  Federal Rule of Evidence 615 expressly vests that power in counsel for parties that are not natural persons, such as counsel for Counterclaim-Defendants.  *See* FED. R. EVID. 615.

Put simply, neither Counterclaim-Defendants, nor their counsel, violated the Federal Rules of Civil Procedure or the Federal Rules of Evidence.  Nor has Mr. Barton come even close to showing that Counterclaim-Defendants or their counsel abused the judicial process or perpetrated a fraud on the court, let alone provided clear and convincing evidence of bad faith.  As such, Mr. Barton's Motion should be swiftly rejected.

## CONCLUSION

For at least the reasons set forth herein, the Court should deny Mr. Barton's Motion.  The Court should also admonish Mr. Barton to refrain from filing further frivolous pleadings in this matter.  *See, e.g.*, *Hyacinth v. Loc. #3 IBEW*, No. 24-CV-7886, 2025 U.S. Dist. LEXIS 152416, at *9 (E.D.N.Y. Aug. 6, 2025).  To the extent Mr. Barton engages in any further such conduct, Counterclaim-Defendants reserve the right to seek appropriate relief, including under Federal Rule of Civil Procedure 11, the Court's inherent authority, or otherwise.

---

[2] To the extent that Mr. Barton contends that he has or had a right to attend depositions postdating his formal removal from the Board on August 2, 2025, such contention fails for the simple reason that "[t]here is no right for the public to attend a deposition or observe any part of the discovery process."  *Haidon v. Town of Bloomfield*, 552 F. Supp. 3d 265, 271 (D. Conn. 2021) (quoting *Equal Emp't Opportunity Comm'n v. Joslin Dry Goods Co.*, No. 5-CV-00177, 2006 U.S. Dist. LEXIS 60727, at *3 (D. Colo. Aug. 25, 2006)).

5

Respectfully Submitted,

_____

Michael J. Harris

**LAW OFFICE OF**
**MICHAEL J. HARRIS**
43 West 43rd Street, Suite 148
New York, NY 10036-7424
Telephone: (203) 231-7490
Email: michael.j.harris56@gmail.com

*Counsel for*
*Counterclaim-Defendants*

*Project Veritas and*
*Project Veritas Action Fund*

## CERTIFICATE OF SERVICE

The undersigned, Michael J. Harris, hereby certifies that a copy of Counterclaim-Defendants' BRIEF IN OPPOSITION TO JOSEPH J. BARTON'S MOTION FOR SANCTIONS was served on Joseph J. Barton via email to joebarton@comcast.net, joseph.barton@gc.nh.gov, and joseph.barton@leg.state.nh.us on August 26, 2025.

Michael J. Harris