**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

October 21, 2025

**VIA ECF**

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

>   Re: *Project Veritas et al. v. O'Keefe et al.*, No. 23-CV-04533-CS-AEK
>   (S.D.N.Y.)

Dear Judge Krause:

I write on behalf of Counterclaim-Defendants Project Veritas and Project Veritas Action Fund (collectively, "PV" or "Counterclaim-Defendants"), jointly with counsel for Counterclaim-Plaintiffs James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group (collectively, "Counterclaim-Plaintiffs"), in accordance with the Court's October 6, 2025 Order. (Dkt. 216).

## I. Counterclaim-Defendants' Position

The parties agree that depositions are complete. As for document discovery, despite multiple meet-and-confers, the parties have been unable to resolve several outstanding issues in Counterclaimants' production. For example, although PV requested the following documents before the close of fact discovery, these documents have still not been produced:

- Documents concerning Counterclaimants' alleged damages, including:
    - Documents concerning lost compensation, *e.g.*, Mr. O'Keefe's employment agreement with OMG, Mr. O'Keefe's OMG paystubs, and any other documents concerning Mr. O'Keefe's salary and benefits at OMG, as well as documents concerning OMG's fundraising from its inception through present, and documents concerning any other sources of income to Mr. O'Keefe or OMG, including, for example, advertisements;
    - Documents concerning lost economic opportunities;
    - Documents concerning loss of future earnings;
    - Documents concerning reputational harm; and
    - Documents concerning any claimed emotional distress, including, for example, documents sufficient to identify any and all medical and

- mental health practitioners with whom Mr. O'Keefe has discussed his mental and/or emotional health, and a copy of all the records of such medical and/or mental health consultations.
- Communications with third-parties, including:
  - Communications between Mr. O'Keefe and any person, including OMG, concerning Mr. O'Keefe's departure from PV, the formation of OMG, and any fundraising activities or other financing undertaken in connection with the formation of OMG; and
  - Communications between Mr. O'Keefe, on the one hand, and RC Maxwell, George Skakel, Dan Strack, Joseph Barton, Hannah Giles, Matthew Tyrmand, Barry Hinckley, Wendy and David Hersche (phonetic), John Garvey, Kyle Seraphin, Tom O'Hara, Ken Larrey, John Trainer (phonetic), John Thaler (phonetic), or Asha Bolton, on the other hand.
- Documents, communications, and things concerning O'Keefe's or OMG's social media posts related to this action, including a complete and unedited copy of any underlying video, audio, or other information included in such social media posts, such as deposition footage or transcripts, news articles, or other information included in such social media posts.

While Counterclaim-Defendants believe that an informal conference to address these issues may be necessary, Counterclaim-Defendants agree with Counterclaimants that any such conference may be more productive, and judicial economy served, if the conference is deferred to allow the parties to continue to work towards resolving these issues on their own. As such, Counterclaim-Defendants propose providing a further update to the Court on November 5, 2025.

## II. **Counterclaimants' Position**

Counterclaimants have completed all of their intended depositions. The parties are continuing to work through document production based on outstanding requests for production, all served prior to the close of fact discovery. Counterclaimants would prefer that the Court allow three to four weeks for the parties to continue to exchange documents in the hope that nearly all of the issues identified above and below can be resolved without the Court's involvement.

Although Counterclaimants would prefer not to burden the Court with the particulars until further work towards resolving these issues has occurred, Counterclaim-Defendants have not produced the following documents:

- Documents including Form 990s or other similar tax documentation filed with the Internal Revenue Service;
- Organizational documents including handbooks, Board meeting minutes, job descriptions, and policies;

- Documents including donor lists, donation information, and donor affiliation analysis;
- Documents related to security measures and confidentiality protocols;
- Internal communications related to communication related to organizational financial developments;
- Documents concerning non-disclosure agreements;
- Documents related to expenses, including credit card statements, specified receipts, invoices, and financial statements;
- Documents concerning unreleased publications;
- Documents and communications related to alleged false accusations; and
- Documents related to trademarked publications at issue.

Counterclaimants do not oppose Counterclaim-Defendants' request for an informal conference in accordance with Local Rule 37.2, although such a conference may be more productive if deferred for a couple of weeks.

Respectfully Submitted,

Michael J. Harris