

TEL (352) 335-0400
FAX (407) 209-3870
www.smartbizlaw.com

Jeff Childers, Esq.
*jchilders@smartbizlaw.com*

Nick Whitney, Esq.
*nwhitney@smartbizlaw.com*

Charlie Hardage, Esq.
*Of counsel*

November 5, 2025

<u>Via Electronic Filing</u>

Hon. Andrew E. Krause, U.S.M.J.
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Joint Discovery Status Report
      Case No.: 7:23-cv-04533
      *Project Veritas, et al. v. James O'Keefe, et al.*

Dear Judge Krause:

I write on behalf of Counterclaimants James O'Keefe ("O'Keefe") and O'Keefe Media Group ("OMG", and collectively, "Counterclaimants"), jointly with counsel for Counterclaim-Defendants, Project Veritas and Project Veritas Action Fund (collectively "Project Veritas" or "Counterclaim-Defendants"), in connection with Your Honor's Order [ECF No. 219] of October 22, 2025, requesting the parties submit a further status report by November 5, 2025, informing the Court of any remaining outstanding discovery disputes.

**Counterclaimants' Position**

**Document Production**

The issues addressed in the parties' joint letter filed on October 21, 2025 [ECF No. 218] are largely unresolved. Counterclaimants have produced additional documents, including Mr. O'Keefe's pay records and tax documents related to his compensation since separating from Project Veritas. Counterclaimants have also produced third-party communications between Mr. O'Keefe and the deponents in this case, and those between Mr. O'Keefe and Project Veritas' former Board members.

Counterclaimants have attempted to confer on these issues on two occasions by phone, in particular to address reciprocal requests following up on Project Veritas' deficient production of documents. On October 31, 2025, Project Veritas' counsel advised via email that Project Veritas was prepared to forego its outstanding requests for documents, with the caveat that Counterclaimants would be precluded from supporting their claims at trial using any documents not yet produced. Project Veritas also inquired whether Counterclaimants would withdraw their outstanding requests for documents. Counterclaimants informed Project Veritas that they were not willing to forego the outstanding document requests, and that Counterclaimants were preparing supplemental production. In response, on November 4, 2025, Project Veritas has taken the position that it "has already produced substantial documents, and we do not believe your client is entitled to anything more."

### Fees & Costs Related to the Emergency Relocation of Ben Wetmore's (Project Veritas' President) Deposition

Counterclaimants have also attempted to negotiate a resolution of the fees and costs awarded during the emergency hearing related to Mr. Wetmore's inability to travel to New York for his deposition [ECF No. 165 and 166]. On October 27, 2025, Counterclaimants provided an itemization of the fees and costs incurred in relation to the undersigned's trip to New York in anticipation of Mr. Wetmore's in-person deposition on June 5 and 6, 2025. On October 31, 2025, Project Veritas requested the underlying receipts for the expenses reflected in the Counterclaimants' itemization, which Counterclaimants promptly provided.

Project Veritas has not made any counteroffer, and Counterclaimants request the Court's involvement to determine an appropriate award of fees and costs.

### Counterclaim-Defendants' Position

Counterclaim-Defendants maintain that it is Counterclaimants' burden to show that the documents that they seek are relevant to these proceedings, and that Counterclaimants have failed to meet this burden, particularly in view of the fact that many of the claims once part of this action are no longer at issue, and many of Counterclaimants' outstanding requests for production have no relation to any remaining claims. *See, e.g.*, *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010) ("The burden of demonstrating relevance is on the party seeking discovery"). Counterclaim-Defendants further maintain that Counterclaim-Defendants have made multiple efforts to meet-and-confer with Counterclaimants to resolve the alleged deficiencies in Counterclaim-Defendants' production, to no avail. Even their position above fails to explain what discovery Counterclaimants believe to be outstanding, and why this Court should order such discovery, notwithstanding that this Court likely lacks jurisdiction over this case. It is well-

established that "[i]n every federal case the [C]ourt must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Krebs v. Estate of Estate of Krebs*, No. 14-CV-1408, 2015 U.S. Dist. LEXIS 58565, at *4 (E.D. Mo. May 5, 2015). Put differently, the Court "must be sure of its own jurisdiction before getting to the merits." *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 333 (4th Cir. 2001).

Counterclaim-Defendants further dispute that this Court ever "awarded" any "fees and costs" related to Mr. Wetmore's inability to travel to New York for his deposition for medical reasons. Rather, the Court encouraged the parties to work this issue out on their own. Counterclaim-Defendants remain willing to do so, but, in the interim, Counterclaim-Defendants dispute all fees and costs sought by Counterclaimants.

Counterclaim-Defendants have sought to reduce the burden of this litigation on this Court since the agreed-upon dismissal of Counterclaim-Defendants' claims on March 18, 2025. (*See* Dkt. 140). Nonetheless, Counterclaimants have repeatedly sought to weaponize this litigation against Counterclaim-Defendants to argue, and seek discovery on, issues unrelated to any viable claim in this case. The Court should not countenance this practice, which is wasteful of both the Court's and the parties' resources.

\* \* \*

The parties are available to further address the issues raised above.

Regards,

*/s/ Nick P Whitney/*

Nick Whitney, Esq.

cc:   all counsel of record via CM/ECF