IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PROJECT VERITAS *et al.*,

    *Counterclaim-Defendants,*

  *v.*

JAMES O'KEEFE *et al.*,

    *Counterclaimants.*

No. 7:23-CV-04533-CS-AEK

**PV'S REPLY BRIEF IN FURTHER
SUPPORT OF PV'S MOTION TO DISMISS**

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................. 1

CONCLUSION ............................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Messenger v. Gruner + Jahr Printing & Publ'g*,
 94 N.Y.2d 436 (2000) .................................................................................................. 2, 4

*O'Rear v. Diaz*,
 No. 24-CV-1669, 2025 U.S. Dist. LEXIS 47253
 (S.D.N.Y. Mar. 14, 2025) .................................................................................................. 3

*Royal Canin U.S.A., Inc. v. Wullschleger*,
 604 U.S. 22 (2025) ................................................................................................... 2, 3, 4

**Statutes**

28 U.S.C. § 1367(a) ............................................................................................................. 3

**Rules**

Fed. R. Civ. P. 41(a)(1)(A)(ii) ............................................................................................ 1

Fed. R. Civ. P. 41(a)(2) ...................................................................................................... 2

Counterclaim-Defendants Project Veritas and Project Veritas Action Fund (collectively, "PV") hereby file this Reply Brief in Further Support of PV's Motion to Dismiss the state law counterclaims of Counterclaimants James O'Keefe and Transparency 1, LLC d/b/a O'Keefe Media Group (collectively, "Counterclaimants" or "O'Keefe"). For at least the reasons set forth herein, and in PV's Opening Brief in Support of PV's Motion to Dismiss. (Dkt. 217),[1] the Court should grant PV's Motion and dismiss Counterclaimants' state law counterclaims for lack of subject-matter jurisdiction.

## ARGUMENT

The parties agreed to the voluntary dismissal of PV's claims against O'Keefe on March 18, 2025, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* Dkt. 140). O'Keefe contends that, PV, "having initiated this federal litigation, cannot now invoke its own voluntary dismissal – two years after filing its Complaint – as a gambit to divest this Court of jurisdiction." (Dkt. 220 at 10). Borrowing language from the Court – which already held that O'Keefe's conduct since the agreed upon voluntary dismissal was likely "a stratagem to avoid dismissal" of O'Keefe's own claims (Dkt. 217-1 at 18) – O'Keefe goes on to argue that PV is engaged in a "stratagem" to "defeat the same federal jurisdiction it invoked in bringing this case in May 2023." (Dkt. 220 at 10). O'Keefe neglects to mention the basis for PV's original

---

[1] PV incorporates by reference, in full, its Opening Brief in Support of PV's Motion to Dismiss.

1

claims – he was stealing donor information from PV (Dkt. 1; Dkt. 16; *see also* Dkt. 51) – or that O'Keefe agreed to the very dismissal of PV's claims, which he now appears to challenge. (*See* Dkt. 140). And, he neglects to mention how he vigorously pursued his own claims – at least one of which (*hint*: "publication of private facts"), some might say, would lessen First Amendment protections in the State of New York.[2]

"*Veritas*" means "*truth*," and here it is: *O'Keefe is wrong*. Regardless of the merits of PV's original claims – which were more than well-founded – O'Keefe agreed to their dismissal. (*See id.*). In doing so, O'Keefe necessarily agreed that this case should be dismissed because once a plaintiff "has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing – and [28 U.S.C.] §1367(a) does not authorize a federal court to resolve them." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025). It is particularly telling that, at the March 10, 2025 status conference, when PV announced its intention to withdraw its claims, the Magistrate Judge hinted that he might understand why O'Keefe would not agree to dismissal if such dismissal would impair the Court's jurisdiction. (*See* Mar. 10, 2025 Min. Ent.). But again, O'Keefe nonetheless agreed to voluntary dismissal. (*See* Dkt. 140). And, if O'Keefe wanted to oppose dismissal of PV's claims, he could have done so pursuant to Federal Rule of Civil Procedure 41(a)(2). He chose not to do so, instead choosing to engage in extensive – and punishing – discovery on claims that

---

[2] "New York does not recognize a common-law right of privacy." *Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 441 (2000).

he knew were likely to be dismissed and issues that he knew had no bearing on such claims even if they were not dismissed – such as the intimate conversations between husband and wife. (*See* Tr. of Dep. of Unidentified Witness).

O'Keefe cites to *O'Rear v. Diaz* as having "a procedural history remarkably similar to the present action," (Dkt. 220 at 11 (citing *O'Rear v. Diaz*, No. 24-CV-1669, 2025 U.S. Dist. LEXIS 47253, at *4 (S.D.N.Y. Mar. 14, 2025)), but nothing can be further from the truth. *O'Rear* dealt with a motion to amend to divest the *O'Rear* court of jurisdiction. No such motion is present here. Yet again, O'Keefe agreed to the voluntary dismissal of PV's claims on March 18, 2025 – exactly eight months ago. (*See* Dkt. 140). That alone renders *O'Rear* distinguishable. It also bears reiterating that the expenditure of resources since March 18, 2025 – about which O'Keefe now complains – was the product of his own doing.

While O'Keefe seeks to distinguish *Royal Canin* as addressing a case – purportedly unlike this one – as "still in the early stages of pleading, without discovery having commenced, much less depositions complete and discovery closed," (Dkt. 220 at 10-11), this argument similarly fails. *First*, discovery is still open – the Magistrate Judge issued a scheduling order just yesterday to address outstanding discovery issues on December 17, 2025 (Dkt. 222), *after* this Court is set to decide PV's motion to dismiss. (*See* Sept. 22, 2025 Min. Ent. (bench ruling scheduled for December 12, 2025)). *Second*, and perhaps more importantly, even if discovery were not still open, that would not matter. The Supreme Court in *Royal Canin* interpreted 28 U.S.C. § 1367(a) and, again, held in no uncertain terms, that once a plaintiff "has

3

ditched all claims involving federal questions, the leftover state claims are supplemental to nothing – and §1367(a) does not authorize a federal court to resolve them." *Royal Canin*, 604 U.S. at 34. Thus, the status of discovery is irrelevant.

O'Keefe's remaining arguments likewise fail. Even if the Court were to assume that it had discretion to retain jurisdiction – an assumption that *Royal Canin* counsels against – none of O'Keefe's arguments would warrant retaining supplemental jurisdiction. Judicial economy would certainly not be served by retaining supplemental jurisdiction. Quite the opposite, retention would force PV to file a detailed motion to dismiss – which it previously attempted to do on April 11, 2025 (Dkt. 144) – and litigate what are tantamount to frivolous claims. As the Court has already acknowledged, if the Court grants PV's motion to dismiss on jurisdictional grounds, the Court will have "saved that work." (Dkt. 217 at 14). Nor does "convenience" or "fairness" require retention. There is nothing convenient or fair about forcing PV to defend against frivolous claims. And, while O'Keefe claims that "[t]here are no novel or complex state law questions requiring specialized state court expertise," (Dkt. 220 at 17), his assertion is belied by the fact that his entire case since PV dismissed its claims has been based on the alleged "publication of private facts," (*e.g.*, Dkt. 176), which, for good First Amendment reasons, is likely not a valid claim in the State of New York. *See, e.g.*, *Messenger*, 94 N.Y.2d at 441.

In short, O'Keefe's state law claims should be dismissed because this Court lacks subject-matter jurisdiction. Further, even if the Court concluded that it possessed discretion to retain supplemental jurisdiction over O'Keefe's state law

4

claims, the Court should decline to exercise such discretion because all of the factors that courts consider in determining whether to exercise such discretion weigh heavily in favor of dismissal. In either case, the outcome is the same: *O'Keefe's state law claims must be dismissed.*

## CONCLUSION

For at least the reasons set forth herein, PV respectfully requests that the Court grant PV's motion and dismiss this case for lack of subject-matter jurisdiction.

Respectfully Submitted,

_____

Michael J. Harris

**LAW OFFICE OF**
**MICHAEL J. HARRIS**
43 West 43rd Street, Suite 148
New York, NY 10036-7424
Telephone: (203) 231-7490
Email: michael.j.harris56@gmail.com

*Counsel for*
*Counterclaim-Defendants*

*Project Veritas and*
*Project Veritas Action Fund*

5

## CERTIFICATE OF WORD COUNT

The undersigned, Michael J. Harris, hereby certifies that this brief complies with the Individual Rules of Practice of Judge Seibel, as well as Local Rule 7.1(c), in that this brief contains a total of 1,344 words, including footnotes.

_____

Michael J. Harris